JUDGE FORREST

**14 CV 8733**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

THERESA A. EVANS; GERALD J. ARCEMENT
AND BEVERLY ARCEMENT; GERALD BIBBY;
HUGH BONNAR AND NANCY BONNAR;
WRETHA BOWLES, individually and as the
proposed administratrix of GLENNA L. BOWLES,
deceased; KENNETH BOWLING, JR., individually
and as the proposed administrator of TERESA J.
BOWLING, deceased; MARY R. BOZARTH;
ALMA J. BROWN, individually and as the proposed
administratrix of WILLIAM E. BROWN, deceased;
ANDREW J. COFELICE AND CAROL COFELICE;
ANITA M. COLEMAN AND ULYSEE COLEMAN,
JR.; JILL CROWDING, individually and as the
proposed administratrix of ROBERT D. CROWDING,
deceased; ELIZABETH M. DAVIDSON;
RAYMOND L. DRAHOS AND ALLISHA
DRAHOS; JOHN ECKER AND FANNY ECKER;
VERA M. EVANS AND RICHARD EVANS;
GEORGIANA FONTENOT; DANNY E. FOX AND
VINYL FOX; GASTON L. GHEGAN AND
GIOVANNA GHEGAN; LINDA L. GIBSON; SAM
J. GOLDSBERRY AND MARY GOLDSBERRY;
SHIRLEY GOUDREAULT; RONALD R.
GUTRIDGE; AUDU HAMED AND BAHIYA
HAMED; RONALD J. HART; ROBIN M. HAYES,
individually and as the proposed administratrix of
DAVID W. HAYES, deceased; BETTY LOU S.
HOOVER AND DAVID A. HOOVER; AVERY Q.
HOVIS AND TAMMY HOVIS; DENNIS HOWELL
AND PAULINE HOWELL; GWENDOLYN D.
JACKSON AND RONALD JACKSON; LARRY N.
JOHNSON AND DOROTHY JOHNSON; PAULA
L. JOHNSON; BRENDA B. JORDAN; THOMAS
KING AND DONNA KING; WAVERLY B.
LEDBETTER AND JOANN LEDBETTER;
BERNICE MAYEUX AND CLARENCE
MAYEUX; WILLIAM R. MCLUCKIE; CHARLES
F. NOVITSKI AND MARILYN E. NOVITSKI;
LESA SCIONEAUX, , individually and as the
proposed administratrix of MICHELLE R. PARRIA,
deceased; GRACE M. PEEK; WALTER A.
PORTERFIELD; ANNETTE SEARGEANT,
individually and as the proposed administratrix of

: CASE NUMBER:
:
:
:
:
: COMPLAINT AND DEMAND
: FOR JURY TRIAL
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:



RECEIVED
NOV 03 2014
U.S.D.C. S.D. N.Y.
CASHIERS

OLA J. RATLEDGE, deceased; HISAN                    :
RICHARDSON, individually and as the personal       :
representative of MARY G. RICHARDSON,               :
deceased; JOSEPH S. ROBINSON AND CATHEY            :
M. ROBINSON; THELMA ROGERS, individually          :
and as the proposed administratrix of ROY J.       :
ROGERS, deceased; GRACIE M. SEATS; TERRY          :
A. SHELTON, individually and as the proposed       :
administrator of CLOCHETTA S. SHELTON,             :
deceased; EVELYN M. SNELL; HAROLD L.              :
STOCKSTILL AND SACHIKO STOCKSTILL;                :
MARICELA G. SUAREZ, individually and as the        :
proposed administratrix of RICARDO C. SUAREZ,      :
deceased; CARMELA TAYLOR; MARVIN L.               :
TODD AND MARY TODD; VALERIE J. VAN RY,           :
individually and as the proposed administratrix of  :
RICHARD E. VAN RY, deceased; WANDA W.             :
VENTRES; STEPHEN L. WARGO individually and        :
as the administrator of LINDA K. WARGO,           :
deceased; RANAE WILEY, individually and as the     :
proposed administratrix of FRANCIS W. WILEY,       :
deceased; GERALDINE JACKSON; ANNE                 :
CAFFYN AND MICHAEL CAFFYN; NANCY                  :
BLAINE, individually and as the proposed           :
administratrix of VIOLA FAGANS, deceased;          :
TYRONE FURMAN; DARRIA BROWN,                      :
individually and as the proposed administratrix of  :
BETHEL C. BROWN, deceased; HARRY E.               :
GREENE; WILLIAM HANSEN AND COLLEEN                :
HANSEN; JAMES KILLAM individually and as the       :
proposed administrator of ALINE KILLAM,            :
deceased; LARRY HATCH; GEOFFREY T.               :
HILDRETH; ROBERT HILL AND HELEN HILL;             :
RUSSELL R. HUSKEY AND LORRI HUSKEY;               :
KENNETH R. KELLER; WARREN M. KELLOGG;             :
ERNEST W. KITCHEN AND THERESA                     :
KITCHEN; RICHARD L. KNIGHT; JERRY L.              :
LEDBETTER AND SUSAN LEDBETTER;                    :
MICHAEL LEWANDOWSKI; MINNIE LILLEY;               :
PENNY C. LIVINGSTON AND SCOTT                     :
LIVINGSTON; LAVONNA L. MAYS; MELVIN               :
MCCROSKY; EVERETT M. MCPIKE AND RUBY             :
MCPIKE; JEFFRY J. MENGEL; REYNOLD                :
MOHAMMED AND CLARICE MOHAMMED;                    :
CHARLES G. CHELEDEN, individually and as the       :
administrator of JAMES G. NORMAN, deceased;        :

2

HOWARD L. PHILLIPS AND MARTHA                    :
PHILLIPS; LINDA F. PHILLIPS AND DARRELL          :
G. PHILLIPS; PATRICIA G. PLEDGER;                :
DEBORAH A. DUBE, individually and as the         :
proposed administratrix of NORMA M. RICHARD,     :
deceased; MIGUEL A. RIVAS AND BLANCA             :
RIVAS; AMBER RAMIREZ individually and as the     :
proposed administratrix of GWENDOLYN             :
MACKLIN, deceased; ROSE CREIGHTON;               :
CATHERINE PARSON; BETTY L. SIMPSON;              :
RUTH E. SLYE AND THOMAS SLYE JR.;                :
WILLIAM WAIBEL, individually and as the          :
proposed administrator of SHIRLEY WAIBEL;        :
BRANDON C. SMITH; CHARLES W. SWEENEY;            :
CAROL WATSON, individually and as the executrix  :
of ARBRA D. WATSON; ZILPHA S. TOUCHON            :
AND PATRICK TOUCHTON; PEGGY TURNER;              :
BOBBY J. WALKER; BRENDA L. WOOLLS,               :
individually and as the executor of STEPHEN J.   :
WOOLLS; PRESTON C. WOOTEN AND LINDA              :
WOOTON; VAN R. YOUNG AND SHERRY                  :
YOUNG; MICHELE A. REDMOND; MARVIN E.             :
DEPUY AND LAUREEN DEPUY; MICHAEL J.              :
LAROCCO AND KATHY LAROCCO; BILL                  :
GILLIAM, , individually and as the proposed      :
administrator of THOMAS E. GILLIAM; RUBY         :
SMITH, individually and as the proposed          :
administratrix of JERRY ALDAY; NANCY A.          :
DAVIE; KARL A. LITZAU AND PATRICIA               :
LITZAU;  PAMELA L. BEAZLEY; KENNETH B.           :
MUMAW AND GWEN MUMAW; JEREMY C.                  :
ROBINSON, individually and as the proposed       :
administrator of DENNIS E. ROBINSON; JOAN        :
FREER, individually and as the proposed          :
administrator of CLIFFORD W. FREER; DEIDRA       :
GARRETT, individually and as the proposed        :
administratrix of JOSEPH E. GARRETT; GLORIA      :
A. FREEMAN, individually and as the proposed     :
administratrix of DORIS MAE FREEMAN;             :
ANDREA MAZEN, individually and as the            :
administrator of ANTHONY F. DIVON; SAMUEL        :
D. TOLBERT; DONNA R. HAUGHTON AND                :
JAMES C HAUGHTON; JUDY M. MARTIN;                :
MONTIE G. SLAUGHTER AND LEETTA L                 :
SLAUGHTER; BRIAN BELLAND; THOMAS E.              :
MAY; LILYAN WOLBERG; CAROL A. GAGNE              :

AND REAL GAGNE; GAIL STEVENSON,                          :
individually and as the proposed administratrix of       :
ROBERT C. STEVENSON, deceased; LARRY E.                  :
UNDERKOFFLER AND DEBBIE                                   :
UNDERKOFFLER; RONALD H. FLETCHER AND                     :
MARILYN FLETCHER; ELLIOT WALLS,                          :
individually and as the proposed administrator of        :
ELLIOT COLLIER, deceased; RICHARD RIENER,                :
individually and as the proposed administrator of        :
CLEONE A. RIENER, deceased; ALICE G.                     :
MEADORS; GENE E. TAYLOR AND KRYSTAL                      :
M TAYLOR; JUDY C. PIERCE; LUIS                           :
RODRIGUEZ, individually and as the proposed              :
administrator of NORMA I. OSTOLAZA, deceased;            :
JAMES R. EKSTROM AND JOYCE EKSTROM;                      :
KIMBERLY SCIROCCO AND FRANK                              :
SCIROCCO; RICHARD W. BEGANDY AND LILA                   :
V BEGANDY; ROBERT W. KERBOW AND                          :
KIMBERLY D KERBOW; WILLIAM E. REAGAN;                    :
DEBORAH L. ROGERS; EDWIN A. ORTIZ AND                    :
NITZA AVILES; SAMANTHA J. MILLER;                        :
BYRON O. RICARD AND CARLA RICARD;                        :
HARRY M. STEWART AND BARBARA J                           :
STEWART; GEORGE SHURRUSH AND                             :
SALIMEH SHURRUSH; CLINTON D. RAMEY                       :
AND MARIETTA S RAMEY; TERRANCE                           :
PARKS; PHILIP A. GOIN; OLIVER L. FELTON                  :
AND DORTHEA FELTON; KERRY L. PARKER                      :
AND GREGORY S. PARKER; VERLA MAE                         :
CLAGHORN; DONALD W. BEENE AND ELLEN                      :
C BEENE; WAYNE E. KEATEN; LONNIE B.                      :
DREXLER; WILLIAM SOMMERVILLE AND                         :
BARBARA W. SOMMERVILLE; TODD W.                          :
BRADLEY AND CATHY BRADLEY; JAMES D.                      :
PEACE AND BRENDA PEACE; MARILYN J.                       :
YEAGER-SEWELL AND GENE E. SEWELL;                        :
RICK W. HASKETT AND CHRISTINE M.                         :
HASKETT; JUAN G. MARTINEZ AND GLENNA                     :
U. MARTINEZ; WILLIE L. BOOKER; EULA J.                   :
HARRIS, individually and as the proposed                 :
administrator of AUBREY R. HARRIS, deceased;             :
CHARLOTTE  WALLER, individually and as the               :
proposed administrator of PAUL H. WALLER,                :
deceased; KATHLEEN W. REGISTER; CRAIG T.                 :
SEWARD; DOROTHY C. ANDREWS; GEORGE                       :
ANESGART AND JUDITH ANESGART;                            :

SHANNON S. BRAWLEY AND WALTER                    :
BRAWLEY; JAMES W. KIMBERLY AND JULIA             :
M KIMBERLY; TIMOTHY SPRINGS;                     :
KATHERINE GAMBLE, individually and as the        :
proposed administrator of WILLIAM GAMBLE,        :
deceased; BERNADETTE J. BENSON; CARRIE A.        :
WILLIAMS AND PLES WILLIAMS;                      :
BERNADETTE A. YARNELL, individually and as       :
the proposed administrator of ELOISE B. WIGAL,   :
deceased; HERBERT R. LUSINSKI; JUDITH M.         :
CAZZETTO; JOHN BARBARO and STEPHANIE             :
BARBARO; RONALD MILLER and TAMMIE O.             :
MILLER; PAMELA FROST, individually and as the    :
executor of RICHARD B. ARNOLD, deceased;         :X
SANDRA K. KORANEK; DONALD M.
HAMILTON and NORMA J. HAMILTON; JIMMY
R. DEARMON; RODNEY D. QUALLS and
JUANITA A. QUALLS; KATHERINE PIERCE;
OMA L. WADDELL; LILLIAN R. COTTER;
CHARLOTTE H. GRANT; JOE GUTIERREZ,
individually and as the personal representative of
MERCEDES GUTIERREZ, deceased; JOHN W.
THARP, individually and as the executor of SARAH
B. THARP, deceased; SINOLA FORTENBERRY;
WILLIAM D. WOMACK; JERRY O. TUCKER; JO
ANN HALE; CHRISTOPHER J. DEROSA;
MICHAEL A. BOVA; BARBARA J.
LESCHANDER and GARALD LESCHANDER;
DIANNE MULLINAX, individually and as the
personal representative of EARL T. MULLINAX,
deceased; BELIA CUELLAR; MARSHA L. MICK
and LARRY N. MICK; DEBORAH A. BOLDEN;
DONALD WIREMAN and MARY V. WIREMAN;
THOMAS J. MILLER, individually and as the
proposed administrator of ALEXIS M. MILLER,
deceased; STEVEN A. MINER and BARBARA
MINER; EUGENE G. LA BORIE and DOREEN A.
LICAYAN; RICHARD L. LAYTON and TRACY
LAYTON; ALFRED R. HARRISON; TOM C.
JOHNSTON, individually and as the proposed
administrator of ALICE E. JOHNSTON, deceased;
RANDALL L. LYNCH and ANNE H. LYNCH;
DARRELL D. STEINER and KAREN STEINER;
ROY R. FIELDS and RHONDA L. FIELDS;
KENNETH D. KORACH and SHIRLEY J.
KORACH; BETTY MORETTO and RICHARD

5

MORETTO; BILLY R. CALLOWAY; EILEEN C.
HEDDEN; FRED SIERRA; LARRY E. JONES and
JOYCE M. JONES; JERRY L. CASEY and JUNE
CASEY; THERESA RYAN; ANNETTE
IACOVELLI, individually and as the proposed
administratrix of EDWARD P. IACOVELLI,
deceased; ROBERTA ROSEN, individually and as
the proposed administratrix of JOEL B. ROSEN,
deceased; MADELINE F. GOLDSTEIN; CRAIG
FASLER and KATHY FASLER; MICHELLE
MARCIE, individually and as the proposed
administratrix of CHARLES J. HUTCHESON,
deceased; LINDA F. HOWTON and DAVID R.
HOWTON; WALTRIEL S. CRUM; JESSE COOK;
GERALD C. SHORT and DONNA M. SHORT;
LARRY C. HUDNALL; HARVEY M. HILVITZ and
SANDRA K. HILVITZ; GEORGE M. MORRIS;
BARBARA J. QUIRK and JOHN QUIRK; JERRY
D. DEESE and JANIE F. DEESE; HERBERT R.
GRAY; STEVE CANNON and MONICA
CANNON; RICHARD T. CONLON and CAROLE
CONLON; JAMES D. ROSE and NANCY ROSE;
STEPHANIE L. SOUTH; WILLIAM A. FLOYD and
CHERYL FLOYD; CHARLES W. DENMEAD and
ROBIN DENMEAD; ANTHONY M. MAJAHAD
and DORRY MAJAHAD; JOHN C. COLE and
MARILYN COLE; DENNIS M. HAVER;
MICHAEL E. DINAN and LANA L. DINAN;
HERBERT J. GRAY and MELINDA H. GRAY;
CURECLE B. EDWARDS; DONNA FUTRELL,
individually and as the proposed administratrix of
JAMES E. FUTRELL, deceased; GARY
DIMATTIA; JOSEPH F. KANE and WENDY
KANE; DORA E. HORVAT; CECELIA A.
TROTTER and DONALD R. TROTTER;
KENNETH D. KOVACH and SHIRLEY J.
KOVACH; DONALD R. CONNER; GASPAR P.
SANCHEZ and CARMEN PEREZ; TERESA J.
HUDSON; JANICE D. CASE and CHESTER D.
CASE; PATRICIA BRENDLEN; JIMMY E.
JORDAN and DEBBIE JORDAN; JERRY A.
HARGIS, individually and as the proposed
administrator of LORRI M. HARGIS, deceased;
SHARON BARRETT; CAROLYN M. WILEY and
LARRY D. WILEY; NAOMI M. COOK and
GEORGE NOSSEK; LOUIS PISANO and ANGELA

PISANO;

*Plaintiffs,*

-against-

BRISTOL-MYERS SQUIBB COMPANY,
SANOFI-AVENTIS U.S., INC.,
SANOFI US SERVICES INC.,
SANOFI-SYNTHELABO, INC.,

*Defendants.*
-------------------------------------------------------------------

## COMPLAINT

Plaintiffs, by and through their attorneys, Napoli Bern Ripka Shkolnik & Associates,

LLP, allege upon information and belief, as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this civil action pursuant to 28 United State Code

§1332, in that Plaintiffs are citizens of a State, which is difference from the State where

Defendants are incorporated and have their principal place of business.

2.      The amount in controversy exceeds the sum or value of SEVENTY-FIVE

THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

3.      Venue is properly set in New York County as this is the County where one of the

parties, specifically BRISTOL-MYERS SQUIBB COMPANY, maintains its principal office.

## DEFINITIONS

4.      As used herein, "Ingesting Plaintiff" shall mean to refer to the Plaintiff that Ingested

Plavix.

5.      As used herein, "Spouse Plaintiff" shall mean to refer to the spouse of the Ingesting Plaintiff.

6.      As used herein, "Decedent" shall mean to refer to the Plaintiff that has passed away after ingesting Plavix.

7.      As used herein, "Administrator" shall mean to refer to the proposed administrator and/or executor and/or personal representative of the Decedent.

8.      The Ingesting Plaintiffs, Spouse Plaintiffs, Decedents, and Administrators will be collectively referred to as "Plaintiffs" in this Complaint.

## PARTY PLAINTIFFS

9.      Ingesting Plaintiff, Theresa A. Evans, a natural person, is a citizen and resident of the State of Illinois.  Theresa A. Evans, currently, and at all times material to this complaint, resides at 9250 South Dauphin Avenue Apt. 1N, Chicago, IL 60619.

10.     Theresa A. Evans' injuries were caused by his usage of Plavix.

11.      As more particularly pled below, Theresa A. Evans maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

12.     Ingesting Plaintiff, Gerald J. Arcement, a natural person is a citizen and resident of the State of Louisiana. Gerald J. Arcement, currently, and at all times material to this complaint, resides at 33 Zion Street, Kenner, LA 70065.

13.     Ingesting Plaintiff Gerald J. Arcement's injuries were caused by the usage of Plavix.

14.     As more particularly pled below, aforementioned Ingesting Plaintiff, Gerald J.
Arcement, maintains that Plavix defectively designed, inadequately tested, dangerous to human
health, and lacked proper warnings as to the dangers associated with its use.

15.     Spouse Plaintiff, Beverly Arcement, is a natural person and spouse of Ingesting
Plaintiff Gerald J. Arcement.

16.     Ingesting Plaintiff, Gerald Bibby, a natural person is a citizen and resident of the State
of Georgia. Gerald Bibby, currently, and at all times material to this complaint, resides at 113
Beth Page Road, Thomasville, GA 31792.

17.     Ingesting Plaintiff Gerald Bibby's injuries were caused by the usage of Plavix.

18.     As more particularly pled below, aforementioned Ingesting Plaintiff, Gerald Bibby,
maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and
lacked proper warnings as to the dangers associated with its use.

19.     Ingesting Plaintiff, Hugh Bonnar, a natural person is a citizen and resident of the State
of Arizona. Hugh Bonnar, currently, and at all times material to this complaint, resides at 895
South 230th Avenue, Buckeye, AZ 85326.

20.     Ingesting Plaintiff Hugh Bonnar's injuries were caused by the usage of Plavix.

21.     As more particularly pled below, aforementioned Ingesting Plaintiff, Hugh Bonnar,
maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and
lacked proper warnings as to the dangers associated with its use.

22.     Spouse Plaintiff, Nancy Bonnar, is a natural person and spouse of Ingesting Plaintiff
Hugh Bonnar.

23.     Administrator, Wretha Bowles, individually and as proposed administratrix on behalf
of Glenna L. Bowles, deceased, is a natural citizen and resident of the State of West Virginia and

is the daughter of Decedent Bowles. Wretha Bowles, currently, and at all times material to this complaint, resides at 146 Washington Avenue, Oak Hill, WV 25901.

24.     Decedent Glenna L. Bowles's injuries were caused by the usage of Plavix.

25.     As more particularly pled below, aforementioned Administrator, Wretha Bowles, individually and as proposed administratrix on behalf of Glenna L. Bowles, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

26.     Administrator, Kenneth Bowling, Jr., individually and as proposed administrator on behalf of Teresa J. Bowling, deceased, is a natural person is a citizen and resident of the State of Kentucky. Kenneth Bowling, Jr., currently, and at all times material to this complaint, resides at 4856 South Highway 421, Manchester, KY 40962.

27.     Decedent Teresa J. Bowling's injuries were caused by the usage of Plavix.

28.     As more particularly pled below, aforementioned Administrator, Kenneth Bowling, Jr., individually and as proposed administrator of Teresa J. Bowling, deceased, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

29.     Ingesting Plaintiff, Mary R. Bozarth, a natural person is a citizen and resident of the State of New Jersey. Mary R. Bozarth, currently, and at all times material to this complaint, resides at 350 New York Avenue, Columbus, NJ 08022.

30.     Ingesting Plaintiff Mary R. Bozarth's injuries were caused by the usage of Plavix.

31.     As more particularly pled below, aforementioned Ingesting Plaintiff, Mary R. Bozarth, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

10

32.     Administrator, Alma J. Brown, individually and as proposed administratrix on behalf of William E. Brown, deceased, is a natural citizen and resident of the State of Colorado and is the spouse of Decedent Brown. Alma J. Brown, currently, and at all times material to this complaint, resides at 1998 58th Lane, Boone, CO 81025.

33.     Decedent William E. Brown's injuries were caused by the usage of Plavix.

34.     As more particularly pled below, aforementioned Administrator, Alma J. Brown, individually and as proposed administratrix on behalf of William E. Brown, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

35.     Ingesting Plaintiff, Andrew J. Cofelice, a natural person is a citizen and resident of the State of Massachusetts. Andrew J. Cofelice, currently, and at all times material to this complaint, resides at 122 Milford Street, Medway, MA 02053.

36.     Ingesting Plaintiff Andrew J. Cofelice's injuries were caused by the usage of Plavix.

37.     As more particularly pled below, aforementioned Ingesting Plaintiff, Andrew J. Cofelice, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

38.     Spouse Plaintiff, Carol Cofelice, is a natural person and spouse of Ingesting Plaintiff Andrew J. Cofelice.

39.     Ingesting Plaintiff, Anita M. Coleman, a natural person is a citizen and resident of the State of Virginia. Anita M. Coleman, currently, and at all times material to this complaint, resides at 1148 Coomerce Avenue, Chesapeake, VA 23324.

40.     Ingesting Plaintiff Anita M. Coleman's injuries were caused by the usage of Plavix.

41.     As more particularly pled below, aforementioned Ingesting Plaintiff, Anita M. Coleman, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

42.     Spouse Plaintiff, Ulysee Coleman, Jr., is a natural person and spouse of Ingesting Plaintiff Anita M. Coleman.

43.     Administrator, Jill Crowding, individually and as proposed administratrix on behalf of, Robert D. Crowding, deceased, is a natural person is a citizen and resident of the State of Pennsylvania. Jill Crowding, currently, and at all times material to this complaint, resides at 2413 South 62nd Street, Philadelphia, PA 19142.

44.     Decedent Robert D. Crowding's injuries were caused by the usage of Plavix.

45.     As more particularly pled below, aforementioned Administrator, Jill Crowding, individually and as proposed administratrix on behalf of Robert D. Crowding, deceased, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

46.     Administrator, Jill Crowding, is a natural person and spouse of Decedent Robert D. Crowding.

47.     Ingesting Plaintiff, Elizabeth M. Davidson, a natural person is a citizen and resident of the State of Arizona. Elizabeth M. Davidson, currently, and at all times material to this complaint, resides at 3525 North Stone Avenue #313, Tucson, AZ 85705.

48.     Ingesting Plaintiff Elizabeth M. Davidson's injuries were caused by the usage of Plavix.

49.     As more particularly pled below, aforementioned Ingesting Plaintiff, Elizabeth M. Davidson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

50.     Ingesting Plaintiff, Raymond L. Drahos, a natural person is a citizen and resident of the State of Georgia. Raymond L. Drahos, currently, and at all times material to this complaint, resides at 124 Second Street Apt 39, Winder, GA 30680.

51.     Ingesting Plaintiff Raymond L. Drahos's injuries were caused by the usage of Plavix.

52.     As more particularly pled below, aforementioned Ingesting Plaintiff, Raymond L. Drahos, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

53.     Spouse Plaintiff, Allisha Drahos, is a natural person and spouse of Ingesting Plaintiff Raymond L. Drahos.

54.     Ingesting Plaintiff, John Ecker, a natural person is a citizen and resident of the State of Texas. John Ecker, currently, and at all times material to this complaint, resides at 311 Ruth Drive, Hewitt, TX 76643.

55.     Ingesting Plaintiff John Ecker's injuries were caused by the usage of Plavix.

56.     As more particularly pled below, aforementioned Ingesting Plaintiff, John Ecker, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

57.     Spouse Plaintiff, Fanny Ecker, is a natural person and spouse of Ingesting Plaintiff John Ecker.

58.     Ingesting Plaintiff, Vera M. Evans, a natural person is a citizen and resident of the State of West Virginia. Vera M. Evans, currently, and at all times material to this complaint, resides at 310 Sand Street, Ravenswood, WV 26164.

59.     Ingesting Plaintiff Vera M. Evans's injuries were caused by the usage of Plavix.

60.     As more particularly pled below, aforementioned Ingesting Plaintiff, Vera M. Evans, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

61.     Spouse Plaintiff, Richard Evans, is a natural person and spouse of Ingesting Plaintiff Vera M. Evans.

62.     Ingesting Plaintiff, Georgiana Fontenot, a natural person is a citizen and resident of the State of Louisiana. Georgiana Fontenot, currently, and at all times material to this complaint, resides at 520 North 12th Street, Eunice, LA 70535.

63.     Ingesting Plaintiff Georgiana Fontenot's injuries were caused by the usage of Plavix.

64.     As more particularly pled below, aforementioned Ingesting Plaintiff, Georgiana Fontenot, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

65.     Ingesting Plaintiff, Danny E. Fox, a natural person is a citizen and resident of the State of California. Danny E. Fox, currently, and at all times material to this complaint, resides at 2220 Clenaga Street #26, Oceano, CA 93445.

66.     Ingesting Plaintiff Danny E. Fox's injuries were caused by the usage of Plavix.

67.     As more particularly pled below, aforementioned Ingesting Plaintiff, Danny E. Fox, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

68.     Spouse Plaintiff, Vinyl Fox, is a natural person and spouse of Ingesting Plaintiff Danny E. Fox.

69.     Ingesting Plaintiff, Gaston L. Ghegan, a natural person is a citizen and resident of the State of Pennsylvania. Gaston L. Ghegan, currently, and at all times material to this complaint, resides at 101 Pond Drive West, Matamoras, PA 18336.

70.     Ingesting Plaintiff Gaston L. Ghegan's injuries were caused by the usage of Plavix.

71.     As more particularly pled below, aforementioned Ingesting Plaintiff, Gaston L. Ghegan, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

72.     Spouse Plaintiff, Giovanna Ghegan, is a natural person and spouse of Ingesting Plaintiff Gaston L. Ghegan.

73.     Ingesting Plaintiff, Linda L. Gibson, a natural person is a citizen and resident of the State of Kentucky. Linda L. Gibson, currently, and at all times material to this complaint, resides at 52 Apartment Drive, Apt. 12, South Shore, KY 41175.

74.     Ingesting Plaintiff Linda L. Gibson's injuries were caused by the usage of Plavix.

75.     As more particularly pled below, aforementioned Ingesting Plaintiff, Linda L. Gibson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

76.     Ingesting Plaintiff, Sam J. Goldsberry, a natural person is a citizen and resident of the State of Indiana. Sam J. Goldsberry, currently, and at all times material to this complaint, resides at 426 South California Street, Galveston, IN 46932.

77.     Ingesting Plaintiff Sam J. Goldsberry's injuries were caused by the usage of Plavix.

78.     As more particularly pled below, aforementioned Ingesting Plaintiff, Sam J. Goldsberry, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

79.     Spouse Plaintiff, Mary Goldsberry, is a natural person and spouse of Ingesting Plaintiff Sam J. Goldsberry.

80.     Ingesting Plaintiff, Shirley Goudreault, a natural person is a citizen and resident of the State of Massachusetts. Shirley Goudreault, currently, and at all times material to this complaint, resides at 117 Beach Road, Salisbury, MA 01952.

81.     Ingesting Plaintiff Shirley Goudreault's injuries were caused by the usage of Plavix.

82.     As more particularly pled below, aforementioned Ingesting Plaintiff, Shirley Goudreault, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

83.     Ingesting Plaintiff, Ronald R. Gutridge, a natural person is a citizen and resident of the State of Tennessee. Ronald R. Gutridge, currently, and at all times material to this complaint, resides at 4418 Nails Creek Road, Rockford, TN 37853.

84.     Ingesting Plaintiff Ronald R. Gutridge's injuries were caused by the usage of Plavix.

85.     As more particularly pled below, aforementioned Ingesting Plaintiff, Ronald R. Gutridge, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

86.     Ingesting Plaintiff, Audu Hamed, a natural person is a citizen and resident of the State of Connecticut. Audu Hamed, currently, and at all times material to this complaint, resides at 200 Blakeslee Street  Apt 211, Bristol, CT 06010.

87.     Ingesting Plaintiff Audu Hamed's injuries were caused by the usage of Plavix.

88.     As more particularly pled below, aforementioned Ingesting Plaintiff, Audu Hamed, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

89.     Spouse Plaintiff, Bahiya Hamed, is a natural person and spouse of Ingesting Plaintiff Audu Hamed.

90.     Ingesting Plaintiff, Ronald J. Hart, a natural person is a citizen and resident of the State of Arizona. Ronald J. Hart, currently, and at all times material to this complaint, resides at 11811 Arabian Lane, Apt. 3, Dewey, AZ 86327.

91.     Ingesting Plaintiff Ronald J. Hart's injuries were caused by the usage of Plavix.

92.     As more particularly pled below, aforementioned Ingesting Plaintiff, Ronald J. Hart, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

93.     Administrator, Robin M. Hayes, individually and as proposed administratrix on behalf of David W. Hayes, deceased, is a natural person is a citizen and resident of the State of New York and is the spouse of Decedent David W. Hayes. Robin M. Hayes, currently, and at all times material to this complaint, resides at 12 Campground Road Apt. 2, Woodbourne, NY 12788.

94.     Decedent David W. Hayes's injuries were caused by the usage of Plavix.

95.     As more particularly pled below, aforementioned Administrator, Robin M. Hayes, individually and as proposed administratrix on behalf of David W. Hayes, deceased, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

96.     Administrator, Robin M Hayes, is a natural person and spouse of Decedent David W. Hayes.

97.     Ingesting Plaintiff, Betty Lou S. Hoover, a natural person is a citizen and resident of the State of Florida. Betty Lou S. Hoover, currently, and at all times material to this complaint, resides at 811 Aspen Drive, Lakeland, FL 33815.

98.     Ingesting Plaintiff Betty Lou S. Hoover's injuries were caused by the usage of Plavix.

99.     As more particularly pled below, aforementioned Ingesting Plaintiff, Betty Lou S. Hoover, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

100.    Spouse Plaintiff, David A Hoover, is a natural person and spouse of Ingesting Plaintiff Betty Lou S. Hoover.

101.    Ingesting Plaintiff, Avery Q. Hovis, a natural person is a citizen and resident of the State of Missouri. Avery Q. Hovis, currently, and at all times material to this complaint, resides at 22038 Chestnut Ridge, Farmington, MO 63640.

102.    Ingesting Plaintiff Avery Q. Hovis's injuries were caused by the usage of Plavix.

103.    As more particularly pled below, aforementioned Ingesting Plaintiff, Avery Q. Hovis, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

104.    Spouse Plaintiff, Tammy Hovis, is a natural person and spouse of Ingesting Plaintiff Avery Q. Hovis.

105.    Ingesting Plaintiff, Dennis Howell, a natural person is a citizen and resident of the State of Ohio. Dennis Howell, currently, and at all times material to this complaint, resides at 4224 Sandy Lane Road, Columbus, OH 43224.

18

106.   Ingesting Plaintiff Dennis Howell's injuries were caused by the usage of Plavix.

107.   As more particularly pled below, aforementioned Ingesting Plaintiff, Dennis Howell, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

108.   Spouse Plaintiff, Pauline Howell, is a natural person and spouse of Ingesting Plaintiff Dennis Howell.

109.   Ingesting Plaintiff, Gwendolyn D. Jackson, a natural person is a citizen and resident of the State of Virginia. Gwendolyn D. Jackson, currently, and at all times material to this complaint, resides at 2500 Markham Street, Portsmouth, VA 23707.

110.   Ingesting Plaintiff Gwendolyn D. Jackson's injuries were caused by the usage of Plavix.

111.   As more particularly pled below, aforementioned Ingesting Plaintiff, Gwendolyn D. Jackson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

112.   Spouse Plaintiff, Ronald Jackson, is a natural person and spouse of Ingesting Plaintiff Gwendolyn D. Jackson.

113.   Ingesting Plaintiff, Larry N. Johnson, a natural person is a citizen and resident of the State of Texas. Larry N. Johnson, currently, and at all times material to this complaint, resides at 18180 County Road 442, Windale, TX 75771.

114.   Ingesting Plaintiff Larry N. Johnson's injuries were caused by the usage of Plavix.

115.   As more particularly pled below, aforementioned Ingesting Plaintiff, Larry N. Johnson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

116.     Spouse Plaintiff, Dorothy Johnson, is a natural person and spouse of Ingesting Plaintiff Larry N. Johnson.

117.     Ingesting Plaintiff, Paula L. Johnson, a natural person is a citizen and resident of the State of Louisiana. Paula L. Johnson, currently, and at all times material to this complaint, resides at 230 Amelia Lane, Boyce, LA 71409.

118.     Ingesting Plaintiff Paula L. Johnson's injuries were caused by the usage of Plavix.

119.     As more particularly pled below, aforementioned Ingesting Plaintiff, Paula L. Johnson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

120.     Ingesting Plaintiff, Brenda B. Jordan, a natural person is a citizen and resident of the State of Florida. Brenda B. Jordan, currently, and at all times material to this complaint, resides at 1004 Indian Trace Circle, Apartment 203, Riviera Beach, FL 33407.

121.     Ingesting Plaintiff Brenda B. Jordan's injuries were caused by the usage of Plavix.

122.     As more particularly pled below, aforementioned Ingesting Plaintiff, Brenda B. Jordan, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

123.     Ingesting Plaintiff, Thomas King, a natural person is a citizen and resident of the State of Texas. Thomas King, currently, and at all times material to this complaint, resides at 805 North Avenue K, Haskell, TX 79521.

124.     Ingesting Plaintiff Thomas King's injuries were caused by the usage of Plavix.

125.     As more particularly pled below, aforementioned Ingesting Plaintiff, Thomas King, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

126.    Spouse Plaintiff, Donna King, is a natural person and spouse of Ingesting Plaintiff Thomas King.

127.    Ingesting Plaintiff, Waverly B. Ledbetter, a natural person is a citizen and resident of the State of Tennessee. Waverly B. Ledbetter, currently, and at all times material to this complaint, resides at 219 North Crabtree Street, Jamestown, TN 38556.

128.    Ingesting Plaintiff Waverly B. Ledbetter's injuries were caused by the usage of Plavix.

129.    As more particularly pled below, aforementioned Ingesting Plaintiff, Waverly B. Ledbetter, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

130.    Spouse Plaintiff, JoAnn Ledbetter, is a natural person and spouse of Ingesting Plaintiff Waverly B. Ledbetter.

131.    Ingesting Plaintiff, Bernice Mayeux, a natural person is a citizen and resident of the State of Louisiana. Bernice Mayeux, currently, and at all times material to this complaint, resides at 12432 Cyndal Avenue, Baton Rouge, LA 70816.

132.    Ingesting Plaintiff Bernice Mayeux's injuries were caused by the usage of Plavix.

133.    As more particularly pled below, aforementioned Ingesting Plaintiff, Bernice Mayeux, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

134.    Spouse Plaintiff, Clarence Mayeux, is a natural person and spouse of Ingesting Plaintiff Bernice Mayeux.

135.    Ingesting Plaintiff, William R. McLuckie, a natural person is a citizen and resident of the State of New York. William R. McLuckie, currently, and at all times material to this complaint, resides at 2236 Jagow Road, Niagara Falls, NY 14304.

136.    Ingesting Plaintiff William R. McLuckie's injuries were caused by the usage of Plavix.

137.    As more particularly pled below, aforementioned Ingesting Plaintiff, William R. McLuckie, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

138.    Ingesting Plaintiff, Charles F. Novitski, a natural person is a citizen and resident of the State of Tennessee. Charles F. Novitski, currently, and at all times material to this complaint, resides at 143 Timber Ridge Road, Jonesborough, TN 37659.

139.    Ingesting Plaintiff Charles F. Novitski's injuries were caused by the usage of Plavix.

140.    As more particularly pled below, aforementioned Ingesting Plaintiff, Charles F. Novitski, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

141.    Spouse Plaintiff, Marilyn E Novitski, is a natural person and spouse of Ingesting Plaintiff Charles F. Novitski.

142.    Administrator, Lesa Scioneaux, individually and as proposed administratrix on behalf of, Michelle R. Parria, deceased, is a natural person is a citizen and resident of the State of Louisiana. Lesa Scioneaux, currently, and at all times material to this complaint, resides at 5120 TApp Street, Lafitte, LA 70057.

143.    Decedent Michelle R. Parria's injuries were caused by the usage of Plavix.

144.    As more particularly pled below, aforementioned Administrator, Lesa Scioneaux, individually and as proposed administratrix on behalf of Michelle R. Parria, deceased, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

145.    Ingesting Plaintiff, Grace M. Peek, a natural person is a citizen and resident of the State of Tennessee. Grace M. Peek, currently, and at all times material to this complaint, resides at 2500 Solon Jared Road, Cookeville, TN 38506.

146.    Ingesting Plaintiff Grace M. Peek's injuries were caused by the usage of Plavix.

147.    As more particularly pled below, aforementioned Ingesting Plaintiff, Grace M. Peek, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

148.    Ingesting Plaintiff, Walter A. Porterfield, a natural person is a citizen and resident of the State of Alaska. Walter A. Porterfield, currently, and at all times material to this complaint, resides at 2600 Happy Lane #30, Anchorage, AK 99507.

149.    Ingesting Plaintiff Walter A. Porterfield's injuries were caused by the usage of Plavix.

150.    As more particularly pled below, aforementioned Ingesting Plaintiff, Walter A. Porterfield, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

151.    Administrator, Annette Seargeant, individually and as proposed administratrix on behalf of Ola Ratledge, deceased, is a natural citizen and resident of the State of Tennessee and is the daughter of Decedent Ratledge. Annette Seargeant, currently, and at all times material to this complaint, resides at 133 Morning Pointe Lane, Athens, TN 37303.

152.    Decedent Ola Ratledge's injuries were caused by the usage of Plavix.

153.     As more particularly pled below, aforementioned Administrator, Arnette Seargeant, individually and as proposed administratrix on behalf of Ola Ratledge, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

154.     Administrator, Hisan Richardson, individually and as personal representative on behalf of Mary G. Richardson, deceased, is a natural person is a citizen and resident of the State of New Jersey and is the daughter of Decedent Mary G. Richardson. Hisan Richardson, currently, and at all times material to this complaint, resides at 1121 Cobble Creek Circle, Cherry Hill, NJ 08003.

155.     Decedent Mary G. Richardson's injuries were caused by the usage of Plavix.

156.     As more particularly pled below, aforementioned Administrator, Hisan Richardson, individually and as personal representative on behalf of Mary G. Richardson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

157.     Ingesting Plaintiff, Joseph S. Robinson, a natural person is a citizen and resident of the State of Tennessee. Joseph S. Robinson, currently, and at all times material to this complaint, resides at 3825 Rowland Mill Road, Buena Vista, TN 38313.

158.     Ingesting Plaintiff Joseph S. Robinson's injuries were caused by the usage of Plavix.

159.     As more particularly pled below, aforementioned Ingesting Plaintiff, Joseph S. Robinson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

160.     Spouse Plaintiff, Cathey M Robinson, is a natural person and spouse of Ingesting Plaintiff Joseph S. Robinson.

24

161.    Administrator, Thelma F. Rogers, individually and as proposed administratrix on behalf of Roy J. Rogers, deceased, is a natural citizen and resident of the State of North Carolina and is the spouse of Decedent Rogers. Thelma F. Rogers, currently, and at all times material to this complaint, resides at 310 Gourd Hill Road, Wallace, NC 28466.

162.    Decedent Roy J. Rogers' injuries were caused by the usage of Plavix.

163.    As more particularly pled below, aforementioned Administrator, Thelma F. Rogers, individually and as proposed administratrix on behalf of Roy F. Rogers, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

164.    Ingesting Plaintiff, Gracie M. Seats, a natural person is a citizen and resident of the State of Tennessee. Gracie M. Seats, currently, and at all times material to this complaint, resides at 1825 6th Avenue North, Nashville, TN 37208.

165.    Ingesting Plaintiff Gracie M. Seats' injuries were caused by the usage of Plavix.

166.    As more particularly pled below, aforementioned Ingesting Plaintiff, Gracie M. Seats, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

167.    Administrator, Terry A. Shelton, individually and as proposed administrator on behalf of Clochetta S. Shelton, deceased, is a natural citizen and resident of the State of Tennessee and is the spouse of Decedent Shelton. Terry A. Shelton, currently, and at all times material to this complaint, resides at 3004 Beechmist Way, Antioch, TN 37013.

168.    Decedent Clochetta S. Shelton's injuries were caused by the usage of Plavix.

169.    As more particularly pled below, aforementioned Administrator, Terry A. Shelton, individually and as proposed administrator on behalf of Clochetta S. Shelton, deceased maintains

25

that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked

proper warnings as to the dangers associated with its use.

170.    Administrator, Terry A. Shelton, is a natural person and spouse of Decedent

Clochetta S. Shelton.

171.    Ingesting Plaintiff, Evelyn M. Snell, a natural person is a citizen and resident of the

State of Virginia. Evelyn M. Snell, currently, and at all times material to this complaint, resides

at 532 Heacox Road, Newport News, VA 23608.

172.    Ingesting Plaintiff Evelyn M. Snell's injuries were caused by the usage of Plavix.

173.    As more particularly pled below, aforementioned Ingesting Plaintiff, Evelyn M. Snell,

maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and

lacked proper warnings as to the dangers associated with its use.

174.    Ingesting Plaintiff, Harold L. Stockstill, a natural person is a citizen and resident of

the State of Texas. Harold L. Stockstill, currently, and at all times material to this complaint,

resides at 5200 Keller Springs Road, #314, Dallas, TX 75248.

175.    Ingesting Plaintiff Harold L. Stockstill's injuries were caused by the usage of Plavix.

176.    As more particularly pled below, aforementioned Ingesting Plaintiff, Harold L.

Stockstill, maintains that Plavix defectively designed, inadequately tested, dangerous to human

health, and lacked proper warnings as to the dangers associated with its use.

177.    Spouse Plaintiff, Sachiko Stockstill, is a natural person and spouse of Ingesting

Plaintiff Harold L. Stockstill.

178.    Administrator, Maricela G. Suarez, individually and as proposed administratrix on

behalf of Ricardo C. Suarez, deceased, is a natural citizen and resident of the State of Texas and

is the spouse of Decedent Suarez. Maricela G. Suarez, currently, and at all times material to this complaint, resides at 13920 Holly County Road, Lyford, TX 78569.

179.   Decedent Ricardo C. Suarez's injuries were caused by the usage of Plavix.

180.   As more particularly pled below, aforementioned Administrator, Maricela G. Suarez, individually and as proposed administratrix on behalf of Ricardo C. Suarez, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

181.   Ingesting Plaintiff, Carmela Taylor, a natural person is a citizen and resident of the State of Virginia. Carmela Taylor, currently, and at all times material to this complaint, resides at P.O. Box 398, Ridgeway, VA 24148.

182.   Ingesting Plaintiff Carmela Taylor's injuries were caused by the usage of Plavix.

183.   As more particularly pled below, aforementioned Ingesting Plaintiff, Carmela Taylor, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

184.   Ingesting Plaintiff, Marvin L. Todd, a natural person is a citizen and resident of the State of Alabama. Marvin L. Todd, currently, and at all times material to this complaint, resides at 174 Flint Rock Road, Toxey, AL 36921.

185.   Ingesting Plaintiff Marvin L. Todd's injuries were caused by the usage of Plavix.

186.   As more particularly pled below, aforementioned Ingesting Plaintiff, Marvin L. Todd, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

187.   Spouse Plaintiff, Mary Todd, is a natural person and spouse of Ingesting Plaintiff Marvin L. Todd.

188.    Administrator, Valerie J. Van Ry, individually and as proposed administratrix on behalf of Richard E. Van Ry, deceased, is a natural citizen and resident of the State of Texas and is the spouse of Decedent Van Ry. Valerie J. Van Ry, currently, and at all times material to this complaint, resides at 2645 FM 1395, Wills Point, TX 75169.

189.    Decedent Richard E. Van Ry's injuries were caused by the usage of Plavix.

190.    As more particularly pled below, aforementioned Administrator, Valerie J. Van Ry, individually and as proposed administratrix on behalf of Richard E. Van Ry, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

191.    Ingesting Plaintiff, Wanda W. Ventres, a natural person is a citizen and resident of the State of Alaska. Wanda W. Ventres, currently, and at all times material to this complaint, resides at 5453 Camelot Drive, Anchorage, AK 99508.

192.    Ingesting Plaintiff Wanda W. Ventres's injuries were caused by the usage of Plavix.

193.    As more particularly pled below, aforementioned Ingesting Plaintiff, Wanda W. Ventres, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

194.    Administrator, Stephen L. Wargo, individually and as administrator on behalf of Linda K. Wargo, deceased, is a natural person is a citizen and resident of the State of Pennsylvania and is the spouse of Decedent Linda K. Wargo. Stephen L. Wargo, currently, and at all times material to this complaint, resides at 328 West Pine Street, Mahanoy City, PA 17948.

195.    Decedent Linda K. Wargo's injuries were caused by the usage of Plavix.

196.    As more particularly pled below, aforementioned Administrator, Stephen L. Wargo, individually and as administrator on behalf of Linda K. Wargo, deceased, maintains that Plavix

defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

197.    Administrator, Stephen L. Wargo, is a natural person and spouse of Decedent Linda K. Wargo.

198.    Administrator, Ranae Wiley, individually and as proposed administratrix on behalf of Francis W. Wiley, deceased, is a natural citizen and resident of the State of Missouri and is the spouse of Decedent Wiley. Ranae Wiley, currently, and at all times material to this complaint, resides at 13525 Live Oak Way, Desoto, MO 63020.

199.    Decedent Francis W. Wiley's injuries were caused by the usage of Plavix.

200.    As more particularly pled below, aforementioned Administrator, Ranae Wiley, individually and as proposed administratrix on behalf of Francis W. Wiley, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

201.    Ingesting Plaintiff, Geraldine Jackson, a natural person, is a citizen and resident of Cook County.  Currently, and at all times material to this complaint, Geraldine Jackson resides at 5527 West Iowa Street, Chicago, IL 60651.  Geraldine Jackson was sold Plavix in Cook County, and was treated in Cook County for her injuries arising from the ingestion of Plavix.

202.    Geraldine Jackson's injuries were caused by his usage of Plavix.

203.     As more particularly pled below, Geraldine Jackson maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

204.    Ingesting Plaintiff, Anne Caffyn, a natural person is a citizen and resident of the State of New Jersey. Anne Caffyn, currently, and at all times material to this complaint, resides at 5 Wolfhill Avenue, Oceanport, NJ 07757.

205.    Ingesting Plaintiff Anne Caffyn's injuries were caused by the usage of Plavix.

206.    As more particularly pled below, aforementioned Ingesting Plaintiff, Anne Caffyn, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

207.    Spouse Plaintiff, Michael Caffyn, is a natural person and spouse of Ingesting Plaintiff Anne Caffyn.

208.    Administrator, Nancy Blaine, individually and as proposed administratrix on behalf of, Viola Fagans, deceased, is a natural person is a citizen and resident of the State of South Carolina and is the daughter of Decedent Viola Fagans. Nancy Blaine, currently, and at all times material to this complaint, resides at 634 W. Heatherstone Lane, Roebuck, SC 29376.

209.    Decedent Viola Fagans' injuries were caused by the usage of Plavix.

210.    As more particularly pled below, aforementioned Administrator, Nancy Blaine, individually and as proposed administratrix on behalf of Viola Fagans, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

211.    Ingesting Plaintiff, Tyrone B. Furman, a natural person is a citizen and resident of the State of Florida. Tyrone B. Furman, currently, and at all times material to this complaint, resides at 2301 Lilly Street, Lake Wales, FL 33853.

212.    Ingesting Plaintiff Tyrone B. Furman's injuries were caused by the usage of Plavix.

213.    As more particularly pled below, aforementioned Ingesting Plaintiff, Tyrone B. Furman, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

214.    Administrator, Darria Brown, individually and as proposed administratrix on behalf of Bethel C. Brown, deceased, is a natural citizen and resident of the State of Virginia and is the daughter of Decedent Brown. Darria Brown, currently, and at all times material to this complaint, resides at 509 North Azalea Road, Petersburg, VA 23805.

215.    Decedent Bethel C. Brown's injuries were caused by the usage of Plavix.

216.    As more particularly pled below, aforementioned Administrator, Darria Brown, individually and as proposed administratrix on behalf of Bethel C. Brown, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

217.    Ingesting Plaintiff, Harry E. Greene, a natural person is a citizen and resident of the State of Georgia. Harry E. Greene, currently, and at all times material to this complaint, resides at 1610 West Poplar Street, Griffin, GA 30224.

218.    Ingesting Plaintiff Harry E. Greene's injuries were caused by the usage of Plavix.

219.    As more particularly pled below, aforementioned Ingesting Plaintiff, Harry E. Greene, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

220.    Ingesting Plaintiff, William E. Hansen, a natural person is a citizen and resident of the State of Arizona. William E. Hansen, currently, and at all times material to this complaint, resides at 15757 N 90th Place #1137, Scottsdale, AZ 85260.

221.    Ingesting Plaintiff William E. Hansen's injuries were caused by the usage of Plavix.

222.    As more particularly pled below, aforementioned Ingesting Plaintiff, William E. Hansen, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

223.    Spouse Plaintiff, Colleen Hansen, is a natural person and spouse of Ingesting Plaintiff William E. Hansen.

224.    Decedent, James Killam, individually and as proposed administrator on behalf of Aline Killam, deceased, is a natural citizen and resident of the State of Florida and is the spouse of Decedent Killam. James Killam, currently, and at all times material to this complaint, resides at 10001 Palafox Highway, Pensacola, FL 32534.

225.    Decedent Aline Killam's injuries were caused by the usage of Plavix.

226.    As more particularly pled below, aforementioned Administrator, James Killam, individually and as proposed administrator on behalf of Aline Killam, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

227.    Ingesting Plaintiff, Larry Hatch, a natural person is a citizen and resident of the State of Alaska. Larry Hatch, currently, and at all times material to this complaint, resides at 1065 Old Badger Road, Northpole, AK 99705.

228.    Ingesting Plaintiff Larry Hatch's injuries were caused by the usage of Plavix.

229.    As more particularly pled below, aforementioned Ingesting Plaintiff, Larry Hatch, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

230.    Ingesting Plaintiff, Geoffrey T. Hildreth, a natural person is a citizen and resident of the State of New York. Geoffrey T. Hildreth, currently, and at all times material to this complaint, resides at 425 Glens Street, Apt. 2, Glens Falls, NY 12801.

231.    Ingesting Plaintiff Geoffrey T. Hildreth's injuries were caused by the usage of Plavix.

232.    As more particularly pled below, aforementioned Ingesting Plaintiff, Geoffrey T. Hildreth, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

233.    Ingesting Plaintiff, Robert Hill, a natural person is a citizen and resident of the State of Florida. Robert D. Hill, currently, and at all times material to this complaint, resides at 4780 Gopher Circle, Middleburg, FL 32068.

234.    Ingesting Plaintiff Robert Hill's injuries were caused by the usage of Plavix.

235.    As more particularly pled below, aforementioned Ingesting Plaintiff, Robert Hill, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

236.    Spouse Plaintiff, Helen Hill, is a natural person and spouse of Ingesting Plaintiff Robert Hill.

237.    Ingesting Plaintiff, Russell R. Huskey, a natural person is a citizen and resident of the State of Missouri. Russell R. Huskey, currently, and at all times material to this complaint, resides at 155 Wright Road, Reeds Spring, MO 65737.

238.    Ingesting Plaintiff Russell R. Huskey's injuries were caused by the usage of Plavix.

239.    As more particularly pled below, aforementioned Ingesting Plaintiff, Russell R. Huskey, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

240.    Spouse Plaintiff, Lorri Huskey, is a natural person and spouse of Ingesting Plaintiff Russell R. Huskey.

241.    Ingesting Plaintiff, Kenneth R. Keller, a natural person is a citizen and resident of the State of South Carolina. Kenneth R. Keller, currently, and at all times material to this complaint, resides at 905 Old Georgia Road, Moore, SC 29369.

242.    Ingesting Plaintiff Kenneth R. Keller's injuries were caused by the usage of Plavix.

243.    As more particularly pled below, aforementioned Ingesting Plaintiff, Kenneth R. Keller, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

244.    Ingesting Plaintiff, Warren M. Kellogg, a natural person is a citizen and resident of the State of Iowa. Warren M. Kellogg, currently, and at all times material to this complaint, resides at 518 Sumner Street, Cherokee, IA 51012.

245.    Ingesting Plaintiff Warren M. Kellogg's injuries were caused by the usage of Plavix.

246.    As more particularly pled below, aforementioned Ingesting Plaintiff, Warren M. Kellogg, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

247.    Ingesting Plaintiff, Ernest W. Kitchen, a natural person is a citizen and resident of the State of Florida. Ernest W. Kitchen, currently, and at all times material to this complaint, resides at 2537 Maitland Crossing Way 12-107, Orlando, FL 32810.

248.    Ingesting Plaintiff Ernest W. Kitchen injuries were caused by the usage of Plavix.

249.    As more particularly pled below, aforementioned Ingesting Plaintiff, Ernest W. Kitchen, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

34

250.    Spouse Plaintiff, Theresa E. Kitchen, is a natural person and spouse of Ingesting Plaintiff Ernest W. Kitchen.

251.    Ingesting Plaintiff, Richard L. Knight, a natural person is a citizen and resident of the State of Missouri. Richard L. Knight, currently, and at all times material to this complaint, resides at HCR 72 Box 230, Wasola, MO 65773.

252.    Ingesting Plaintiff Richard L. Knight's injuries were caused by the usage of Plavix.

253.    As more particularly pled below, aforementioned Ingesting Plaintiff, Richard L. Knight, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

254.    Ingesting Plaintiff, Jerry L. Ledbetter, a natural person is a citizen and resident of the State of Oklahoma. Jerry L. Ledbetter, currently, and at all times material to this complaint, resides at Route 6, P.O. Box 1165, Stilwell, OK 74960.

255.    Ingesting Plaintiff Jerry L. Ledbetter's injuries were caused by the usage of Plavix.

256.    As more particularly pled below, aforementioned Ingesting Plaintiff, Jerry L. Ledbetter, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

257.    Spouse Plaintiff, Susan Ledbetter, is a natural person and spouse of Ingesting Plaintiff Jerry L. Ledbetter.

258.    Ingesting Plaintiff, Michael E. Lewandowski, a natural person is a citizen and resident of the State of Illinois. Michael E. Lewandowski, currently, and at all times material to this complaint, resides at 60 West Terracotta Avenue, Suit B, Crystal Lake, IL 60014.

259.    Ingesting Plaintiff Michael E. Lewandowski's injuries were caused by the usage of Plavix.

260.    As more particularly pled below, aforementioned Ingesting Plaintiff, Michael E. Lewandowski, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

261.    Ingesting Plaintiff, Minnie Lilley, a natural person is a citizen and resident of the State of Florida. Minnie Lilley, currently, and at all times material to this complaint, resides at 900 North Halifax Ave., Apt. 2, Daytona Beach, FL 32118.

262.    Ingesting Plaintiff Minnie Lilley's injuries were caused by the usage of Plavix.

263.    As more particularly pled below, aforementioned Ingesting Plaintiff, Minnie Lilley, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

264.    Ingesting Plaintiff, Penny C. Livingston, a natural person is a citizen and resident of the State of Ohio. Penny C. Livingston, currently, and at all times material to this complaint, resides at 4215 North Park Avenue, Warren, OH 44483.

265.    Ingesting Plaintiff Penny C. Livingston's injuries were caused by the usage of Plavix.

266.    As more particularly pled below, aforementioned Ingesting Plaintiff, Penny C. Livingston, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

267.    Spouse Plaintiff, Scott Livingston, is a natural person and spouse of Ingesting Plaintiff Penny C. Livingston.

268.    Ingesting Plaintiff, LaVonna L. Mays, a natural person is a citizen and resident of the State of Oklahoma. LaVonna L. Mays, currently, and at all times material to this complaint, resides at P.O. Box 1614, Locust Grove, OK 74352.

269.    Ingesting Plaintiff LaVonna L. Mays' injuries were caused by the usage of Plavix.

36

270.    As more particularly pled below, aforementioned Ingesting Plaintiff, LaVonna L. Mays, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

271.    Ingesting Plaintiff, Melvin McCrosky, a natural person is a citizen and resident of the State of Ohio. Melvin McCrosky, currently, and at all times material to this complaint, resides at 1272 East 135 Street, East Cleveland, OH 44112.

272.    Ingesting Plaintiff Melvin McCrosky's injuries were caused by the usage of Plavix.

273.    As more particularly pled below, aforementioned Ingesting Plaintiff, Melvin McCrosky, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

274.    Ingesting Plaintiff, Everett M. McPike, a natural person is a citizen and resident of the State of Arkansas. Everett M. McPike, currently, and at all times material to this complaint, resides at 6114 West Republican Road, Jacksonville, AR 72076.

275.    Ingesting Plaintiff Everett M. McPike's injuries were caused by the usage of Plavix.

276.    As more particularly pled below, aforementioned Ingesting Plaintiff, Everett M. McPike, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

277.    Spouse Plaintiff, Ruby McPike, is a natural person and spouse of Ingesting Plaintiff Everett M. McPike.

278.    Ingesting Plaintiff, Jeffry J. Mengel, a natural person is a citizen and resident of the State of Missouri. Jeffry J. Mengel, currently, and at all times material to this complaint, resides at 7708 Locust Street, Kansas City, MO 64131.

279.    Ingesting Plaintiff Jeffry J. Mengel's injuries were caused by the usage of Plavix.

280.    As more particularly pled below, aforementioned Ingesting Plaintiff, Jeffry J. Mengel, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

281.    Ingesting Plaintiff, Reynold Mohammed, a natural person is a citizen and resident of the State of Florida. Reynold Mohammed, currently, and at all times material to this complaint, resides at 566 Bitterwood Court, Kissimee, FL 34743.

282.    Ingesting Plaintiff Reynold Mohammed's injuries were caused by the usage of Plavix.

283.    As more particularly pled below, aforementioned Ingesting Plaintiff, Reynold Mohammed, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

284.    Spouse Plaintiff, Clarice Mohammed, is a natural person and spouse of Ingesting Plaintiff Reynold Mohammed.

285.    Administrator, Charles G. Cheleden, individually and as administrator on behalf of James G. Norman, is a natural person is a citizen and has offices in the State of Pennsylvania and is the estate attorney. Charles G. Cheleden, currently, and at all times material to this complaint, has offices at 21 A East Ashland Street, Doylestown, PA 18901.

286.    Decedent James G. Norman's injuries were caused by the usage of Plavix.

287.    As more particularly pled below, aforementioned Administrator, Charles G. Cheleden, individually and as administrator on behalf of James G. Norman maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

288.    Ingesting Plaintiff, Howard L. Phillips, a natural person is a citizen and resident of the State of Florida. Howard L. Phillips, currently, and at all times material to this complaint, resides at 4380 286th Terrace, Brandford, FL 32008.

289.    Ingesting Plaintiff Howard L. Phillips' injuries were caused by the usage of Plavix.

290.    As more particularly pled below, aforementioned Ingesting Plaintiff, Howard L. Phillips, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

291.    Spouse Plaintiff, Martha Phillips, is a natural person and spouse of Ingesting Plaintiff Howard L. Phillips.

292.    Ingesting Plaintiff, Linda F. Phillips, a natural person is a citizen and resident of the State of Missouri. Linda F. Phillips, currently, and at all times material to this complaint, resides at Route 4 Box 4496, Piedmont, MO 63957.

293.    Ingesting Plaintiff Linda F. Phillips' injuries were caused by the usage of Plavix.

294.    As more particularly pled below, aforementioned Ingesting Plaintiff, Linda F. Phillips, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

295.    Spouse Plaintiff, Darrell G. Phillips, is a natural person and spouse of Ingesting Plaintiff Linda F. Phillips.

296.    Ingesting Plaintiff, Patricia G. Pledger, a natural person is a citizen and resident of the State of Alabama. Patricia G. Pledger, currently, and at all times material to this complaint, resides at 800 1/2 Highland Avenue, Jasper, AL 35501.

297.    Ingesting Plaintiff Patricia G. Pledger's injuries were caused by the usage of Plavix.

298.     As more particularly pled below, aforementioned Ingesting Plaintiff, Patricia G. Pledger, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

299.     Administrator, Deborah A. Dube, individually and as proposed administratrix on behalf of Norma M. Richard, deceased, is a natural person is a citizen and resident of the State of Masschusetts and is the daughter of Decedent Norma M. Richard. Deborah A. Dube, currently, and at all times material to this complaint, resides at 7 Sunset Avenue, Apt. 1, Athol, MA 01331.

300.     Decedent Norma M. Richard's injuries were caused by the usage of Plavix.

301.     As more particularly pled below, aforementioned Administrator, Deborah A. Dube, individually and as proposed administratrix on behalf of Norma M. Richard, deceased, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

302.     Ingesting Plaintiff, Miguel A. Rivas, a natural person is a citizen and resident of the State of Louisiana. Miguel A. Rivas, currently, and at all times material to this complaint, resides at 5431 North East 35th Street Lot #146, Silver Springs, FL 34488.

303.     Ingesting Plaintiff Miguel A. Rivas' injuries were caused by the usage of Plavix.

304.     As more particularly pled below, aforementioned Ingesting Plaintiff, Miguel A. Rivas, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

305.     Spouse Plaintiff, Blanca Rivas, is a natural person and spouse of Ingesting Plaintiff Miguel A. Rivas.

306.     Administrator, Amber Ramirez, individually and as proposed administratrix on behalf of Gwendolyn Macklin, deceased, is a natural citizen and resident of the State of Idaho and is the

granddaughter of Decedent Macklin. Amber Ramirez, currently, and at all times material to this complaint, resides at 303 East 1st Street #5, Fruitland, ID 83619.

307.    Decedent Gwendolyn Macklin's injuries were caused by the usage of Plavix.

308.    As more particularly pled below, aforementioned Administrator, Amber Ramirez, individually and as proposed administratrix on behalf of Gwendolyn Macklin, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

309.    Ingesting Plaintiff, Rose Creighton, a natural person, is a citizen and resident of Cook County.  Currently, and at all times material to this complaint, Rose Creighton resides at 2025 South 15th Avenue, Broadview, IL 60155.  Rose Creighton was sold Plavix in Cook County, and was treated in Cook County for her injuries arising from the ingestion of Plavix.

310.    Rose Creighton's injuries were caused by the usage of Plavix.

311.     As more particularly pled below, Rose Creighton maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

312.    Ingesting Plaintiff, Catherine Parson, a natural person is a citizen and resident of the State of New Jersey. Rose Creighton, currently, and at all times material to this complaint, resides at 6 Ball Street, New Brunswick, NJ 08901.

313.    Ingesting Plaintiff Catherine Parson's injuries were caused by the usage of Plavix.

314.    As more particularly pled below, aforementioned Ingesting Plaintiff, Catherine Parson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

315.     Ingesting Plaintiff, Betty L. Simpson, a natural person is a citizen and resident of the State of Arkansas. Betty L. Simpson, currently, and at all times material to this complaint, resides at 10215 Highway 70, Brinkley, AR 72021.

316.     Ingesting Plaintiff Betty L. Simpson's injuries were caused by the usage of Plavix.

317.     As more particularly pled below, aforementioned Ingesting Plaintiff, Betty L. Simpson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

318.     Ingesting Plaintiff, Ruth E. Slye, a natural person is a citizen and resident of the State of Connecticut. Ruth E. Slye, currently, and at all times material to this complaint, resides at 247 Brooklyn Road, Pomfret Center, CT 06259.

319.     Ingesting Plaintiff Ruth E. Slye's injuries were caused by the usage of Plavix.

320.     As more particularly pled below, aforementioned Ingesting Plaintiff, Ruth E. Slye, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

321.     Spouse Plaintiff, Thomas Slye Jr., is a natural person and spouse of Ingesting Plaintiff Ruth E. Slye.

322.     Administrator, William Waibel, individually and as proposed administrator on behalf of Shirley Waibel, deceased, is a natural citizen and resident of the State of California and is the spouse of Decedent Waibel. William Waibel, currently, and at all times material to this complaint, resides at 627 East Harvard Avenue, Fresno, CA 93704.

323.     Decedent Shirley Waibel's injuries were caused by the usage of Plavix.

324.     As more particularly pled below, aforementioned Administrator, William Waibel, individually and as proposed administrator on behalf of Shirley Waibel, deceased maintains that

42

Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

325.    Ingesting Plaintiff, Brandon C. Smith, a natural person is a citizen and resident of the State of Florida. Brandon C. Smith, currently, and at all times material to this complaint, resides at 101 North Amelia Avenue, Apt. 211, Deland, FL 32724.

326.    Ingesting Plaintiff Brandon C. Smith's injuries were caused by the usage of Plavix.

327.    As more particularly pled below, aforementioned Ingesting Plaintiff, Brandon C. Smith, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

328.    Ingesting Plaintiff, Charles W. Sweeney, a natural person is a citizen and resident of the State of Florida. Charles W. Sweeney, currently, and at all times material to this complaint, resides at 1064 North Tamiami Trail Lot 25, North Fort Myers, FL 33903.

329.    Ingesting Plaintiff Charles W. Sweeney's injuries were caused by the usage of Plavix.

330.    As more particularly pled below, aforementioned Ingesting Plaintiff, Charles W. Sweeney, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

331.    Administrator, Carol Watson, individually and as executrix on behalf of Arbra D. Watson, deceased, is a natural citizen and resident of the State of West Virginia and is the daughter of Decedent Watson. Carol Watson, currently, and at all times material to this complaint, resides at 1194 4-Mile Creek, Branchland, WV 25506.

332.    Decedent Arbra D. Watson's injuries were caused by the usage of Plavix.

333.    As more particularly pled below, aforementioned Administrator, Carol Watson, individually and as executrix on behalf of Arbra D. Watson, deceased maintains that Plavix

defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

334.    Ingesting Plaintiff, Zilpha S. Touchton, a natural person is a citizen and resident of the State of Florida. Zilpha S. Touchton, currently, and at all times material to this complaint, resides at 10330 Northeast 72nd Street, Bronson, FL 32621.

335.    Ingesting Plaintiff Zilpha S. Touchton's injuries were caused by the usage of Plavix.

336.    As more particularly pled below, aforementioned Ingesting Plaintiff, Zilpha S. Touchton, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

337.    Spouse Plaintiff, Patrick Touchton, is a natural person and spouse of Ingesting Plaintiff Andrew J. Cofelice.

338.    Ingesting Plaintiff, Peggy Turner, a natural person is a citizen and resident of the State of Arkansas. Peggy Turner, currently, and at all times material to this complaint, resides at P.O. Box 473, Masked Tree, AR 72365.

339.    Ingesting Plaintiff Peggy Turner's injuries were caused by the usage of Plavix.

340.    As more particularly pled below, aforementioned Ingesting Plaintiff, Peggy Turner, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

341.    Ingesting Plaintiff, Bobby J. Walker, a natural person is a citizen and resident of the State of Pennsylvania. Bobby J. Walker, currently, and at all times material to this complaint, resides at 626 South Austin Boulevard Apt. 1-J, Oakpark, IL 60304.

342.    Ingesting Plaintiff, Bobby J. Walker's injuries were caused by the usage of Plavix.

343.    As more particularly pled below, aforementioned Ingesting Plaintiff, , Bobby J. Walker, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

344.    Administrator, Brenda L. Woolls, individually and as executor on behalf of Decedent, Stephen J. Woolls, a natural person is a citizen and resident of the State of Virginia, and is the spouse of Decedent Stephen J. Wooll. Brenda L. Woolls, currently, and at all times material to this complaint, resides at 4125 Hazel River Drive, Boston, VA 22713.

345.    Decedent Stephen J. Woolls' injuries were caused by the usage of Plavix.

346.    As more particularly pled below, aforementioned Administrator, individually and as executor on behalf of Decedent, Stephen J. Woolls, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

347.    Administrator, Brenda L. Woolls, is a natural person and spouse of Decedent Stephen J. Woolls.

348.    Ingesting Plaintiff, Preston C. Wooten, a natural person is a citizen and resident of the State of Florida. Raymond L. Drahos, currently, and at all times material to this complaint, resides at P.O. Box 1454, Moore Haven, FL 33471.

349.    Ingesting Plaintiff Preston C. Wooten's injuries were caused by the usage of Plavix.

350.    As more particularly pled below, aforementioned Ingesting Plaintiff, Preston C. Wooten, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

351.    Spouse Plaintiff, Linda Wooten, is a natural person and spouse of Ingesting Plaintiff Preston C. Wooten.

352.    Ingesting Plaintiff, Van R. Young, a natural person is a citizen and resident of the State of Mississippi. Van R. Young, currently, and at all times material to this complaint, resides at 604 Wildwood Lane, Oxford, MS 38655.

353.    Ingesting Plaintiff Van R. Young's injuries were caused by the usage of Plavix.

354.    As more particularly pled below, aforementioned Ingesting Plaintiff, Van R. Young, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

355.    Spouse Plaintiff, Sherry Young, is a natural person and spouse of Ingesting Plaintiff Van R. Young.

356.    Ingesting Plaintiff, Michele A. Redmond, a natural person is a citizen and resident of the State of North Carolina. Michele A. Redmond, currently, and at all times material to this complaint, resides at 100 North Wentworth Drive, Mocksville, NC 27028.

357.    Ingesting Plaintiff Michele A. Redmond's injuries were caused by the usage of Plavix.

358.    As more particularly pled below, aforementioned Ingesting Plaintiff, Michele A. Redmond, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

359.    Ingesting Plaintiff, Marvin E. Depuy, a natural person is a citizen and resident of the State of New York. Marvin E. Depuy, currently, and at all times material to this complaint, resides at 561 Samsonville Road, Kerhonkson, NY 12446.

360.    Ingesting Plaintiff Marvin E. Depuy's injuries were caused by the usage of Plavix.

361.    As more particularly pled below, aforementioned Ingesting Plaintiff, Marvin E. Depuy t, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

362.    Spouse Plaintiff, Laureen Depuy, is a natural person and spouse of Ingesting Plaintiff Marvin E. Depuy.

363.    Ingesting Plaintiff, Michael J. LaRocco, a natural person is a citizen and resident of the State of Ohio. Michael J. LaRocco, currently, and at all times material to this complaint, resides at 36589 Westfield Drive, North Ridgeville, OH 44039.

364.    Ingesting Plaintiff Michael J. LaRocco injuries were caused by the usage of Plavix.

365.    As more particularly pled below, aforementioned Ingesting Plaintiff, Michael J. LaRocco, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

366.    Spouse Plaintiff, Kathy LaRocco, is a natural person and spouse of Ingesting Plaintiff Michael J. LaRocco.

367.    Administrator, Bill Gilliam, individually and as proposed administrator on behalf of, Thomas E. Gilliam, deceased, is a natural person is a citizen and resident of the State of North Carolina. Bill Gilliam, currently, and at all times material to this complaint, resides at 3701 Ashbrook Drive NW, Apt. 303, Wilson, North Carolina 27896.

368.    Decedent Thomas E. Gilliam's injuries were caused by the usage of Plavix.

369.    As more particularly pled below, aforementioned Administrator, Bill Gilliam, individually and as proposed administrator on behalf of, Thomas E. Gilliam, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

370.    Administrator Ruby Smith, individually and as proposed administratrix on behalf of Jerry E. Alday, is a natural person is a citizen and resident of the State of Florida. Ruby Smith, currently, and at all times material to this complaint, resides at 1767 Paths Lane, Westville, FL 32464.

371.    Decedent Jerry E. Alday's injuries were caused by the usage of Plavix.

372.    As more particularly pled below, aforementioned Administrator, Ruby Smith, individually and as proposed administratrix on behalf of Jerry E. Alday, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

373.    Ingesting Plaintiff, Nancy A. Davie, a natural person is a citizen and resident of the State of Florida. Nancy A. Davie, currently, and at all times material to this complaint, resides at 4818 Kempston Drive, Orlando, FL 32812

374.    Ingesting Plaintiff Nancy A. Davie's injuries were caused by the usage of Plavix.

375.    As more particularly pled below, aforementioned Ingesting Plaintiff, Nancy A. Davie, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

376.    Ingesting Plaintiff, Karl A. Litzau, a natural person is a citizen and resident of the State of Maryland. Karl A. Litzau, currently, and at all times material to this complaint, resides at 8407 Dogwood Road, Windsor Mill, MD 21244.

377.    Ingesting Plaintiff Karl A. Litzau's injuries were caused by the usage of Plavix.

378.    As more particularly pled below, aforementioned Ingesting Plaintiff, Karl A. Litzau, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

379.    Spouse Plaintiff, Patricia Litzau, is a natural person and spouse of Ingesting Plaintiff Karl A. Litzau.

380.    Ingesting Plaintiff, Pamela L. Beazley, a natural person is a citizen and resident of the State of Tennessee. Pamela L. Beazley, currently, and at all times material to this complaint, resides at 1040 Battery Lane, Nashville, TN 37220.

381.    Ingesting Plaintiff Pamela L. Beazley's injuries were caused by the usage of Plavix.

382.    As more particularly pled below, aforementioned Ingesting Plaintiff, Pamela L. Beazley, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

383.    Ingesting Plaintiff, Kenneth B. Mumaw, a natural person is a citizen and resident of the State of Maryland. Kenneth B. Mumaw, currently, and at all times material to this complaint, resides at 2174 Druid Park Drive, Baltimore, MD 21211.

384.    Ingesting Plaintiff Kenneth B. Mumaw's injuries were caused by the usage of Plavix.

385.    As more particularly pled below, aforementioned Ingesting Plaintiff, Kenneth B. Mumaw, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

386.    Spouse Plaintiff, Gwen Mumaw, is a natural person and spouse of Ingesting Plaintiff Kenneth B. Mumaw.

387.    Administrator, Jeremy C. Robinson, individually and as proposed administrator on behalf of Dennis E. Robinson, deceased, is a natural citizen and resident of the State of Missouri and is the son of Decedent Robinson. Jeremy C. Robinson, currently, and at all times material to this complaint, resides at 334 East Fir Street, Piedmont, MO 63957.

388.    Decedent Dennis E. Robinson's injuries were caused by the usage of Plavix.

49

389.     As more particularly pled below, aforementioned Administrator, Jeremy C. Robinson, individually and as proposed administrator on behalf of Dennis E. Robinson, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

390.     Administrator, Joan Freer, individually and as proposed administrator on behalf of Clifford W. Freer, deceased, is a natural citizen and resident of the State of Arizona and is the spouse of Decedent Freer. Joan Freer, currently, and at all times material to this complaint, resides at 78 Viscount Lane, Lake Havasu City, AZ 86403.

391.     Decedent Clifford W. Freer's injuries were caused by the usage of Plavix.

392.     As more particularly pled below, aforementioned Administrator, Joan Freer, individually and as proposed administrator on behalf of Clifford W. Freer, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

393.     Administrator, Deidra Garrett, individually and as proposed administrator on behalf of Joseph E. Garrett, deceased, is a natural citizen and resident of the State of Arizina and is the spouse of Decedent Garrett. Deidra Garrett, currently, and at all times material to this complaint, resides at 3015 East Snavely Avenue, Kingman, AZ 86409.

394.     Decedent Joseph E. Garrett's injuries were caused by the usage of Plavix.

395.     As more particularly pled below, aforementioned Administrator, Deidra Garrett, individually and as proposed administrator on behalf of Joseph E. Garrett, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

396. Administrator, Gloria A. Freeman, individually and as proposed administrator on behalf of Doris Mae Freeman, deceased, is a natural citizen and resident of the State of Georgia and is the daughter of Decedent Freeman. Gloria A. Freeman, currently, and at all times material to this complaint, resides at 490 East Jefferson Street, Madison, GA 30650.

397. Decedent Doris Mae Freeman's injuries were caused by the usage of Plavix.

398. As more particularly pled below, aforementioned Administrator, Gloria A. Freeman, individually and as proposed administrator on behalf of Doris Mae Freeman, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

399. Administrator, Andrea Mazen, individually and as administrator on behalf of Anthony F. Divon, deceased, is a natural citizen and resident of the State of Pennsylvania and is the daughter of Decedent Divon. Andrea Mazen, currently, and at all times material to this complaint, resides at 1915 East Orleans Street, Philadelphia, PA 19134.

400. Decedent Anthony F. Divon's injuries were caused by the usage of Plavix.

401. As more particularly pled below, aforementioned Administrator, Andrea Mazen, individually and as administrator on behalf of Anthony F. Divon, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

402. Ingesting Plaintiff, Samuel D. Tolbert, a natural person, is a citizen and resident of Cook County. Currently, and at all times material to this complaint, Samuel D. Tolbert resides at 2806 W. 64th Street, 1st Floor, Chicago, Illinois 60629. Samuel D. Tolbert was sold Plavix in Cook County, and was treated in Cook County for his injuries arising from the ingestion of Plavix.

403.    Samuel D. Tolbert's injuries were caused by his usage of Plavix.

404.    As more particularly pled below, Samuel D. Tolbert maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

405.    Ingesting Plaintiff, Donna R. Haughton, a natural person is a citizen and resident of the State of Alabama. Donna R. Haughton, currently, and at all times material to this complaint, resides at 116 Fairview Drive, Childersburg, Alabama 35044.

406.    Ingesting Plaintiff Donna R. Haughton's injuries were caused by the usage of Plavix.

407.    As more particularly pled below, aforementioned Ingesting Plaintiff, Donna R. Haughton, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

408.    Spouse Plaintiff, James C. Haughton, is a natural person and spouse of Ingesting Plaintiff Donna R. Haughton.

409.    Ingesting Plaintiff, Judy M. Martin, a natural person is a citizen and resident of the State of Arkansas. Judy M. Martin, currently, and at all times material to this complaint, resides at 208 S. 8th Street, #28, Rogers, Arkansas 72756.

410.    Ingesting Plaintiff Judy M. Martin's injuries were caused by the usage of Plavix.

411.    As more particularly pled below, aforementioned Ingesting Plaintiff, Judy M. Martin, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

412.    Ingesting Plaintiff Montie G. Slaughter, a natural person is a citizen and resident of the State of Arizona. Montie G. Slaughter, currently, and at all times material to this complaint, resides at 1919 S. Wranglers Way, Cottonwood, Arizona 86326.

413.    Ingesting Plaintiff Montie G. Slaughter's injuries were caused by the usage of Plavix.

414.    As more particularly pled below, aforementioned Ingesting Plaintiff, Montie G. Slaughter, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

415.    Spouse Plaintiff, LeEtta L. Slaughter, is a natural person and spouse of Ingesting Plaintiff Montie G. Slaughter.

416.    Ingesting Plaintiff, Brian Belland, a natural person is a citizen and resident of the State of Colorado. Brian Belland, currently, and at all times material to this complaint, resides at 15405 Curwood Drive, Colorado Springs, Colorado 80921.

417.    Ingesting Plaintiff Brian Belland's injuries were caused by the usage of Plavix.

418.    As more particularly pled below, aforementioned Ingesting Plaintiff, Brian Belland, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

419.    Ingesting Plaintiff, Thomas E. May, a natural person is a citizen and resident of the State of Florida. Thomas E. May, currently, and at all times material to this complaint, resides at 170 East Daisy Lane, Defuniak Springs, Florida 32433.

420.    Ingesting Plaintiff Thomas E. May's injuries were caused by the usage of Plavix.

421.    As more particularly pled below, aforementioned Ingesting Plaintiff, Thomas E. May, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

422.    Ingesting Plaintiff, Lilyan Wolberg, a natural person is a citizen and resident of the State of Florida. Lilyan Wolberg, currently, and at all times material to this complaint, resides at 7867 Sailing Shores Terrace, Boynton Beach, Florida 33437.

423.     Ingesting Plaintiff Lilyan Wolberg's injuries were caused by the usage of Plavix.

424.     As more particularly pled below, aforementioned Ingesting Plaintiff, Lilyan Wolberg, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

425.     Ingesting Plaintiff, Carol Gagne, a natural person is a citizen and resident of the State of Florida. Carol Gagne, currently, and at all times material to this complaint, resides at 560SW Sara Boulevard, Port St. Lucie, Florida 34953.

426.     Ingesting Plaintiff Carol Gagne's injuries were caused by the usage of Plavix.

427.     As more particularly pled below, aforementioned Ingesting Plaintiff, Carol Gagne, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

428.     Spouse Plaintiff, Real Gagne, is a natural person and spouse of Ingesting Plaintiff Carol Gagne.

429.     Administrator, Gail Stevenson, individually and as proposed administratrix on behalf of Robert C. Stevenson, deceased, is a natural citizen and resident of the State of Florida and  is the spouse of Decedent Robert C. Stevenson. Gail Stevenson, currently, and at all times material to this complaint, resides at 108 Osceola Road, Georgetown, Florida 32139.

430.     Decedent Robert C. Stevenson's injuries were caused by the usage of Plavix.

431.     As more particularly pled below, aforementioned Administrator, Gail Stevenson, individually and as proposed administratrix on behalf of Robert C. Stevenson, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

432.    Ingesting Plaintiff, Larry E. Underkoffler, a natural person is a citizen and resident of the State of Georgia. Larry E. Underkoffler, currently, and at all times material to this complaint, resides at 339 Buckingham Drive, Marietta, Georgia 30066.

433.    Ingesting Plaintiff Larry E. Underkoffler's injuries were caused by the usage of Plavix.

434.    As more particularly pled below, aforementioned Ingesting Plaintiff, Larry E. Underkoffler, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

435.    Spouse Plaintiff, Dibbie Underkoffler, is a natural person and spouse of Ingesting Plaintiff Larry E. Underkoffler.

436.    Ingesting Plaintiff, Ronald H. Fletcher, a natural person is a citizen and resident of the State of Indiana. Ronald H. Fletcher, currently, and at all times material to this complaint, resides at 1001Mayflower Road #60, South Bend, Indiana 46619.

437.    Ingesting Plaintiff Ronald H. Fletcher's injuries were caused by the usage of Plavix.

438.    As more particularly pled below, aforementioned Ingesting Plaintiff, Ronald H. Fletcher, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

439.    Spouse Plaintiff, Marilyn Fletcher, is a natural person and spouse of Ingesting Plaintiff Ronald H. Fletcher.

440.    Administrator, Elliot Walls, individually and as proposed administrator on behalf of Elliot Collier, deceased, is a natural citizen and resident of the State of Indiana and is the son of Decedent Elliot Collier. Elliot Walls, currently, and at all times material to this complaint, resides at 1250 Country Ridge Lane, Indianapolis, Indiana 46234.

441.   Decedent Elliot Collier's injuries were caused by the usage of Plavix.

442.   As more particularly pled below, aforementioned Administrator, Elliot Walls, individually and as proposed administrator on behalf of Elliot Collier, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

443.   Administrator, Richard Riener, individually and as proposed administrator on behalf of Cleone A. Riener, deceased, is a natural citizen and resident of the State of Minnesota and is the husband of Decedent Cleone A. Riener. Richard Riener, currently, and at all times material to this complaint, resides at 3975 Virginia Circle, Shoreview, Minnesota 55126.

444.   Decedent Cleone A. Riener's injuries were caused by the usage of Plavix.

445.   As more particularly pled below, aforementioned Administrator, Richard Riener, individually and as proposed administrator on behalf of Cleone A. Riener, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

446.   Ingesting Plaintiff, Alice G. Meadors, a natural person is a citizen and resident of the State of Missouri. Alice G. Meadors, currently, and at all times material to this complaint, resides at Route 1 Box 1070, Doniphan, Missouri 63935.

447.   Ingesting Plaintiff Alice G. Meadors's injuries were caused by the usage of Plavix.

448.   As more particularly pled below, aforementioned Ingesting Plaintiff, Alice G. Meadors, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

56

449.    Ingesting Plaintiff, Gene E. Taylor, a natural person is a citizen and resident of the State of Mississippi. Gene E. Taylor, currently, and at all times material to this complaint, resides at 2366 Fletchers Chapel Road, Yazoo City, Mississippi 39194.

450.    Ingesting Plaintiff Gene E. Taylor's injuries were caused by the usage of Plavix.

451.    As more particularly pled below, aforementioned Ingesting Plaintiff, Gene E. Taylor, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

452.    Spouse Plaintiff, Krystal M. Taylor, is a natural person and spouse of Ingesting Plaintiff Gene E. Taylor.

453.    Ingesting Plaintiff, Judy C. Pierce, a natural person is a citizen and resident of the State of North Carolina. Judy C. Pierce, currently, and at all times material to this complaint, resides at 713 Garden Terrace Lane, Lewisville, North Carolina 27203.

454.    Ingesting Plaintiff Judy C. Pierce's injuries were caused by the usage of Plavix.

455.    As more particularly pled below, aforementioned Ingesting Plaintiff, Judy C. Pierce, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

456.    Administrator, Luis Rodriguez, individually and as proposed administrator on behalf of, Norma I. Ostolaza, deceased, is a natural person is a citizen and resident of the State of New Jersey. Luis Rodriguez, currently, and at all times material to this complaint, resides at 422 East Jersey Street, Elizabeth, NJ 07206.

457.    Decedent Norma I. Ostolaza's injuries were caused by the usage of Plavix.

458.    As more particularly pled below, aforementioned Administrator, Luis Rodriguez, individually and as proposed administrator on behalf of, Norma I. Ostolaza, maintains that Plavix

defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

459.    Ingesting Plaintiff, James R. Ekstrom, a natural person is a citizen and resident of the State of Nevada. James R. Ekstrom, currently, and at all times material to this complaint, resides at 10524 Button Willow Drive, Las Vegas, Nevada 89134.

460.    Ingesting Plaintiff James R. Ekstrom's injuries were caused by the usage of Plavix.

461.    As more particularly pled below, aforementioned Ingesting Plaintiff, James R. Ekstrom, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

462.    Spouse Plaintiff Joyce Ekstrom is a natural person and spouse of Ingesting Plaintiff James R. Ekstrom.

463.    Ingesting Plaintiff, Kimberly Scirocco, a natural person is a citizen and resident of the State of New York. Kimberly Scirocco, currently, and at all times material to this complaint, resides at 317 Broadway, Mechanicville, New York 12118.

464.    Ingesting Plaintiff Kimberly Scirocco's injuries were caused by the usage of Plavix.

465.    As more particularly pled below, aforementioned Ingesting Plaintiff, Kimberly Scirocco, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

466.    Spouse Plaintiff Frank Scirocco is a natural person and spouse of Ingesting Plaintiff Kimberly Scirocco.

467.    Ingesting Plaintiff, Richard W. Begandy, a natural person is a citizen and resident of the State of New York. Richard W. Begandy, currently, and at all times material to this complaint, resides at 152 Abbey Street, Massapequa Park, New York 11762.

468.    Ingesting Plaintiff Richard W. Begandy's injuries were caused by the usage of Plavix.

469.    As more particularly pled below, aforementioned Ingesting Plaintiff, Richard W. Begandy, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

470.    Spouse Plaintiff Lila V. Begandy is a natural person and spouse of Ingesting Plaintiff Richard W. Begandy.

471.    Ingesting Plaintiff, Robert W. Kerbow, a natural person is a citizen and resident of the State of Ohio. Robert W. Kerbow, currently, and at all times material to this complaint, resides at 1012 Legacy Lane, Pataskala, Ohio 43062.

472.    Ingesting Plaintiff Robert W. Kerbow's injuries were caused by the usage of Plavix.

473.    As more particularly pled below, aforementioned Ingesting Plaintiff, Robert W. Kerbow, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

474.    Spouse Plaintiff Kimberly D. Kerbow is a natural person and spouse of Ingesting Plaintiff Robert W. Kerbow.

475.    Ingesting Plaintiff, William E. Reagan, a natural person is a citizen and resident of the State of Ohio. William E. Reagan, currently, and at all times material to this complaint, resides at 17118 Ernadale Avenue, Cleveland, Ohio 44111.

476.    Ingesting Plaintiff William E. Reagan's injuries were caused by the usage of Plavix.

477.    As more particularly pled below, aforementioned Ingesting Plaintiff, William E. Reagan, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

478.    Ingesting Plaintiff, Deborah L. Rogers, a natural person is a citizen and resident of the State of Pennsylvania. Deborah L. Rogers, currently, and at all times material to this complaint, resides at 1107 Bushkill Center Road, Nazareth, Pennsylvania 18064.

479.    Ingesting Plaintiff Deborah L. Rogers's injuries were caused by the usage of Plavix.

480.    As more particularly pled below, aforementioned Ingesting Plaintiff, Deborah L. Rogers, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

481.    Ingesting Plaintiff, Edwin A. Ortiz, a natural person is a citizen and resident of the Puerto Rico. Edwin A. Ortiz, currently, and at all times material to this complaint, resides at P.O. Box 502, Orocovis, Puerto Rico 00720.

482.    Ingesting Plaintiff Edwin A. Ortiz's injuries were caused by the usage of Plavix.

483.    As more particularly pled below, aforementioned Ingesting Plaintiff, Edwin A. Ortiz, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

484.    Spouse Plaintiff, Nitza Aviles, is a natural person and spouse of Ingesting Plaintiff Edwin A. Ortiz.

485.    Ingesting Plaintiff, Samantha J. Miller, a natural person is a citizen and resident of the State of South Carolina. Samantha J. Miller, currently, and at all times material to this complaint, resides at 4265 Suggs Street, Apartment 116, Box 16, Loris, South Carolina 29569.

486.    Ingesting Plaintiff Samantha J. Miller's injuries were caused by the usage of Plavix.

487.    As more particularly pled below, aforementioned Ingesting Plaintiff, Samantha J. Miller, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

488.   Ingesting Plaintiff, Bryon O. Ricard, a natural person is a citizen and resident of the State of Vermont. Bryon O. Ricard, currently, and at all times material to this complaint, resides at Box 73, Forest Dale Vermont 05745.

489.   Ingesting Plaintiff Bryon O. Ricard's injuries were caused by the usage of Plavix.

490.   As more particularly pled below, aforementioned Ingesting Plaintiff, Bryon O. Ricard, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

491.   Spouse Plaintiff, Carla Ricard, is a natural person and spouse of Ingesting Plaintiff Bryon O. Ricard.

492.   Ingesting Plaintiff, Harry M. Stewart, a natural person is a citizen and resident of the State of Washington. Harry M. Stewart, currently, and at all times material to this complaint, resides at 2900 McLeod Road, Bellingham, Washington 98225.

493.   Ingesting Plaintiff Harry M. Stewart's injuries were caused by the usage of Plavix.

494.   As more particularly pled below, aforementioned Ingesting Plaintiff, Harry M. Stewart, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

495.   Spouse Plaintiff, Barbara J. Stewart, is a natural person and spouse of Ingesting Plaintiff Harry M. Stewart.

496.   Ingesting Plaintiff, George Shurrush, a natural person is a citizen and resident of the State of Wisconsin. George Shurrush, currently, and at all times material to this complaint, resides at 1717 Wicklow Way, Madison, Wisconsin 53711.

497.   Ingesting Plaintiff George Shurrush's injuries were caused by the usage of Plavix.

498.    As more particularly pled below, aforementioned Ingesting Plaintiff, George

Shurrush, maintains that Plavix defectively designed, inadequately tested, dangerous to human

health, and lacked proper warnings as to the dangers associated with its use.

499.    Spouse Plaintiff, Salimeh Shurrush, is a natural person and spouse of Ingesting

Plaintiff George Shurrush.

500.    Ingesting Plaintiff, Clinton Ramey, a natural person is a citizen and resident of the

State of West Virginia. Clinton Ramey, currently, and at all times material to this complaint,

resides at HC 74 Box 3127, Chapmanville, West Virginia 25508.

501.    Ingesting Plaintiff Clinton Ramey's injuries were caused by the usage of Plavix.

502.    As more particularly pled below, aforementioned Ingesting Plaintiff, Clinton Ramey,

maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and

lacked proper warnings as to the dangers associated with its use.

503.    Spouse Plaintiff, Marietta S. Ramey, is a natural person and spouse of Ingesting

Plaintiff Clinton Ramey.

504.    Ingesting Plaintiff, Terrance Parks, a natural person, is a citizen and resident of Cook

County.  Terrance Parks was sold Plavix in Cook County, and was treated in Cook County for

his injuries arising from the ingestion of Plavix.

505.    Terrance Parks' injuries were caused by his usage of Plavix.

506.     As more particularly pled below, Terrance Parks maintains that Plavix is defectively

designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the

dangers associated with its use.

507.    Ingesting Plaintiff, Philip Goin, a natural person is a citizen and resident of the State of Illonois. Philip Goin, currently, and at all times material to this complaint, resides at 715 N. Joan Court, Unit 201, Peoria, Illinois 61614.

508.    Ingesting Plaintiff Philip Goin's injuries were caused by the usage of Plavix.

509.    As more particularly pled below, aforementioned Ingesting Plaintiff, Philip Goin, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

510.    Ingesting Plaintiff, Oliver L. Felton, a natural person is a citizen and resident of the State of Alaska. Oliver L. Felton, currently, and at all times material to this complaint, resides at 6831 Cherokee Way, Anchorage, Alaska 99504.

511.    Ingesting Plaintiff Oliver L. Felton's injuries were caused by the usage of Plavix.

512.    As more particularly pled below, aforementioned Ingesting Plaintiff, Oliver L. Felton, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

513.    Spouse Plaintiff, Dorthea Felton, is a natural person and spouse of Ingesting Plaintiff Oliver L. Felton.

514.    Ingesting Plaintiff Kerry L. Parker, a natural person is a citizen and resident of the State of Alabama. Kerry L. Parker, currently, and at all times material to this complaint, resides at 873 Roundtop Road, Falkville, Alabama 35622.

515.    Ingesting Plaintiff Kerry L. Parker's injuries were caused by the usage of Plavix.

516.    As more particularly pled below, aforementioned Ingesting Plaintiff, Kerry L. Parker, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

517.     Spouse Plaintiff, Gregory S. Parker, is a natural person and spouse of Ingesting Plaintiff Kerry L. Parker.

518.     Ingesting Plaintiff, Verla Mae Claghorn, a natural person is a citizen and resident of the State of Arkansas. Verla Mae Claghorn, currently, and at all times material to this complaint, resides at 14019 Old Rivr Road, Scott, Arkansas 72142.

519.     Ingesting Plaintiff Verla Mae Claghorn's injuries were caused by the usage of Plavix.

520.     As more particularly pled below, aforementioned Ingesting Plaintiff, Verla Mae Claghorn, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

521.     Ingesting Plaintiff, Donald W. Beene, a natural person is a citizen and resident of the State of Arizona. Donald W. Beene, currently, and at all times material to this complaint, resides at 3361 West Vision Drive, Tucson, Arizona 85742.

522.     Ingesting Plaintiff Donald W. Beene's injuries were caused by the usage of Plavix.

523.     As more particularly pled below, aforementioned Ingesting Plaintiff, Donald W. Beene, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

524.     Spouse Plaintiff, Ellen C. Beene, is a natural person and spouse of Ingesting Plaintiff Donald W. Beene.

525.     Ingesting Plaintiff, Wayne Keaten, a natural person is a citizen and resident of the State of Florida. Wayne Keaten, currently, and at all times material to this complaint, resides at 117 Miller Street, Pomona Park, Florida 32181.

526.     Ingesting Plaintiff Wayne Keaten's injuries were caused by the usage of Plavix.

527.    As more particularly pled below, aforementioned Ingesting Plaintiff, Wayne Keaten, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

528.    Ingesting Plaintiff, Lonnie Drexler, a natural person is a citizen and resident of the State of Florida. Lonnie Drexler, currently, and at all times material to this complaint, resides at 1201 Seminole Boulevard, Apartment 458, Largo, Florida 33770.

529.    Ingesting Plaintiff Lonnie Drexler's injuries were caused by the usage of Plavix.

530.    As more particularly pled below, aforementioned Ingesting Plaintiff, Lonnie Drexler, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

531.    Ingesting Plaintiff, William Sommerville, a natural person is a citizen and resident of the State of Florida. William Sommerville, currently, and at all times material to this complaint, resides at 2915 Lake Pineloch Boulevard, Orlando, Florida 32806.

532.    Ingesting Plaintiff William Sommerville's injuries were caused by the usage of Plavix.

533.    As more particularly pled below, aforementioned Ingesting Plaintiff, William Sommerville, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

534.    Spouse Plaintiff, Barbara W. Sommerville, is a natural person and spouse of Ingesting Plaintiff William Sommerville.

535.    Ingesting Plaintiff, Todd W. Bradley, a natural person is a citizen and resident of the State of Florida. Todd W. Bradley, currently, and at all times material to this complaint, resides at 15609 Kensington Trail, Clermont, Florida 34711.

536.    Ingesting Plaintiff Todd W. Bradley's injuries were caused by the usage of Plavix.

537.    As more particularly pled below, aforementioned Ingesting Plaintiff, Todd Bradley, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

538.    Spouse Plaintiff, Cathy Bradley, is a natural person and spouse of Ingesting Plaintiff Todd W. Bradley.

539.    Ingesting Plaintiff, James Peace, a natural person is a citizen and resident of the State of Georgia. James Peace, currently, and at all times material to this complaint, resides at 26 Sutton Trail North West, Cartersville, Georgia 30121.

540.    Ingesting Plaintiff James Peace's injuries were caused by the usage of Plavix.

541.    As more particularly pled below, aforementioned Ingesting Plaintiff, James Peace, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

542.    Spouse Plaintiff, Brenda Peace, is a natural person and spouse of Ingesting Plaintiff James Peace.

543.    Ingesting Plaintiff, Marilyn J. Yeager-Sewell, a natural person is a citizen and resident of the State of Iowa. Marilyn J. Yeager-Sewell, currently, and at all times material to this complaint, resides at 1150 SW Lynn Drive, Ankeny, Iowa 50023.

544.    Ingesting Plaintiff Marilyn J. Yeager-Sewell's injuries were caused by the usage of Plavix.

545.    As more particularly pled below, aforementioned Ingesting Plaintiff, Marilyn J. Yeager-Sewell, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

546.    Spouse Plaintiff, Gene E. Sewell, is a natural person and spouse of Ingesting Plaintiff Marilyn J. Yeager-Sewell.

547.    Ingesting Plaintiff, Rick W. Haskett, a natural person is a citizen and resident of the State of Indiana. Rick W. Haskett, currently, and at all times material to this complaint, resides at 3584 West 558 North, Huntington, Indiana 46750.

548.    Ingesting Plaintiff Rick W. Haskett's injuries were caused by the usage of Plavix.

549.    As more particularly pled below, aforementioned Ingesting Plaintiff, Rick W. Haskett, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

550.    Spouse Plaintiff, Christine M. Haskett, is a natural person and spouse of Ingesting Plaintiff Rick W. Haskett.

551.    Ingesting Plaintiff, Juan G. Martinez, a natural person is a citizen and resident of the State of Indiana. Juan G. Martinez, currently, and at all times material to this complaint, resides at 27835 Plainfield Drive, Elkhart, Indiana 46514.

552.    Ingesting Plaintiff Juan G. Martinez's injuries were caused by the usage of Plavix.

553.    As more particularly pled below, aforementioned Ingesting Plaintiff, Juan G. Martinez, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

554.    Spouse Plaintiff, Glenna U. Martinez, is a natural person and spouse of Ingesting Plaintiff Juan G. Martinez.

555.    Ingesting Plaintiff, Willie Booker, a natural person is a citizen and resident of the State of Mississippi. Willie Booker, currently, and at all times material to this complaint, resides at P.O. Box 233, Tutwiler, Mississippi 38963.

556.    Ingesting Plaintiff Willie Booker's injuries were caused by the usage of Plavix.

557.    As more particularly pled below, aforementioned Ingesting Plaintiff, Willie Booker, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

558.    Administrator, Eula J. Harris, individually and as proposed administrator on behalf of Aubrey R. Harris, deceased, is a natural citizen and resident of the State of Mississippi and is the wife of Decedent Aubrey R. Harris. Eula J. Harris, currently, and at all times material to this complaint, resides at 245 Jackson Street, Hazlehurst, Mississippi 39083.

559.    Decedent Aubrey R. Harris's injuries were caused by the usage of Plavix.

560.    As more particularly pled below, aforementioned Administrator, Eula J. Harris, individually and as proposed administrator on behalf of Aubrey R. Harris, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

561.    Administrator, Charlotte Waller, individually and as proposed administrator on behalf of Paul H. Waller, deceased, is a natural citizen and resident of the State of Mississippi and is the wife of Decedent Paul H. Waller. Charlotte Waller, currently, and at all times material to this complaint, resides at P.O. Box 18036, Natchez, Mississippi 39122.

562.    Decedent Paul H. Waller's injuries were caused by the usage of Plavix.

563.    As more particularly pled below, aforementioned Administrator, Charlotte Waller, individually and as proposed administrator on behalf of Paul H. Waller, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

564.    Ingesting Plaintiff, Kathleen W. Register, a natural person is a citizen and resident of the State of North Carolina. Kathleen W. Register, currently, and at all times material to this complaint, resides at 1301 East 11th Street, Lumberton, North Carolina 28358.

565.    Ingesting Plaintiff Kathleen W. Register's injuries were caused by the usage of Plavix.

566.    As more particularly pled below, aforementioned Ingesting Plaintiff, Kathleen W. Register, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

567.    Ingesting Plaintiff, Craig T. Seward, a natural person is a citizen and resident of the State of North Carolina. Craig T. Seward, currently, and at all times material to this complaint, resides at 74 Jeffries Cove, Rocky Mount, North Carolina, 27804.

568.    Ingesting Plaintiff Craig T. Seward's injuries were caused by the usage of Plavix.

569.    As more particularly pled below, aforementioned Ingesting Plaintiff, Craig T. Seward, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

570.    Ingesting Plaintiff, Dorothy Andrews, a natural person is a citizen and resident of the State of New Jersey. Dorothy Andrews, currently, and at all times material to this complaint, resides at 142 Wade Street, Jersey City, New Jersey 07305.

571.    Ingesting Plaintiff Dorothy Andrews's injuries were caused by the usage of Plavix.

572.    As more particularly pled below, aforementioned Ingesting Plaintiff, Dorothy Andrews, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

573.    Ingesting Plaintiff, George Anesgart, a natural person is a citizen and resident of the State of New York. George Anesgart, currently, and at all times material to this complaint, resides at P.O. Box 52, White Lake, New York 12786.

574.    Ingesting Plaintiff George Anesgart's injuries were caused by the usage of Plavix.

575.    As more particularly pled below, aforementioned Ingesting Plaintiff, George Anesgart, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

576.    Spouse Plaintiff, Judith Anesgart, is a natural person and spouse of Ingesting Plaintiff George Anesgart.

577.    Ingesting Plaintiff, Shannon S. Brawley, a natural person is a citizen and resident of the State of Ohio. Shannon S. Brawley, currently, and at all times material to this complaint, resides at 2028 Eastview Avenue, Dayton, Ohio 45405.

578.    Ingesting Plaintiff Shannon S. Brawley's injuries were caused by the usage of Plavix.

579.    As more particularly pled below, aforementioned Ingesting Plaintiff, Shannon S. Brawley, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

580.    Spouse Plaintiff, Walter Brawley, is a natural person and spouse of Ingesting Plaintiff Shannon S. Brawley.

581.    Ingesting Plaintiff, James W. Kimberly, a natural person is a citizen and resident of the State of Pennsylvania. James W. Kimberly, currently, and at all times material to this complaint, resides at 212 Walnut Lane, West Newton, Pennsylvania 15089.

582.    Ingesting Plaintiff James W. Kimberly's injuries were caused by the usage of Plavix.

583.     As more particularly pled below, aforementioned Ingesting Plaintiff, James W. Kimberly, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

584.     Spouse Plaintiff, Julia M. Kimberly, is a natural person and spouse of Ingesting Plaintiff James W. Kimberly.

585.     Ingesting Plaintiff, Timothy Springs, a natural person is a citizen and resident of the State of South Carolina. Timothy Springs, currently, and at all times material to this complaint, resides at 483 Cooktown Road, Lake City, South Carolina 29560.

586.     Ingesting Plaintiff Timothy Springs's injuries were caused by the usage of Plavix.

587.     As more particularly pled below, aforementioned Ingesting Plaintiff, Timothy Springs, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

588.     Administrator, Katherine Gamble, individually and as proposed administrator on behalf of, William Gamble, deceased, is a natural person is a citizen and resident of the State of Tennessee and is the spouse of Decedent. Katherine Gamble, currently, and at all times material to this complaint, resides at 4780 Hillbrook Street, Memphis, Tennessee 38109.

589.     Decedent William Gamble's injuries were caused by the usage of Plavix.

590.     As more particularly pled below, aforementioned Administrator, Katherine Gamble, individually and as proposed administrator on behalf of William Gamble, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

591. Ingesting Plaintiff, Bernadette J. Benson, a natural person is a citizen and resident of the State of Washington. Bernadette J. Benson, currently, and at all times material to this complaint, resides at 6718 80th Street South West, Lakewood, Washington 98499.

592. Ingesting Plaintiff Bernadette J. Benson's injuries were caused by the usage of Plavix.

593. As more particularly pled below, aforementioned Ingesting Plaintiff, Bernadette J. Benson, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

594. Ingesting Plaintiff, Carrie A. Williams, a natural person is a citizen and resident of the State of Wisconsin. Carrie A. Williams, currently, and at all times material to this complaint, resides at 5119 West Stark Street, Milwaukee, Wisconsin 53218.

595. Ingesting Plaintiff Carrie A. Williams's injuries were caused by the usage of Plavix.

596. As more particularly pled below, aforementioned Ingesting Plaintiff, Carrie A. Williams, maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

597. Spouse Plaintiff, Ples Williams, is a natural person and spouse of Ingesting Plaintiff Carrie A. Williams.

598. Administrator, Bernadette A. Yarnell, individually and as proposed administrator on behalf of Eloise B. Wigal, deceased, is a natural citizen and resident of the State of West Virginia and is the daughter of Decedent Eloise B. Wigal. Bernadette A. Yarnell, currently, and at all times material to this complaint, resides at 2608 Division Street, Parkersburg, West Virginia 26101.

599. Decedent Eloise B. Wigal's injuries were caused by the usage of Plavix.

600.    As more particularly pled below, aforementioned Administrator, Bernadette A. Yarnell, individually and as proposed administrator on behalf of Eloise B. Wigal, deceased maintains that Plavix defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

601.    Ingesting Plaintiff, Herbert R. Lusinski, a natural person, is a citizen and resident of Cook County.  Currently, and at all times material to this complaint, Herbert R. Lusinski resides at 18047 Oakwood Avenue, Lansing, IL 60438.  Herbert R. Lusinski was sold Plavix in Cook County, and was treated in Cook County for his injuries arising from the ingestion of Plavix.

602.    Herbert R. Lusinski's injuries were caused by his usage of Plavix.

603.    As more particularly pled below, Herbert R. Lusinski maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

604.    Ingesting Plaintiff, Judith M. Cazzetto, a natural person, is a citizen and resident of the State of New Jersey. Judith M. Cazzetto, currently, and at all times material to this Complaint, resides at 3306 Barclay Court, Randolph, NJ 07869.

605.    Ingesting Plaintiff Judith M. Cazzetto's injuries were caused by the usage of Plavix.

606.    As more particularly pled below, aforementioned Ingesting Plaintiff, Judith M. Cazzetto, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

607.    Ingesting Plaintiff, John Barbaro, a natural person, is a citizen and resident of the State of New York. Gerald Bibby, currently, and at all times material to this complaint, resides at 607 17th Street, Brooklyn, NY 11218.

608.    Ingesting Plaintiff John Barbaro's injuries were caused by the usage of Plavix.

609.    As more particularly pled below, aforementioned Ingesting Plaintiff, John Barbaro, maintains that is Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

610.    Spouse Plaintiff Stephanie Barbaro, is a natural person and spouse of Ingesting Plaintiff John Barbaro.

611.    Ingesting Plaintiff, Ronald Miller, a natural person, is a citizen and resident of the State of Florida. Ronald Miller, currently, and at all times material to this complaint, resides at 12395 Bedell Drive, Pensacola, FL 32506.

612.    Ingesting Plaintiff Ronald Miller's injuries were caused by the usage of Plavix.

613.    As more particularly pled below, aforementioned Ingesting Plaintiff, Ronald Miller, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

614.    Spouse Plaintiff, Tammie O. Miller, is a natural person and spouse of Ingesting Plaintiff Ronald Miller.

615.    Administrator, Pamela Frost, individually and as executor on behalf of Richard B. Arnold, deceased, is a natural citizen and resident of the State of Virginia and is the sister of Decedent Arnold. Pamela Frost, currently, and at all times material to this complaint, resides at 814 Wolf Trap Lane, Onemo, VA 23130.

616.    Decedent Richard B. Arnold's injuries were caused by the usage of Plavix.

617.    As more particularly pled below, aforementioned Administrator, Pamela Frost, individually and as executor on behalf of Richard B. Arnold, deceased, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

74

618.     Ingesting Plaintiff, Sandra K. Koranek, a natural person, is a citizen and resident of the State of Virginia. Sandra K. Koranek, currently, and at all times material to this complaint, resides at 128 Mill Pond Lane, Apt D., Montross, VA 22520.

619.     Ingesting Plaintiff Sandra K. Koranek's injuries were caused by the usage of Plavix.

620.     As more particularly pled below, aforementioned Ingesting Plaintiff, Sandra K. Koranek, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

621.     Ingesting Plaintiff, Donald M. Hamilton, a natural person, is a citizen and resident of the State of Massachusetts. Donald M. Hamilton, currently, and at all times material to this complaint, resides at 36 Hamilton Street, Framington, MA 01701.

622.     Ingesting Plaintiff Donald M. Hamilton's injuries were caused by the usage of Plavix.

623.     As more particularly pled below, aforementioned Ingesting Plaintiff, Donald M. Hamilton, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

624.     Spouse Plaintiff Norma J. Hamilton, is a natural person and spouse of Ingesting Plaintiff Donald M. Hamilton.

625.     Ingesting Plaintiff, Jimmy R. Dearmon, a natural person, is a citizen and resident of the State of North Carolina. Jimmy R. Dearmon, currently, and at all times material to this complaint, resides at 5413-B Countryside Drive, Winston Salem, NC 27101.

626.     Ingesting Plaintiff Jimmy R. Dearmon's injuries were caused by the usage of Plavix.

627.     As more particularly pled below, aforementioned Ingesting Plaintiff, Jimmy R. Dearmon, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

628.   Ingesting Plaintiff, Rodney D. Qualls, a natural person, is a citizen and resident of the State of New Mexico. Rodney D. Qualls, currently, and at all times material to this complaint, resides at 1101 Callaway Drive, Apt #805, Carlsbad, NM 88220.

629.   Ingesting Plaintiff Rodney D. Qualls' injuries were caused by the usage of Plavix.

630.   As more particularly pled below, aforementioned Ingesting Plaintiff, Rodney D. Qualls, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

631.   Spouse Plaintiff Juanita A. Qualls, is a natural person and spouse of Ingesting Plaintiff Rodney D. Qualls.

632.   Ingesting Plaintiff, Katherine Pierce, a natural person, is a citizen and resident of the State of New Mexico. Katherine Pierce, currently, and at all times material to this complaint, resides at P.O. Box 327, Williamsburg, NM 87942.

633.   Ingesting Plaintiff Katherine Pierce's injuries were caused by the usage of Plavix.

634.   As more particularly pled below, aforementioned Ingesting Plaintiff, Katherine Pierce, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

635.   Ingesting Plaintiff, Oma L. Waddell, a natural person, is a citizen and resident of the State of Virginia. Oma L. Waddell, currently, and at all times material to this complaint, resides at 9 Aspen Square, Tazewell, VA 24651.

636.   Ingesting Plaintiff Oma L. Waddell's injuries were caused by the usage of Plavix.

637.   As more particularly pled below, aforementioned Ingesting Plaintiff, Oma L. Waddell, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

638.    Ingesting Plaintiff, Lillian R. Cotter, a natural person, is a citizen and resident of the State of South Carolina. Lillian R. Cotter, currently, and at all times material to this complaint, resides at 4006 Highway 90 Serenity Place, Conway, SC 29526.

639.    Ingesting Plaintiff Lillian R. Cotter's injuries were caused by the usage of Plavix.

640.    As more particularly pled below, aforementioned Ingesting Plaintiff, Lillian R. Cotter, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

641.    Ingesting Plaintiff, Charlotte H. Grant, a natural person, is a citizen and resident of the State of Florida. Charlotte H. Grant, currently, and at all times material to this complaint, resides at 10315 Lake Carroll Way, Tampa, FL 33618.

642.    Ingesting Plaintiff Charlotte H. Grant's injuries were caused by the usage of Plavix.

643.    As more particularly pled below, aforementioned Ingesting Plaintiff, Charlotte H. Grant, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

644.    Administrator, Joe Gutierrez, individually and as the personal representative on behalf of Mercedes Gutierrez, deceased, is a natural citizen and resident of the State of New Mexico and is the son of Decedent Gutierrez. Joe Gutierrez, currently, and at all times material to this complaint, resides at 6411 Los Pueblos Place NW, Albuquerque, NM 87114.

645.    Decedent Mercedes Gutierrez's injuries were caused by the usage of Plavix.

646.    As more particularly pled below, aforementioned Administrator, Joe Gutierrez, individually and as the personal representative on behalf of Mercedes Gutierrez, deceased, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

647.     Administrator, John W. Tharp, individually and as the executor on behalf of Sarah B. Tharp, deceased, is a natural citizen and resident of the State of Arkansas and is the husband of Decedent Tharp. John W. Tharp, currently, and at all times material to this complaint, resides at 282 MC 288, Texarkana, AR 71854.

648.     Decedent Sarah B. Tharp's injuries were caused by the usage of Plavix.

649.     As more particularly pled below, aforementioned Administrator, John W. Tharp, individually and as the executor on behalf of Sarah B. Tharp, deceased, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

650.     Administrator, John W. Tharp, is a Spouse Plaintiff and spouse of Decedent Sarah B. Tharp.

651.     Ingesting Plaintiff, Sinola Fortenberry, a natural person, is a citizen and resident of the State of Missouri. Sinola Fortenberry, currently, and at all times material to this complaint, resides at 9598 Lewis & Clark Boulevard, St. Louis, MO 63136.

652.     Ingesting Plaintiff Sinola Fortenberry's injuries were caused by the usage of Plavix.

653.     As more particularly pled below, aforementioned Ingesting Plaintiff, Sinola Fortenberry, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

654.     Ingesting Plaintiff, William D. Womack, a natural person, is a citizen and resident of the State of Pennsylvania. William D. Womack, currently, and at all times material to this complaint, resides at 1890 Conewago Creek Road, Manchester, PA 17345.

655.     Ingesting Plaintiff William D. Womack's injuries were caused by the usage of Plavix.

656.    As more particularly pled below, aforementioned Ingesting Plaintiff, William D. Womack, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

657.    Ingesting Plaintiff, Jerry O. Tucker, a natural person, is a citizen and resident of the State of Mississippi. Jerry O. Tucker, currently, and at all times material to this complaint, resides at 10460 Road 602, Carthage, MS 39051.

658.    Ingesting Plaintiff Jerry O. Tucker's injuries were caused by the usage of Plavix.

659.    As more particularly pled below, aforementioned Ingesting Plaintiff, Jerry O. Tucker, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

660.    Ingesting Plaintiff, Jo Ann Hale, a natural person, is a citizen and resident of the State of South Carolina. Jo Ann Hale, currently, and at all times material to this complaint, resides at 5 Cunningham Road, Taylor, SC 29687.

661.    Ingesting Plaintiff Jo Ann Hale's injuries were caused by the usage of Plavix.

662.    As more particularly pled below, aforementioned Ingesting Plaintiff, Jo Ann Hale, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

663.    Ingesting Plaintiff, Christopher J. Derosa, a natural person, is a citizen and resident of the State of Oregon. Christopher J. Derosa, currently, and at all times material to this complaint, resides at 4280 South West 165th Avenue, Aloha, OR 97007.

664.    Ingesting Plaintiff Christopher J. Derosa's injuries were caused by the usage of Plavix.

665.    As more particularly pled below, aforementioned Ingesting Plaintiff, Christopher J. Derosa, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

666.    Ingesting Plaintiff, Michael A. Bova, a natural person, is a citizen and resident of the State of Florida. Michael A. Bova, currently, and at all times material to this complaint, resides at 13210 Osprey Avenue, Brooksville, FL 34614.

667.    Ingesting Plaintiff Michael A. Bova's injuries were caused by the usage of Plavix.

668.    As more particularly pled below, aforementioned Ingesting Plaintiff, Michael A. Bova, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

669.    Ingesting Plaintiff, Barbara J. Leschander, a natural person, is a citizen and resident of the State of Florida. Barbara J. Leschander, currently, and at all times material to this complaint, resides at 12710 Cedar Ridge Drive, Hudson, FL 34669.

670.    Ingesting Plaintiff Barbara J. Leschander's injuries were caused by the usage of Plavix.

671.    As more particularly pled below, aforementioned Ingesting Plaintiff, Barbara J. Leschander, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

672.    Spouse Plaintiff Garald Leschander, is a natural person and spouse of Ingesting Plaintiff Barbara J. Leschander.

673.    Administrator, Dianne Mullinax, individually and as the personal representative on behalf of Earl T. Mullinax, deceased, is a natural citizen and resident of the State of South

Carolina and is the wife of Decedent Mullinax. Dianne Mullinax, currently, and at all times material to this complaint, resides at 134 Philips Lane, Gaffney, SC 29340.

674.    Decedent Earl T. Mullinax's injuries were caused by the usage of Plavix.

675.    As more particularly pled below, aforementioned Administrator, Dianne Mullinax, individually and as the personal representative on behalf of Earl T. Mullinax, deceased, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

676.    Administrator, Dianne Mullinax, is a Spouse Plaintiff and spouse of Decedent Earl T. Mullinax.

677.    Ingesting Plaintiff, Belia Cuellar, a natural person, is a citizen and resident of the State of Idaho. Belia Cuellar, currently, and at all times material to this complaint, resides at 3800 Laurie Lane, Emmett, ID 83617.

678.    Ingesting Plaintiff Belia Cuellar's injuries were caused by the usage of Plavix.

679.    As more particularly pled below, aforementioned Ingesting Plaintiff, Belia Cuellar, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

680.    Ingesting Plaintiff, Marsha L. Mick, a natural person, is a citizen and resident of the State of West Virgina. Marsha L. Mick, currently, and at all times material to this complaint, resides at 211 Whippoorwill Drive, Elkins, WV 26241.

681.    Ingesting Plaintiff Marsha L. Mick's injuries were caused by the usage of Plavix.

682.    As more particularly pled below, aforementioned Ingesting Plaintiff, Marsha L. Mick, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

683.    Spouse Plaintiff Larry N. Mick, is a natural person and spouse of Ingesting Plaintiff Marsha L. Mick.

684.    Ingesting Plaintiff, Deborah A. Bolden, a natural person, is a citizen and resident of the State of Missouri. Deborah A. Bolden, currently, and at all times material to this complaint, resides at 309 Sigsbee Avenue, Saint Louis, MO 63125.

685.    Ingesting Plaintiff Deborah A. Bolden's injuries were caused by the usage of Plavix.

686.    As more particularly pled below, aforementioned Ingesting Plaintiff, Deborah A. Bolden, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

687.    Ingesting Plaintiff, Donald Wireman, a natural person, is a citizen and resident of the State of Indiana. Donald Wireman, currently, and at all times material to this complaint, resides at 1316 Scott Street, La Porte, IN 46350.

688.    Ingesting Plaintiff Donald Wireman's injuries were caused by the usage of Plavix.

689.    As more particularly pled below, aforementioned Ingesting Plaintiff, Donald Wireman, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

690.    Spouse Plaintiff Mary V. Wireman, is a natural person and spouse of Ingesting Plaintiff Donald Wireman.

691.    Administrator, Thomas J. Miller, individually and as proposed administrator on behalf of, Alexis M. Miller, is a natural person, citizen and resident of the State of Massachusetts. Thomas J. Miller, currently resides at 829 Route 28, Harwichport, MA 02646.

692.    Decedent Alexis M. Miller's injuries were caused by the usage of Plavix.

693.    As more particularly pled below, aforementioned Administrator, Thomas J. Miller, individually and as proposed administrator on behalf of, Alexis M. Miller, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

694.    Administrator Thomas J. Miller, is a natural person and spouse of Decedent Alexis M. Miller.

695.    Ingesting Plaintiff, Steven A. Miner, a natural person, is a citizen and resident of the State of Ohio. Steven A. Miner, currently, and at all times material to this complaint, resides at 87 Eve Drive, Struthers, OH 44471.

696.    Ingesting Plaintiff Steven A. Miner's injuries were caused by the usage of Plavix.

697.    As more particularly pled below, aforementioned Ingesting Plaintiff, Steven A. Miner, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

698.    Spouse Plaintiff Barbara Miner, is a natural person and spouse of Ingesting Plaintiff Steven A. Miner.

699.    Ingesting Plaintiff, Eugene G. La Borie, a natural person, is a citizen and resident of the State of South Carolina. Eugene G. La Borie, currently, and at all times material to this complaint, resides at 328 Jay Street, Murrells Inlet, SC 29576.

700.    Ingesting Plaintiff Eugene G. La Borie's injuries were caused by the usage of Plavix.

701.    As more particularly pled below, aforementioned Ingesting Plaintiff, Eugene G. La Borie, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

702.    Spouse Plaintiff Doreen A. Licayan, is a natural person and spouse of Ingesting Plaintiff Eugene G. La Borie.

703.    Ingesting Plaintiff, Richard L. Layton, a natural person, is a citizen and resident of the State of Missouri. Richard L. Layton, currently, and at all times material to this complaint, resides at 203 San Miguel Road, St. Charles, MO 63303.

704.    Ingesting Plaintiff Richard L. Layton's injuries were caused by the usage of Plavix.

705.    As more particularly pled below, aforementioned Ingesting Plaintiff, Richard L. Layton, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

706.    Spouse Plaintiff Tracy Layton, is a natural person and spouse of Ingesting Plaintiff Richard L. Layton.

707.    Ingesting Plaintiff, Alfred R. Harrison, a natural person, is a citizen and resident of the State of Pennsylvania. Alfred R. Harrison, currently, and at all times material to this complaint, resides at 414 South 44th Street, Apt. A9, Philadelphia, PA 19104.

708.    Ingesting Plaintiff Alfred R. Harrison's injuries were caused by the usage of Plavix.

709.    As more particularly pled below, aforementioned Ingesting Plaintiff, Alfred R. Harrison, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

710.    Administrator, Tom C. Johnston, individually and as proposed administrator on behalf of Alice E. Johnston, deceased, is a natural citizen and resident of the State of California and is the husband of Decedent Johnston. Tom C. Johnston, currently, and at all times material to this complaint, resides at 81876 Avenida Sombra, Indio, CA 92203.

711.    Decedent Alice E. Johnston's injuries were caused by the usage of Plavix.

84

712.    As more particularly pled below, aforementioned Administrator, Tom C. Johnston, individually and as proposed administrator on behalf of Alice E. Johnston, deceased, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

713.    Administrator, Tom C. Johnston, is a Spouse Plaintiff and spouse of Decedent Alice E. Johnston.

714.    Ingesting Plaintiff, Randall L. Lynch, a natural person, is a citizen and resident of the State of Florida. Randall L. Lynch, currently, and at all times material to this complaint, resides at 106 Crest Court, Lake Placid, FL 33852.

715.    Ingesting Plaintiff Randall L. Lynch's injuries were caused by the usage of Plavix.

716.    As more particularly pled below, aforementioned Ingesting Plaintiff, Randall L. Lynch, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

717.    Spouse Plaintiff Anne H. Lynch, is a natural person and spouse of Ingesting Plaintiff Randall L. Lynch.

718.    Ingesting Plaintiff, Darrell D. Steiner, a natural person, is a citizen and resident of the State of Kansas. Darrell D. Steiner, currently, and at all times material to this complaint, resides at 7320 Mackay Street, Overland Park, KS 66204.

719.    Ingesting Plaintiff Darrell D. Steiner's injuries were caused by the usage of Plavix.

720.    As more particularly pled below, aforementioned Ingesting Plaintiff, Darrell D. Steiner, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

721.    Spouse Plaintiff Karen Steirner, is a natural person and spouse of Ingesting Plaintiff Darrell D. Steiner.

722.    Ingesting Plaintiff, Roy R. Fields, a natural person, is a citizen and resident of the State of North Carolina. Roy R. Fields, currently, and at all times material to this complaint, resides at 345 Ogburn Mill Road, Stocksdale, NC 27357.

723.    Ingesting Plaintiff Roy R. Fields's injuries were caused by the usage of Plavix.

724.    As more particularly pled below, aforementioned Ingesting Plaintiff, Roy R. Fields, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

725.    Spouse Plaintiff Rhonda L. Fields, is a natural person and spouse of Ingesting Plaintiff Roy R. Fields.

726.    Ingesting Plaintiff, Kenneth D. Korach, a natural person, is a citizen and resident of the State of Pennsylvania. Kenneth D. Korach, currently, and at all times material to this complaint, resides at 2092 2nd Street, Denbo, PA 15429.

727.    Ingesting Plaintiff Kenneth D. Korach's injuries were caused by the usage of Plavix.

728.    As more particularly pled below, aforementioned Ingesting Plaintiff, Kenneth D. Korach, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

729.    Spouse Plaintiff Shirley J. Korach, is a natural person and spouse of Ingesting Plaintiff Kenneth D. Korach.

730.    Ingesting Plaintiff, Betty Moretto, a natural person, is a citizen and resident of the State of Alaska. Betty Moretto, currently, and at all times material to this complaint, resides at 3405 Eds Way, Kodiak, AK 99615.

731.   Ingesting Plaintiff Betty Moretto's injuries were caused by the usage of Plavix.

732.   As more particularly pled below, aforementioned Ingesting Plaintiff, Betty Moretto, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

733.   Spouse Plaintiff Richard Moretto, is a natural person and spouse of Ingesting Plaintiff Betty Moretto.

734.   Ingesting Plaintiff, Billy R. Calloway, a natural person, is a citizen and resident of Cook County, Illinois.  Currently, and at all times material to this complaint, Billy R. Calloway resides at 8534 South Oglesby Avenue.  Billy R. Calloway was sold Plavix in Cook County, and was treated in Cook County for his injuries arising from the ingestion of Plavix.

735.   Billy R. Calloway's injuries were caused by his usage of Plavix.

736.   As more particularly pled below, Billy R. Calloway maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

737.   Ingesting Plaintiff, Eileen C. Hedden, a natural person, is a citizen and resident of the State of New Jersey. Eileen C. Hedden, currently, and at all times material to this Complaint, resides at 50 Rutherford Place, North Arlington, NJ 07031.

738.   Ingesting Plaintiff Eileen C. Hedden's injuries were caused by the usage of Plavix.

739.   As more particularly pled below, aforementioned Ingesting Plaintiff, Eileen C. Hedden, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

740.    Ingesting Plaintiff, Fred Sierra, a natural person, is a citizen and resident of the State of New York. Fred Sierra, currently, and at all times material to this complaint, resides at 1454 65th Street, Apt. 3F, Brooklyn, NY 11219.

741.    Ingesting Plaintiff Fred Sierra's injuries were caused by the usage of Plavix.

742.    As more particularly pled below, aforementioned Ingesting Plaintiff, Fred Sierra, maintains that is Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

743.    Ingesting Plaintiff, Larry E. Jones, a natural person, is a citizen and resident of the State of Illinois. Larry E. Jones, currently, and at all times material to this complaint, resides at 830 North Division Avenue, Urbana, Illinois 61801.

744.    Ingesting Plaintiff Larry E. Jones' injuries were caused by the usage of Plavix.

745.    As more particularly pled below, aforementioned Ingesting Plaintiff, Larry E. Jones, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

746.    Spouse Plaintiff, Joyce M. Jones, is a natural person and spouse of Ingesting Plaintiff Larry E. Jones.

747.    Ingesting Plaintiff, Jerry L. Casey, a natural person, is a citizen and resident of the State of Illinois.  Jerry L. Casey, currently and at all times material to this complaint, resides at P.O. Box 85, Ivesdale, IL 61851.

748.    Ingesting Plaintiff Jerry L. Casey's injuries were caused by the usage of Plavix.

749.    As more particularly pled below, aforementioned Ingesting Plaintiff, Jerry L. Casey, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

750.    Spouse Plaintiff, June Casey, is a natural person and spouse of Ingesting Plaintiff Jerry L. Casey.

751.    Ingesting Plaintiff, Theresa Ryan, a natural person, is a citizen and resident of the State of New York. Theresa Ryan, currently, and at all times material to this complaint, resides at 2342 Ocean Avenue, Ronkonkoma, NY 11779.

752.    Ingesting Plaintiff Theresa Ryan's injuries were caused by the usage of Plavix.

753.    As more particularly pled below, aforementioned Ingesting Plaintiff, Theresa Ryan, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

754.    Administrator, Annette Iacovelli, individually and as proposed administratrix on behalf of Edward P. Iacovelli, deceased, is a natural citizen and resident of the State of New York and is the mother of Decedent Iacovelli. Annette Iacovelli, currently, and at all times material to this complaint, resides at 11964 South Road, Apt. 322, Poughkeepsie, NY 12601.

755.    Decedent Edward P. Iacovelli's injuries were caused by the usage of Plavix.

756.    As more particularly pled below, aforementioned Administrator, Annette Iacovelli, individually and as proposed administratrix on behalf of Edward P. Iacovelli, deceased, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

757.    Administrator, Roberta Rosen, individually and as proposed administratrix on behalf of Joel B. Rosen, deceased, is a natural citizen and resident of the State of New York and is the wife of Decedent Rosen. Roberta Rosen, currently, and at all times material to this complaint, resides at 595 Beaver Lane, Ronkonkoma, NY 1779.

758.    Decedent Joel B. Rosen's injuries were caused by the usage of Plavix.

759.    As more particularly pled below, aforementioned Administrator, Roberta Rosen, individually and as proposed administratrix on behalf of Joel B. Rosen, deceased, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

760.    Administrator, Roberta Rosen, is a Spouse Plaintiff and spouse of Decedent Joel B. Rosen.

761.    Ingesting Plaintiff, Madeline R. Goldstein, a natural person, is a citizen and resident of the State of New York. Madeline R. Goldstein, currently, and at all times material to this complaint, resides at 499 East 8th Street, Apt 5F, Brooklyn, NY 11218.

762.    Ingesting Plaintiff Madeline R. Goldstein's injuries were caused by the usage of Plavix.

763.    As more particularly pled below, aforementioned Ingesting Plaintiff, Madeline R. Goldstein, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

764.    Ingesting Plaintiff, Craig Fasler, a natural person, is a citizen and resident of the State of New Jersey. Craig Fasler, currently, and at all times material to this complaint, resides at 9 Regency Court, Marlton, NJ 08053.

765.    Ingesting Plaintiff Craig Fasler's injuries were caused by the usage of Plavix.

766.    As more particularly pled below, aforementioned Ingesting Plaintiff, Craig Fasler, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

767.    Spouse Plaintiff, Kathy Fasler, is a natural person and spouse of Ingesting Plaintiff Craig Fasler.

768.    Administrator, Michelle Marcie, individually and as proposed administratrix on behalf of Charles J. Hutcheson, deceased, is a natural citizen and resident of the State of Alaska and is the wife of Decedent Hutcheson. Michelle Marcie, currently, and at all times material to this complaint, resides at 43724 Eddies Way, Kenai, AK 99611.

769.    Decedent Charles J. Hutcheson's injuries were caused by the usage of Plavix.

770.    As more particularly pled below, aforementioned Administrator, Michelle Marcie, individually and as proposed administratrix on behalf of Charles J. Hutcheson, deceased, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

771.    Administrator, Michelle Marcie, is a Spouse Plaintiff and spouse of Decedent Charles J. Hutcheson.

772.    Ingesting Plaintiff, Linda F. Howton, a natural person, is a citizen and resident of the State of Alabama. Linda F. Howton, currently, and at all times material to this complaint, resides at 13844 Rockhouse Road, Brookwood, AL 35444.

773.    Ingesting Plaintiff Linda F. Howton's injuries were caused by the usage of Plavix.

774.    As more particularly pled below, aforementioned Ingesting Plaintiff, Linda F. Howton, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

775.    Spouse Plaintiff David R. Howton, is a natural person and spouse of Ingesting Plaintiff Linda F. Howton.

776.    Ingesting Plaintiff, Waltriel S. Crum, a natural person, is a citizen and resident of the State of Alabama. Waltriel S. Crum, currently, and at all times material to this complaint, resides at 1000 Indiana Street, Birmingham, AL 35224.

91

777.   Ingesting Plaintiff Waltriel S. Crum's injuries were caused by the usage of Plavix.

778.   As more particularly pled below, aforementioned Ingesting Plaintiff, Waltriel S. Crum, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

779.   Ingesting Plaintiff, Jesse Cook, a natural person, is a citizen and resident of the State of Arkansas. Jesse Cook, currently, and at all times material to this complaint, resides at 402 Est 8th Street, Crossett, AR 71635.

780.   Ingesting Plaintiff Jesse Cook's injuries were caused by the usage of Plavix.

781.   As more particularly pled below, aforementioned Ingesting Plaintiff, Jesse Cook, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

782.   Ingesting Plaintiff, Gerald C. Short, a natural person, is a citizen and resident of the State of Arizona. Gerald C. Short, currently, and at all times material to this complaint, resides at 1315 East Emerald Avenue, Mesa, AZ 85204.

783.   Ingesting Plaintiff Gerald C. Short's injuries were caused by the usage of Plavix.

784.   As more particularly pled below, aforementioned Ingesting Plaintiff, Gerald C. Short, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

785.   Spouse Plaintiff, Donna M. Short, is a natural person and spouse of Ingesting Plaintiff, Gerald C. Short.

786.   Ingesting Plaintiff, Larry C. Hudnall, a natural person, is a citizen and resident of the State of Arizona. Larry C. Hudnall, currently, and at all times material to this complaint, resides at 1545 East Sahuaro Drive, Unit 8, Phoenix, AZ 85020.

787.    Ingesting Plaintiff Larry C. Hudnall's injuries were caused by the usage of Plavix.

788.    As more particularly pled below, aforementioned Ingesting Plaintiff, Larry C. Hudnall, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

789.    Ingesting Plaintiff, Harvey M. Hilvitz, a natural person, is a citizen and resident of the State of Colorado. Harvey M. Hilvitz, currently, and at all times material to this complaint, resides at 5447 Stonemoor Drive, Pueblo, CO 81005.

790.    Ingesting Plaintiff Harvey M. Hilvitz's injuries were caused by the usage of Plavix.

791.    As more particularly pled below, aforementioned Ingesting Plaintiff, Harvey M. Hilvitz, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

792.    Spouse Plaintiff Sandra K. Hilvitz, is a natural person and spouse of Ingesting Plaintiff Harvey M. Hilvitz.

793.    Ingesting Plaintiff, George M. Morris, a natural person, is a citizen and resident of the State of Florida. George M. Morris, currently, and at all times material to this complaint, resides at 8060 Grove Road, Brooksville, FL 34602.

794.    Ingesting Plaintiff George M. Morris's injuries were caused by the usage of Plavix.

795.    As more particularly pled below, aforementioned Ingesting Plaintiff, George M. Morris, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

796.    Ingesting Plaintiff, Barbara J. Quirk, a natural person, is a citizen and resident of the State of Florida. Barbara J. Quirk, currently, and at all times material to this complaint, resides at 1234 Reynolds Road #253, Lakeland, FL 33801.

797.    Ingesting Plaintiff Barbara J. Quirk's injuries were caused by the usage of Plavix.

798.    As more particularly pled below, aforementioned Ingesting Plaintiff, Barbara J. Quirk, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

799.    Spouse Plaintiff John Quirk, is a natural person and spouse of Ingesting Plaintiff Barbara J. Quirk.

800.    Ingesting Plaintiff, Jerry D. Deese, a natural person, is a citizen and resident of the State of Florida. Jerry D. Deese, currently, and at all times material to this complaint, resides at 4030 Lake Baffum Road, Lake Wales, FL 33859.

801.    Ingesting Plaintiff Jerry D. Deese's injuries were caused by the usage of Plavix.

802.    As more particularly pled below, aforementioned Ingesting Plaintiff, Jerry D. Deese, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

803.    Spouse Plaintiff Janie F. Deese, is a natural person and spouse of Ingesting Plaintiff Jerry D. Deese.

804.    Ingesting Plaintiff, Herbert R. Gray, a natural person, is a citizen and resident of the State of Florida. Herbert R. Gray, currently, and at all times material to this complaint, resides at 617 Friars Way, Orange City, FL 32763.

805.    Ingesting Plaintiff Herbert R. Gray's injuries were caused by the usage of Plavix.

806.    As more particularly pled below, aforementioned Ingesting Plaintiff, Herbert R. Gray, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

807.   Ingesting Plaintiff, Steve Cannon, a natural person, is a citizen and resident of the State of Florida. Steve Cannon, currently, and at all times material to this complaint, resides at 1930 McKinley Street, Clearwater, FL 33765.

808.   Ingesting Plaintiff Steve Cannon's injuries were caused by the usage of Plavix.

809.   As more particularly pled below, aforementioned Ingesting Plaintiff, Steve Cannon, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

810.   Spouse Plaintiff Monica Cannon, is a natural person and spouse of Ingesting Plaintiff, Steve Cannon.

811.   Ingesting Plaintiff, Richard T. Conlon, a natural person, is a citizen and resident of the State of Georgia. Richard T. Conlon, currently, and at all times material to this complaint, resides at 1817 Bedfordshire Drive, Decatur, GA 30033.

812.   Ingesting Plaintiff Richard T. Conlon's injuries were caused by the usage of Plavix.

813.   As more particularly pled below, aforementioned Ingesting Plaintiff, Richard T. Conlon, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

814.   Spouse Plaintiff Carole Conlon, is a natural person and spouse of Ingesting Plaintiff Richard T. Conlon.

815.   Ingesting Plaintiff, James D. Rose, a natural person, is a citizen and resident of the State of Georgia. James D. Rose, currently, and at all times material to this complaint, resides at 3141 Jonesboro Road, Hampton, GA 30228.

816.   Ingesting Plaintiff James D. Rose's injuries were caused by the usage of Plavix.

817.    As more particularly pled below, aforementioned Ingesting Plaintiff, James D. Rose, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

818.    Spouse Plaintiff Nancy Rose, is a natural person and spouse of Ingesting Plaintiff James D. Rose.

819.    Ingesting Plaintiff, Stephanie L. South, a natural person, is a citizen and resident of the State of Indiana. Stephanie L. South, currently, and at all times material to this complaint, resides at 617 East 8th, Apt 1, New Albany, IN 47150.

820.    Ingesting Plaintiff Stephanie L. South's injuries were caused by the usage of Plavix.

821.    As more particularly pled below, aforementioned Ingesting Plaintiff, Stephanie L. South, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

822.    Ingesting Plaintiff, William A. Floyd, a natural person, is a citizen and resident of the State of Indiana. William A. Floyd, currently, and at all times material to this complaint, resides at 5744 Inverness Drive, Newburgh, IN 47630.

823.    Ingesting Plaintiff William A. Floyd's injuries were caused by the usage of Plavix.

824.    As more particularly pled below, aforementioned Ingesting Plaintiff, William A. Floyd, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

825.    Spouse Plaintiff Cheryl Floyd, is a natural person and spouse of Ingesting Plaintiff William A. Floyd.

826.    Ingesting Plaintiff, Charles W. Denmead, a natural person, is a citizen and resident of the State of Massachusetts. Charles W. Denmead, currently, and at all times material to this complaint, resides at 302 Palmer Street, Fall River, MA 02724.

827.    Ingesting Plaintiff Charles W. Denmead's injuries were caused by the usage of Plavix.

828.    As more particularly pled below, aforementioned Ingesting Plaintiff, Charles W. Denmead, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

829.    Spouse Plaintiff Robin Denmead, is a natural person and spouse of Ingesting Plaintiff Charles W. Denmead.

830.    Ingesting Plaintiff, Anthony M. Majahad, a natural person, is a citizen and resident of the State of Massachusetts. Anthony M. Majahad, currently, and at all times material to this complaint, resides at 103 Summit Ave, Unit #3, Winthrop, MA 02152.

831.    Ingesting Plaintiff Anthony M. Majahad's injuries were caused by the usage of Plavix.

832.    As more particularly pled below, aforementioned Ingesting Plaintiff, Anthony M. Majahad, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

833.    Spouse Plaintiff Dorry Majahad, is a natural person and spouse of Ingesting Plaintiff Anthony M. Majahad.

834.    Ingesting Plaintiff, John C. Cole, a natural person, is a citizen and resident of the State of Maryland. John C. Cole, currently, and at all times material to this complaint, resides at 25 Neptune Drive, Joppa, MD 21085.

835.    Ingesting Plaintiff John C. Cole's injuries were caused by the usage of Plavix.

836.    As more particularly pled below, aforementioned Ingesting Plaintiff, John C. Cole, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

837.    Spouse Plaintiff Marilyn Cole, is a natural person and spouse of Ingesting Plaintiff John C. Cole.

838.    Ingesting Plaintiff, Dennis M. Haver, a natural person, is a citizen and resident of the State of Missouri. Dennis M. Haver, currently, and at all times material to this complaint, resides at 4644 Quincy Street, St. Louis, MO 63116.

839.    Ingesting Plaintiff Dennis M. Haver's injuries were caused by the usage of Plavix.

840.    As more particularly pled below, aforementioned Ingesting Plaintiff, Dennis M. Haver, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

841.    Ingesting Plaintiff, Michael E. Dinan, a natural person, is a citizen and resident of the State of Missouri. Michael E. Dinan, currently, and at all times material to this complaint, resides at 1346 Bald Hill Road, Leslie, MO 63056.

842.    Ingesting Plaintiff Michael E. Dinan's injuries were caused by the usage of Plavix.

843.    As more particularly pled below, aforementioned Ingesting Plaintiff, Michael E. Dinan, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

844.    Spouse Plaintiff Lana L. Dinan, is a natural person and spouse of Ingesting Plaintiff Michael E. Dinan.

845.    Ingesting Plaintiff, Herbert J. Gray, a natural person, is a citizen and resident of the State of Mississippi. Herbert J. Gray, currently, and at all times material to this complaint, resides at 2 Gardenview Lane, Harrietsburg, MS 39402.

846.    Ingesting Plaintiff Herbert J. Gray's injuries were caused by the usage of Plavix.

847.    As more particularly pled below, aforementioned Ingesting Plaintiff, Herbert J. Gray, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

848.    Spouse Plaintiff Melinda H. Gray, is a natural person and spouse of Ingesting Plaintiff Herbert J. Gray.

849.    Ingesting Plaintiff, Curecle B. Edwards, a natural person, is a citizen and resident of the State of Mississippi. Curecle B. Edwards, currently, and at all times material to this complaint, resides at 209 Central Avenue, Belzoni, MS 39038.

850.    Ingesting Plaintiff Curecle B. Edwards's injuries were caused by the usage of Plavix.

851.    As more particularly pled below, aforementioned Ingesting Plaintiff, Curecle B. Edwards, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

852.    Administrator, Donna Futrell, individually and as proposed administratrix on behalf of James E. Futrell, deceased, is a natural citizen and resident of the State of North Carolina and is the wife of Decedent Futrell. Donna Futrell, currently, and at all times material to this complaint, resides at 210 Garris Street, Lasker, NC 27845.

853.    Decedent James E. Futrell's injuries were caused by the usage of Plavix.

854.    As more particularly pled below, aforementioned Administrator, Donna Futrell, individually and as proposed administratrix on behalf of James E. Futrell, deceased, maintains

that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

855.    Administrator, Donna Futrell, is a Spouse Plaintiff and spouse of Decedent James E. Futrell.

856.    Ingesting Plaintiff, Gary DiMattia, a natural person, is a citizen and resident of the State of Nevada. Gary DiMattia, currently, and at all times material to this complaint, resides at 209 South Stephanie Street, #B232, Henderson, NV 89012.

857.    Ingesting Plaintiff Gary DiMattia's injuries were caused by the usage of Plavix.

858.    As more particularly pled below, aforementioned Ingesting Plaintiff, Gary DiMattia, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

859.    Ingesting Plaintiff, Joseph F. Kane, a natural person, is a citizen and resident of the State of Nevada. Joseph F. Kane, currently, and at all times material to this complaint, resides at 7942 Quail Mountain Lane, Las Vegas, NV 89131.

860.    Ingesting Plaintiff Joseph F. Kane's injuries were caused by the usage of Plavix.

861.    As more particularly pled below, aforementioned Ingesting Plaintiff, Joseph F. Kane, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

862.    Spouse Plaintiff Wendy Kane, is a natural person and spouse of Ingesting Plaintiff Joseph F. Kane.

863.    Ingesting Plaintiff, Dora E. Horvat, a natural person, is a citizen and resident of the State of Ohio. Dora E. Horvat, currently, and at all times material to this complaint, resides at 4863 State Highway 152, Dillonvale, OH 43917.

864.    Ingesting Plaintiff Dora E. Horvat's injuries were caused by the usage of Plavix.

865.    As more particularly pled below, aforementioned Ingesting Plaintiff, Dora E. Horvat, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

866.    Ingesting Plaintiff, Cecilia A. Trotter, a natural person, is a citizen and resident of the State of Oregon. Cecilia A. Trotter, currently, and at all times material to this complaint, resides at P.O. Box 35, Turner, OR 97392.

867.    Ingesting Plaintiff Cecilia A. Trotter's injuries were caused by the usage of Plavix.

868.    As more particularly pled below, aforementioned Ingesting Plaintiff, Cecilia A. Trotter, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

869.    Spouse Plaintiff Donald R. Trotter, is a natural person and spouse of Ingesting Plaintiff Cecilia A. Trotter.

870.    Ingesting Plaintiff, Kenneth D. Kovach, a natural person, is a citizen and resident of the State of Pennsylvania. Kenneth D. Kovach, currently, and at all times material to this complaint, resides at 2092 2nd Street, Denbo, PA 15429.

871.    Ingesting Plaintiff Kenneth D. Kovach's injuries were caused by the usage of Plavix.

872.    As more particularly pled below, aforementioned Ingesting Plaintiff, Kenneth D. Kovach, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

873.    Spouse Plaintiff Shirley J. Kovach, is a natural person and spouse of Ingesting Plaintiff Kenneth D. Kovach.

874.    Ingesting Plaintiff, Donald R. Conner, a natural person, is a citizen and resident of the State of Pennsylvania. Donald R. Conner, currently, and at all times material to this complaint, resides at 1407 Spring Garden Avenue, Berwick, PA 18603.

875.    Ingesting Plaintiff Donald R. Conner's injuries were caused by the usage of Plavix.

876.    As more particularly pled below, aforementioned Ingesting Plaintiff, Donald R. Conner, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

877.    Ingesting Plaintiff, Gaspar P. Sanchez, a natural person, is a citizen and resident of Puerto Rico. Gaspar P. Sanchez, currently, and at all times material to this complaint, resides at HC1 P.O. Box 6094, Gurabo, PR 00778.

878.    Ingesting Plaintiff Gaspar P. Sanchez's injuries were caused by the usage of Plavix.

879.    As more particularly pled below, aforementioned Ingesting Plaintiff, Gaspar P. Sanchez, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

880.    Spouse Plaintiff Carmen Perez, is a natural person and spouse of Ingesting Plaintiff Gaspar P. Sanchez.

881.    Ingesting Plaintiff, Teresa J. Hudson, a natural person, is a citizen and resident of the State of South Carolina. Teresa J. Hudson, currently, and at all times material to this complaint, resides at 227 Clemson Avenue, Lot 4, Greenville, SC 29611.

882.    Ingesting Plaintiff Teresa J. Hudson's injuries were caused by the usage of Plavix.

883.    As more particularly pled below, aforementioned Ingesting Plaintiff, Teresa J. Hudson, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

884.   Ingesting Plaintiff, Janice D. Case, a natural person, is a citizen and resident of the State of South Carolina. Janice D. Case, currently, and at all times material to this complaint, resides at 1300 North Highway 25, Travelers Rest, SC 29690.

885.   Ingesting Plaintiff Janice D. Case's injuries were caused by the usage of Plavix.

886.   As more particularly pled below, aforementioned Ingesting Plaintiff, Janice D. Case, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

887.   Spouse Plaintiff Chester D. Case, is a natural person and spouse of Ingesting Plaintiff Janice D. Case.

888.   Ingesting Plaintiff, Patricia Brendlen, a natural person, is a citizen and resident of the State of South Carolina. Patricia Brendlen, currently, and at all times material to this complaint, resides at 1031 Skardon Street, Sumter, SC 29154.

889.   Ingesting Plaintiff Patricia Brendlen's injuries were caused by the usage of Plavix.

890.   As more particularly pled below, aforementioned Ingesting Plaintiff, Patricia Brendlen, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

891.   Ingesting Plaintiff, Jimmy E. Jordan, a natural person, is a citizen and resident of the State of South Carolina. Jimmy E. Jordan, currently, and at all times material to this complaint, resides at 8430 Creekstone Court, North Charleston, SC 29406.

892.   Ingesting Plaintiff Jimmy E. Jordan's injuries were caused by the usage of Plavix.

893.   As more particularly pled below, aforementioned Ingesting Plaintiff, Jimmy E. Jordan, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

894.    Spouse Plaintiff Debbie Jordan, is a natural person and spouse of Ingesting Plaintiff Jimmy E. Jordan.

895.    Administrator, Jerry A. Hargis, individually and as proposed administrator on behalf of Lorri M. Hargis, deceased, is a natural person, a citizen and resident of the State of Virginia. Jerry A. Hargis, currently, and at all times material to this complaint, resides at 3398 Eastbrook Road, Lynchburg, VA 24501.

896.    Decedent Lorri M. Hargis's injuries were caused by the usage of Plavix.

897.    As more particularly pled below, aforementioned administrator, Jerry A. Hargis, individually and as proposed administrator on behalf of Lorri M. Hargis, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

898.    Administrator Jerry A. Hargis, is a natural person and spouse of Decedent Lorri M. Hargis.

899.    Ingesting Plaintiff, Sharon Barrett, a natural person, is a citizen and resident of the State of Virginia. Sharon Barrett, currently, and at all times material to this complaint, resides at 102 E. Main Street, Berryville, VA 22611.

900.    Ingesting Plaintiff Sharon Barrett's injuries were caused by the usage of Plavix.

901.    As more particularly pled below, aforementioned Ingesting Plaintiff, Sharon Barrett, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

902.    Ingesting Plaintiff, Carolyn M. Wiley, a natural person, is a citizen and resident of the State of Virginia. Carolyn M. Wiley, currently, and at all times material to this complaint, resides at 111 Sentinel Drive, Narrows, VA 24124.

903.    Ingesting Plaintiff Carolyn M. Wiley's injuries were caused by the usage of Plavix.

904.    As more particularly pled below, aforementioned Ingesting Plaintiff, Carolyn M. Wiley, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

905.    Spouse Plaintiff Larry D. Wiley, is a natural person and spouse of Ingesting Plaintiff Carolyn M. Wiley.

906.    Ingesting Plaintiff, Naomi M. Cook, a natural person, is a citizen and resident of the State of Washington. Naomi M. Cook, currently, and at all times material to this complaint, resides at 811 West 2nd Avenue, #301, Spokane, WA 99201.

907.    Ingesting Plaintiff Naomi M. Cook's injuries were caused by the usage of Plavix.

908.    As more particularly pled below, aforementioned Ingesting Plaintiff, Naomi M. Cook, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

909.    Spouse Plaintiff George Nossek, is a natural person and spouse of Ingesting Plaintiff Naomi M. Cook.

910.    Ingesting Plaintiff, Louis Pisano, a natural person, is a citizen and resident of the State of New York. Louis Pisano, currently, and at all times material to this complaint, resides at 21 Wyona Avenue, Lindenhurst, NY 11757.

911.    Ingesting Plaintiff Louis Pisano's injuries were caused by the usage of Plavix.

912.    As more particularly pled below, aforementioned Ingesting Plaintiff, Louis Pisano, maintains that Plavix is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use.

913.   Spouse Plaintiff Angela Pisano, is a natural person and spouse of Ingesting Plaintiff Louis Pisano.

## PARTY DEFENDANTS

914.   Defendant, Bristol-Myers Squibb Company (hereinafter referred to as "BMS" or "Defendant(s)") is a pharmaceutical manufacturing and marketing company that partners with Sanofi-Aventis (now Sanofi-Aventis U.S. Inc. and Sanofi US Services Inc.) to manufacture and market Plavix in the United States.  The headquarters for Bristol-Myers Squibb Company is located at 345 Park Avenue, New York, New York, 10145-0037.

915.   Defendant, Sanofi-Aventis U.S. Inc., (hereinafter referred to as "Defendant(s)"), is a subsidiary of the French pharmaceutical company, Sanofi-Aventis, which partners with Defendant BMS to manufacture and market Plavix in the United States.  The American base for Sanofi-Aventis U.S. Inc. is 400 Somerset Corporate Boulevard, SC4-310A, Bridgewater, New Jersey 08807-0912.

916.   Defendant, Sanofi US Services Inc., (hereinafter referred to as "Defendant(s)"), is a subsidiary of the French pharmaceutical company, Sanofi-Aventis, which partners with Defendant BMS to manufacture and market Plavix in the United States.  The American base for Sanofi US Services Inc. is 400 Somerset Corporate Boulevard, SC4-310A, Bridgewater, New Jersey 08807-0912.

917.   Defendant, Sanofi-Synthelabo, Inc., (hereinafter referred to as "Defendant(s)"), is a Delaware corporation with its commercial headquarters at 90 Park Avenue, New York, New York, 10016.  Sanofi-Synthelabo, Inc., did business as Sanofi Pharmaceuticals, Inc., and was the sponsor for the application for Plavix.  Sanofi-Synthelabo, Inc., is an affiliate of Sanofi-Aventis,

Sanofi-Aventis U.S. Inc. and Sanofi US Services Inc., that was instrumental in bringing Plavix to market.

918.    Sanofi-Synthelabo, Inc., did business as Sanofi Pharmaceuticals, Inc.

919.    Sanofi-Synthelabo, Inc., doing business as Sanofi Pharmaceuticals, Inc. was the sponsor for the new drug application for Plavix.

920.    The Sanofi Defendants – Sanofi-Aventis U.S. Inc., Sanofi US Services Inc., and Sanofi-Synthelabo, Inc. will be collectively referred to as "Sanofi" in this Complaint.

921.    Each of the Sanofi Defendants were instrumental in bringing Plavix to the market in the United States.

## NATURE OF THE CASE

922.    This action is brought on behalf of all Plaintiffs, wherein Plaintiffs used the anti-platelet drug Plavix.

923.    The Plavix taken by Plaintiffs was manufactured and distributed by Defendants named herein.

924.    Defendants, BRISTOL-MYERS SQUIBB COMPANY, SANOFI-AVENTIS U.S., INC., SANOFI US SERVICES INC., and SANOFI-SYNTHELABO, INC. designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Plavix.

925.    When warning of safety and risks of Plavix, Defendants negligently and/or fraudulently represented to the medical and healthcare community, the U.S. Food and Drug Administration ("FDA"), to Plaintiffs and the public in general, that Plavix had been tested and was found to be safe and/or effective for its indicated use.

926.    Defendants concealed their knowledge of Plavix's defects, from Plaintiffs, the FDA, the public in general and/or the medical community specifically.

927.    These representations were made by Defendants with the intent of defrauding and deceiving Plaintiffs, the public in general, and the medical and healthcare community in particular, and were made with the intent of inducing the public in general, and the medical community in particular, to recommend, dispense and/or purchase Plavix for use as an anti-platelet medication, all of which evinced a callous, reckless, willful, depraved indifference to health, safety and welfare of the Plaintiffs herein.

928.    Defendants negligently and improperly failed to perform sufficient tests, if any, on patients using Plavix during clinical trials, forcing Plaintiffs, and their physicians, hospitals, and/or the FDA, to rely on safety information that applies to other anti-platelet medication, which did not entirely and/or necessarily apply to Plavix whatsoever.

929.    Defendants were negligent in failing to adhere to and/or take into consideration warnings from the FDA, which determined that Defendants were misleading the public in general, and the medical community in particular, through the use of advertisements which overstated the efficacy of Plavix and minimized the serious risks of the drug.

930.    As a result of the defective nature of Plavix, those persons who use and/or used and relied on Plavix have suffered and/or are at a greatly increased risk of serious and dangerous side effects including, suffering a heart attack, stroke, internal bleeding, blood disorder and/or death, as well as other severe personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as the need for lifelong medical treatment and/or medications, and fear of developing any of the above named health consequences.

931.    Plaintiffs herein have sustained certain of the above health consequences due to Plaintiffs' use of Plavix.

932.    Defendants concealed their knowledge of the defects in their products from Plaintiffs, and their physicians, hospitals, pharmacies, the FDA, and the public in general.

933.    Consequently, Plaintiffs seek compensatory damages as a result of Plavix, which has caused, may cause, and/or will continue to cause Plaintiffs to suffer and/or be at greatly increased risk of serious and dangerous side effects including, but not limited to, bleeding ulcers, as well as other severe personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as the need for lifelong medical treatment, monitoring and/or medications, and fear of developing any of the above named health consequences.

## **FACTUAL BACKGROUND**

934.    This is an action for damages suffered by Plaintiffs as a direct and proximate result of Defendants' negligence and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling and/or sale of Plavix.

935.    At all material times, Plavix was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendants.

936.    The Sanofi Defendants and BMS co-developed Plavix, applying in April 1997, for a rare *priority regulatory review*, by the U.S. Food and Drug Administration (FDA), which cleared the way for Defendants to bring Plavix to the market in November 1997.

937.    The rush to obtain FDA approval of Plavix is indicative of Defendants' emphasis on marketing and profit making over patient safety.

938.    Plavix was heavily marketed directly to consumers through television, magazine and Internet advertising.  It was touted as a "super-aspirin," that would give a person even greater cardiovascular benefits than a much less expensive, daily aspirin while being safer and easier on a person's stomach than aspirin.  Those assertions have proven to be false.

939.    The truth is that Defendants always knew, or if they had paid attention to the findings of their own studies, should have known, that Plavix was not more efficacious than aspirin to prevent heart attacks and strokes.  More importantly though, Defendants knew or should have known that when taking Plavix, the risk of suffering a heart attack, stroke, internal bleeding, blood disorder, or death far outweigh any potential benefit.

940.    Still, Defendants continued to exaggerate the results of their own studies and made false statements in their advertising and promotional materials for the purpose of increasing their profits from Plavix sales.

941.    The profit at stake for Defendants is enormous.  By way of illustration, in 2005, Plavix was the sixth top selling drug in the United States and Defendants enjoy annual sales of Plavix totaling $3,800,000,000.00 (3.8 billion dollars).

942.    The reasons why Defendants conducted themselves in this manner are not difficult to discern.  The profit at stake is enormous.  Plavix was responsible for $7.1 billion in net sales in 2011, and in the 15 years since it entered the market, Plavix generated $42.8 billion in sales.

943.    Defendants repeatedly thwarted the law and their duty to tell the public the truth about Plavix they were over-promoting for profit.  The FDA issued numerous letters insisting these Defendants stop their misleading, over-promotional practices.

944.    As examples, in 1998, the FDA requested Defendants stop promoting Plavix for off-label use in patients receiving arterial stents.   In the same reprimand, the FDA noted that not

only were Defendants' marketing Plavix to physicians for a treatment for which it had not been approved, but also were recommending that a non-FDA approved dosage nearly four (4) times that of other applications be given.

945.    That same FDA warning criticized Defendants' attempts at over-promotion of Plavix for unapproved use for lacking fair balance and failing to disclose any of the risks associated with its use.  In particular, the FDA criticized that Defendants were claiming to physicians, in their promotional letter, that Plavix was safe for use with other drugs.  This, said the FDA, was overstating the safety profile of Plavix.  In particular, its safety when combined with aspirin (known as "dual therapy") had not been established, yet Defendants were making a claim that the dual combination therapy of aspirin plus Plavix was safe.  This claim has now been proven to be untrue in a study called CHARISMA (the Clopidogrel for High Atherothrombotic Risk and Ischemic Stabilization, Management and Avoidance Trial), which was reported in *The New England Journal of Medicine*, April 20, 2006.

946.    Again in 1998, the FDA issued a letter demanding Defendants immediately cease distribution of advertising materials that claimed that Plavix has been proven to be more effective than aspirin.  The FDA criticized this marketing ploy as an overstatement of efficacy that is lacking in fair balance and unsubstantiated.

947.    Undaunted, Defendants were back in the business of hiding bad facts about their drug and fabricating more favorable information so they could sell large quantities of Plavix and make giant corporate profits.  In 2001, the FDA was again forced to order Defendants to immediately cease distribution of promotional materials that made unsubstantiated claims about Plavix and was misleading.  Specifically, Defendants' promotional materials mislead consumers about their own study, called CAPRIE (Clopidogrel versus Aspirin in Patients at Risk of Ischemic Events).

While Defendants' trumped-up promotional material claimed that Plavix was 19.2% better than aspirin, the actual findings of the CAPRIE study were that Plavix was not proven to be significantly more effective than aspirin-providing a 2.9% reduction in ischemic events versus a 3.47% reduction of ischemic events for the study participants who had been given aspirin. Defendants again claimed that the use of Plavix combined with aspirin was safe and effective, and again, the FDA forced Defendants to stop saying that because it had not been proven to be true.

948.    In March 2009, the FDA yet again took Defendants to task for the dissemination of misleading promotional materials.   At that time, the FDA issued a warning letter requiring Defendants to cease disseminating materials via the internet which made statements and suggestions regarding the efficacy of Plavix in patients who suffered recent heart attack, stroke or peripheral artery disease (PAD), yet "fail to communicate any risk information" (emphasis in original).   The FDA further noted in its letter that for promotional materials to be truthful and non-misleading, they must contain risk information in each part as necessary to qualify any claims made about the drug.

949.    In December 2009, a Danish observational study published in The Lancet noted that "[t]he risk of bleeding associated with treatment with clopidogrel monotherapy has previously been shown to be similar to the risk associated with high-dose aspirin monotherapy.   By contrast, we found an increased risk of bleeding in patients treated with clopidogrel alone."

950.    Following the CHARISMA study in 2006, at least three additional studies funded by Defendants have been published concerning trials in which subjects were administered Plavix plus aspirin:  (ALBION) Assessment of the Best Loading Dose of Clopidogrel to Blunt Platelet Activation, Inflammation, and Ongoing Necrosis – September 2006; (ACTIVE-A) Atrial

Fibrillation Clopidogrel Trial With Irbesartan for Prevention of Vascular Events – May 2009; and (CASPAR) Clopidogrel and Acetyl Salicylic Acid in Bypass Surgery for Peripheral Arterial Disease – October 2010.  Each of the studies demonstrated increases in bleeding events with aspirin plus Plavix versus placebo.

951.    In August 2011, researchers abruptly ended the anti-clotting arm of the National Institutes of Health SPS3 (Secondary Prevention of Small Subcortical Strokes) Trial because they found that the combination of aspirin plus Plavix was unlikely to prevent small subcortical strokes and the combination treatment yielded higher bleeding and death rates than aspirin alone.

952.    Preliminary findings of the SPS3 study showed that the risk of bleeding nearly doubled among patients on the clopidogrel/aspirin combination, compared to those on aspirin and placebo.

953.    Aspirin plus placebo had a 1.1 percent bleeding risk per year versus 2.1 percent bleeding risk for aspirin plus Plavix.

954.    The annual risk of death was also greater with combined therapy.  Aspirin plus placebo had a 1.4 percent risk of death compared to a 2.1 percent risk of death with aspirin plus Plavix.

955.    In addition to the indicated, as well as off-label uses for primary or secondary prevention of thrombotic events as more fully described above, there are a number of subgroups of patients to whom Plavix was aggressively marketed, and for whom the drug bore significant risks that were masked by Defendants dubious promotional strategies in the name of profits over safety.

956.    For example, Plavix plus aspirin was studied as an alternative to warfarin to treat patients suffering from atrial fibrillation.  In 2009, the ACTIVE-W trial was halted early due to

the clear benefits of warfarin in this subgroup of patients.  When the primary end points for the study (rates of stroke, embolism, myocardial infarction and vascular death) were combined with bleeding events, the patients in the warfarin group were significantly less likely to experience the combined events.

957.    Based on the CURE study the use of Plavix is indicated for treatment in patients suffering from Acute Coronary Syndrome (ACS) who were being managed with a coronary arterial bypass graft (CABG) from 2002 through 2010.  However, a subset analysis of the CURE conducted by the Defendants in 2004 showed no beneficial effect of adding Plavix to aspirin post-CABG. Instead of warning doctors of this lack of efficacy and continued bleeding risk post-CABG, Defendants continued to aggressively market Plavix as safe and effective post-CABG.

958.    The newly updated 2011 ACCF/AHA Guideline for Coronary Artery Bypass Graft Surgery guidelines recommend Plavix following CABG only in the presence of an allergy to aspirin.  The guidelines note that "[a] subset analysis of CABG patients from the CURE (Clopidogrel in Unstable Angina to Prevent Recurrent Ischemic Events) trial suggested that clopidogrel reduced the occurrence of cardiovascular death, MI, and stroke (14.5%) compared with placebo (16.2%). This benefit occurred primarily before surgery, however, and after CABG a difference in primary endpoints between groups was not demonstrable."

959.    The CASCADE (Clopidogrel After Surgery for Coronary Artery Disease) study was published by the American Heart Association in January 2012 and concluded that "[c]ompared with aspirin monotherapy, the combination of aspirin plus clopidogrel did not significantly reduce the process of SVG intimal hyperplasia 1 year after coronary artery bypass grafting."

960.    Plavix plus aspirin is also less effective and causes more bleeding events in elderly patients.  Although this information has been clear to Defendants at least since the CURE trials

in 2001 and the CAPRIE trials before Plavix obtained FDA approval in 1997, the Defendants elect to bury this data in a footnote in the "Clinical Trials" section of the label: "Major bleeding event rates for Plavix + aspirin by age were: <65 years = 2.5%, ≥65 to <75 years = 4.1%, ≥75 years = 5.9%."

961.    In addition to misinforming physicians and the public through their advertising to consumers and promotional materials for doctors, Defendants' drug representatives have also misinformed physicians about the proper types of patients who should be given Plavix, the duration of its proper usage, and the applications for which it is safe and FDA approved.

962.    Defendants, through their drug representatives and their promotional efforts, have encouraged physicians to prescribe Plavix to a broad population of people who would receive the same therapeutic benefit from aspirin alone, (without risking death) and to use Plavix for unapproved applications.

963.    From the outset, Defendants knew or should have known that a significant percentage of patients were genetically predisposed to have substantially diminished or no responsiveness to Plavix.  Defendants were required by law to disclose this information to the FDA but failed to do so because it knew that disclosure would lead to a reduction in the number of prescriptions written for Plavix and, consequently, a decline in sales revenue.

964.    By the end of 2006, it was clear to the scientific community that (i) Plavix must be transformed into an active metabolite by CYP enzymes in order for it to have the desired anti-platelet effect, (ii) the CYPC19 enzyme plays an important role in metabolizing Plavix, (iii) the genes encoding the CYP enzymes are polymorphic, meaning that they contain multiple alleles, and (iv) common alleles of that CYP enzyme genes lead to reduced functionality, and thus diminished or no responsiveness to Plavix.  However, there is no indication that Defendants

brought this attention of the FDA, as was required by the Food Drug and Cosmetic Act ("FDCA") and applicable regulations or to physicians to whom they were promoting the drug at that time.

965.   Moreover, Defendants responded to the adverse efficacy data by proactively encouraging physicians to prescribe higher or double doses of Plavix to affected patients, telling them that higher doses would counteract the diminished functionality of the patient's CYP system enzymes.   In other words, Defendants' improper conduct was thus not one of only omission but commission in that they told physicians that they were providing them with all pertinent facts for Plavix, even as they withheld unfavorable data regarding the CYP2C19 gene.

966.   Defendants knew that, if the FDA and medical community were fully informed that as much as 30% of the population was genetically predisposed to have diminished or no response to Plavix, then physicians would treat those patients using alternate therapies instead of Plavix. Despite having knowledge, Defendants did not include a "Black Box" warning, which would alert physicians to the drug's diminished effectiveness in poor metabolizers until only recently.

967.   Finally, in May of 2009, the FDA was compelled to add a warning to the label for Plavix regarding reduced efficacy in certain individuals.   After review of further data, the FDA highlighted the risk of Plavix's reduced efficacy in a Boxed Warning in May of 2010.   In addition to alerting patients and healthcare professionals that Plavix can be less effective in "poor metabolizers," the warning advised healthcare professionals to employ readily-available tests to determine a given patient's ability to metabolize the drug.   Pending results of this test, healthcare professionals were to consider alternative dosing or the use of other anti-platelet medications.

968.   The warning also expressly indicates that "[p]oor metabolizers treated with Plavix at recommended doses exhibit higher cardiovascular event rates following acute coronary

syndrome (ACS) or percutaneous coronary intervention (PCI) than patients with normal CYP2C19 function." The FDA indicates that between 2% and 14% of patients may be poor metabolizers for whom the drug may hold a greater lack of efficacy.

969.    In addition to the significant bleeding risks and poor metabolizers, Plavix carries with it a significant risk of developing Thrombotic Thrombocytopenic Purpura (TTP), a severe and often fatal blood disorder. TTP first appeared in the "Warnings" section of the Plavix label in 2000. From 2000 through 2005 the label stated that the reported rate of TTP in Plavix users of 4 cases per million patients exposed, which is similar to the background rate of TTP in the general population. The label no longer bears a reported TTP rate. An editorial published in the New England Journal of Medicine in September 2000 by Dr. Charles Bennett, however, suggests that the incidence of clopidogrel-associated TTP is 1 case per 8,500 to 26,000 patients treated with Plavix.

970.    From 2000 to 2005, the Plavix label indicated that no cases of TTP were seen in clinical trials of Plavix. In 2005, two cases of TTP were reported in Plavix clinical trials. The company quietly took out reference to its clinical trials in the TTP warning, but failed to notify physicians that the serious side effect of TTP was now seen in Plavix clinical trials.

971.    The result is that physicians are prescribing Plavix to people who could be safely, cheaply and effectively protected against ischemic events by a simple aspirin, to pay approximately four dollars ($4.00) a day for a dose of Plavix.

972.    Defendants' nearly eight-year run of lying to physicians and to the public about the safety and efficacy of Plavix for the sole purpose of increasing corporate profits has now been uncovered by scientific studies that reveal that not only is Plavix not worth its high price—it is dangerous.

973.    In November 2002, the CREDO (Clopidogrel for the Reduction of Events During Observation) study was published and examined the benefits of Plavix plus aspirin in preventing ischemic events in patients who have undergone percutaneous coronary intervention (PCI). Patients treated with Clopidogrel (Plavix) for one year showed a trend toward increased major bleeding, occurring in 8.8% versus 6.7% in the placebo group.

974.    In July 2004, the MATCH (Management of Atherothrombosis with Clopidogrel in High-Risk Patients with Recent Transient Ischemic Attacks or Ischemic Stroke) study was published.  Importantly, MATCH determined that the combination of Plavix and aspirin in high-risk cerebrovascular patients did not show any additional clinical benefit as compared to Plavix alone.

975.    The MATCH study author, Dr. Hans-Christoph Diener, noted that the bleeding risks associated with Plavix tend to increase over time, and suggested that the use of Plavix plus aspirin should be used for short durations only.

976.    The MATCH study author further concluded that "[a]dding aspirin to clopidogrel did not show any additional clinical benefit, and it led to more life-threatening bleeds, particularly intracranial and gastrointestinal bleeds."

977.    Although Plavix alone or in combination with aspirin is widely marketed by Defendants to be safely prescribed to patients for extended periods of time, several studies in addition to MATCH have called into question the efficacy of Plavix long-term as well as its safety to patients.  Indeed, the label for Plavix in Europe references a post-hoc analysis of the CURE study, which is the study Defendants use to drive most prescriptions of Plavix, and which notes that for patients suffering from ACS (Acute Coronary Syndrome), "beyond 3 months of treatment, the benefit observed in the clopidogrel + ASA [aspirin] group was not further

increased, whereas the risk of hemorrhage persisted."  The label for Plavix in the United States bears no such warning, although BMS and the Sanofi Defendants are aware that physicians in the U.S. routinely prescribe Plavix to patients for many years on end.

978.   The DAPT (Dual Antiplatelet Therapy After Coronary Stenting) study was published in March 2012 by the American Heart Association.  It addressed long-term Plavix use in patients who have undergone cardiac stenting procedures.  It concluded that "a 24-month clopidogrel therapy in patients who had received a balanced mixture of drug-eluting or bare-metal stents was not significantly more effective than a 6-month clopidogrel regimen in reducing the composite of death for any cause, myocardial infarction or cerebrovascular accident.  Despite the concerns raised in MATCH and in the European label, however, Defendants remain silent and keep physicians and patients in U.S. the dark concerning the lack of efficacy and significant safety risks of Plavix for long-term use.

979.   The Chan study, written about in *The New England Journal of Medicine*, and named for the scientific researcher who conducted it, showed the fallacy of Defendants' assertion that Plavix is safer and more effective for patients who have a gastrointestinal intolerance to aspirin. The Chan study compared the effects of Aspirin and Plavix on patients who had previously had stomach ulcers that had healed.  In that group, the incidence of recurring stomach bleeding was 8.6% in the Plavix group versus only .7% in the aspirin group.  Dr. Chan recommended that the prescribing guidelines for Plavix be changed so that the patients would not erroneously believe that Plavix is safer on the stomach than aspirin.

980.   The Chan study also uncovered the fact that an aspirin a day plus esomeprazole (the generic name for a cheap, over the counter proton pump inhibitor like Prilosec) is far more cost

effective for the consumer than paying for a four-dollar ($4.00) a day Plavix pill that greatly increases the risk of stomach bleeding.

981.    In March 2005, the CLARITY (Clopidogrel as Adjunctive Reperfusion Therapy) study was published in the *New England Journal of Medicine* and noted an increase in bleeding in the study subjects who received Plavix versus placebo:  "The rates of TIMI-defined major bleeding or the need for the transfusion of at least 2 units of blood were 1.8 percent in the clopidogrel group and 1.3 percent in the placebo group (P=0.28)."

982.    In November 2005, the COMMIT (Clopidogrel and Metoprolol in Myocardial Infarction Trial) study was published in *The Lancet*, and studied the addition of clopidogrel to aspirin in 45,852 patients with acute myocardial infarction and noted an increase in bleeding in subjects who received Plavix versus placebo.

983.    Most recently, the CHARISMA trial uncovered another truth about Plavix.  It found that Plavix plus aspirin (dual therapy) is only minimally more effective than aspirin plus placebo at preventing atherothrombotic events.  But more importantly, it found that in patients who do not have peripheral arterial disease (PAD) or acute coronary syndrome (ACS), Plavix plus aspirin (dual therapy) poses a 20% increased risk to the patient of suffering bleeding injuries, heart attacks, stroke and death.  In other words, in those patients without ACS or PAD, dual therapy with aspirin and Plavix does more harm than good.

984.    The comments of the lead investigator on the CHARISMA trial, Eric Topol, M.D. spoke directly to the dangers of the combination of Plavix plus aspirin:  "The most stunning result was the suggestion of harm in the primary-prevention subgroup [*i.e* those patients who had not previously suffered heart attacks and strokes].  Not one of the 600 investigators expected this group to be harmed, and I don't believe it's a fluke."

120

985.   Despite the growing body of scientific knowledge that the four-dollar ($4.00) Plavix pill was not much better than a four-cent-a-day aspirin, Defendants kept promoting it to the public and to physicians, using hyperbole and outright falsification in the process.

986.   The label for Plavix drug products, known as the "Package Insert" was developed by Defendants and accompanied all Plavix prescription drug products and/or samples and was published in the Physician's Desk Reference.

987.   Drug labeling is to include accurate information concerning a drug's active and inactive ingredients, clinical pharmacology, indications, usage, efficacy, contraindications, warnings, precautions and side effects.

988.   Defendants failed to fully, truthfully and accurately communicate the safety and efficacy of Plavix drug products and intentionally and fraudulently misled the medical community, physicians, Plaintiffs' physicians, Plaintiffs, and Spouse Plaintiffs about the risks associated with Plavix.

989.   Defendants fraudulently and aggressively promoted Plavix drug products to physicians for use in patients, such as Ingesting Plaintiffs and Decedents, through medical journal advertisements, use of mass mailings, and direct communications, as well as other promotional materials including package inserts, Physician Desk Reference, monographs and patient brochures, leaflets and handouts as these materials downplayed the significance of the adverse effects of Plavix.

990.   At all relevant times hereto, Defendants did not investigate the accuracy of the Plavix drug product labeling.

991.    Defendants were negligent in failing to report published articles and overwhelming scientific evidence of the true effects described above to the FDA, healthcare providers and patients, including Plaintiffs.

992.    Defendants were required to report literature and papers; and, to undertake action to reflect truthful and accurate information in its labeling and promotional materials and failed to do so.

993.    Defendants are under a duty to ensure that their Plavix drug product labels are accurate.

994.    Defendants failed to ensure its Plavix warnings to the medical community were accurate and adequate and breached this duty.

995.    Defendants have a duty to conduct post market safety surveillance; to review all adverse drug event information, and to report any information bearing on the risk and/or prevalence of side effects caused by Plavix drug products, the medical community, Ingesting Plaintiffs and Decedents' physicians, Ingesting Plaintiffs and Decedents, and other foreseeable users and failed to fulfill this duty.

996.    Defendants breached their duty to the medical community, Ingesting Plaintiffs and Decedents' physicians, Ingesting Plaintiffs and Decedents, and other foreseeable users similarly situated because they failed to conduct post market safety surveillance of Plavix, and failed to report any significant data regarding the adequacy and/or accuracy of its warnings, efficacy, or safety of their Plavix drug products.

997.    Defendants breached their duty to the medical community, Ingesting Plaintiffs and Decedents' physicians, Ingesting Plaintiffs and Decedents, and other foreseeable users similarly situated because Defendants failed to review all adverse drug event information (ADE), and to

report any information bearing upon the adequacy and/or accuracy of its warnings, efficacy, or safety, including the risks and/or prevalence of side effects caused by Plavix drug products to said persons and other foreseeable users.

998.   Defendants breached their duty to the medical community, Ingesting Plaintiffs and Decedents' physicians, Ingesting Plaintiffs and Decedents, and other foreseeable users similarly situated because it failed to periodically review all medical literature and failed to report significant data concerning the lack of efficacy and side effects associated with Plavix.

999.   Defendants knew or should have known about the side effects and risks, as well as the misleading and inaccurate information contained in Plavix drug product labels when it knowingly and intentionally withheld that information and or failed to report that information to the medical community, physicians, Ingesting Plaintiffs and Decedents, Ingesting Plaintiffs and Decedents' physicians and other foreseeable users.

1000.   At all times material hereto, Defendants were aware of the serious side effects described herein which were caused by Plavix drug products and failed to fulfill the obligation to report and divulge said side effects, and in doing so, misled the medical community, physicians, Ingesting Plaintiffs and Decedents' physicians, Ingesting Plaintiffs and Decedents, and other foreseeable users about the safety and efficacy of Plavix drug products.

1001.   At all times material hereto, Defendants knew or should have known that physicians and Ingesting Plaintiffs and Decedents were unaware of or did not fully appreciate the seriousness of the risks associated with use of Plavix drug products and the lack of benefit.

1002.   At the time Defendants made the above-described representations, Ingesting Plaintiffs and Decedents, and Ingesting Plaintiffs and Decedents' physicians were ignorant of the falsity of the representations and reasonably believed them to be true.

1003.   Consumers, including Ingesting Plaintiffs and Decedents in this Complaint, who have used Plavix to prevent heart attacks, blood clots, embolisms, strokes, and other reasons have several alternative safer products available to prevent the conditions and have not been adequately warned about the significant risks and lack of benefits associated with Plavix therapy.

1004.   Ingesting Plaintiff, Theresa A. Evans, was prescribed Plavix on or about March of 2008 and continued on Plavix until on or about December of 2010.  On or about June of 2010, Theresa A. Evans suffered from injuries including but not limited to Bleeding Ulcers; Gastrointestinal Bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1005.   Ingesting Plaintiff, Gerald J. Arcement, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about August of 2011.  On or about June of 2011, Gerald J. Arcement suffered from injuries including but not limited to Gastrointestinal Bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1006.   Ingesting Plaintiff, Gerald Bibby, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about December of 2010.  On or about May of 2010, Gerald Bibby suffered from injuries including but not limited to cerebral bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1007.   Ingesting Plaintiff, Hugh Bonnar, was prescribed Plavix on or about November of 1997.  On or about May of 2010, Hugh Bonnar suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1008.   Decedent, Glenna L. Bowles, was prescribed Plavix on or about December of 2008 and continued on Plavix until on or about July of 2010.  Beginning on or around June of 2010 until on or around July 2010, Glenna L. Bowles suffered from injuries including but not limited

to bleeding ulcers, gastrointestinal bleeding and death all resulting from Decedent's ingestion of Plavix.

1009.   Decedent, Teresa J. Bowling, was prescribed Plavix on or about October of 2000 and continued on Plavix until on or about May of 2012.  Beginning on or around December of 2011 until on or around June 2012, Teresa J. Bowling suffered from injuries including but not limited to gastrointestinal bleeding, stroke, and death all resulting from Decedent's ingestion of Plavix.

1010.   Ingesting Plaintiff, Mary R. Bozarth, was prescribed Plavix on or about June of 1999 and continued on Plavix until on or about July of 2010.  On or about July of 2010, Mary R. Bozarth suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1011.   Decedent, William E. Brown, was prescribed Plavix on or about July of 2010 and continued on Plavix until on or about August of 2010.  Beginning on or around July of 2010 until on or around August 2010, William E. Brown suffered from injuries including but not limited to cerebral bleeding, stroke and death all resulting from Decedent's ingestion of Plavix.

1012.   Ingesting Plaintiff, Andrew J. Cofelice, was prescribed Plavix on or about November of 2005 and continued on Plavix until on or about May of 2009.  On or about May of 2009, Andrew J. Cofelice suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1013.   Ingesting Plaintiff, Anita M. Coleman, was prescribed Plavix on or about January of 2007.  On or about June of 2010, Anita M. Coleman suffered from injuries including but not limited to Gastrointestinal Bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1014.   Decedent, Robert D. Crowding, was prescribed Plavix on or about February of 2009 and continued on Plavix until on or about June of 2010.  Beginning on or about June of 2010 until on or around May of 2012, Robert D. Crowding suffered from injuries including but not limited to bleeding ulcers, heart attack, and death all resulting from Decedent's ingestion of Plavix.

1015.   Ingesting Plaintiff, Elizabeth M. Davidson, was prescribed Plavix on or about November of 2009 and continued on Plavix until on or about June of 2010.  On or about June of 2010, Elizabeth M. Davidson suffered from injuries including but not limited to Gastrointestinal Bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1016.   Ingesting Plaintiff, Raymond L. Drahos, was prescribed Plavix on or about June of 2008 and continued on Plavix until on or about December of 2011.  On or about June of 2010, Raymond L. Drahos suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1017.   Ingesting Plaintiff, John Ecker, was prescribed Plavix on or about April of 2009 and continued on Plavix until on or about October of 2010.  On or about June of 2010, John Ecker suffered from injuries including but not limited to Gastrointestinal Bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1018.   Ingesting Plaintiff, Vera M. Evans, was prescribed Plavix on or about September of 2007.  On or about June of 2010, Vera M. Evans suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1019.   Ingesting Plaintiff, Georgiana Fontenot, was prescribed Plavix on or about January of 2008 and continued on Plavix until on or about July of 2011.  On or about July of 2011,

Georgiana Fontenot suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1020.   Ingesting Plaintiff, Danny E. Fox, was prescribed Plavix on or about March of 2007 and continued on Plavix until on or about March of 2012.  On or about July of 2010, Danny E. Fox suffered from injuries including but not limited to gastrointestinal bleeding and heart attack all resulting from Ingesting Plaintiff's ingestion of Plavix.

1021.   Ingesting Plaintiff, Gaston L. Ghegan, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about March of 2011.  On or about July of 2010, Gaston L. Ghegan suffered from injuries including but not limited to stroke all resulting from Ingesting Plaintiff's ingestion of Plavix.

1022.   Ingesting Plaintiff, Linda L. Gibson, was prescribed Plavix on or about November of 1997.  On or about June of 2011, Linda L. Gibson suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1023.   Ingesting Plaintiff, Sam J. Goldsberry, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about December of 2011.  On or about July of 2010, Sam J. Goldsberry suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1024.   Ingesting Plaintiff, Shirley Goudreault, was prescribed Plavix on or about January of 2005.  On or about May of 2009, Shirley Goudreault suffered from injuries including but not limited to gastrointestinal bleeding and heart attack all resulting from Ingesting Plaintiff's ingestion of Plavix.

1025.   Ingesting Plaintiff, Ronald R. Gutridge, was prescribed Plavix on or about January of 2010 and continued on Plavix until on or about January of 2012.  On or about June of 2011,

Ronald R. Gutridge suffered from injuries including but not limited to  bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1026.   Ingesting Plaintiff, Audu Hamed, was prescribed Plavix on or about June of 2000 and continued on Plavix until on or about July of 2010.  On or about July of 2010, Audu Hamed suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1027.   Ingesting Plaintiff, Ronald J. Hart, was prescribed Plavix on or about December of 2008 and continued on Plavix until on or about July of 2010.  On or about July of 2010, Ronald J. Hart suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1028.   Decedent, David W. Hayes, was prescribed Plavix on or about July of 2009 and continued on Plavix until on or about July of 2009.  Beginning on or about July of 2009, David W. Hayes suffered from injuries including but not limited to bleeding ulcers, gastrointestinal bleeding and death all resulting from Decedent's ingestion of Plavix.  Decedent was unaware the Decedent's injuries were caused by Plavix until within two years of filing this complaint.

1029.   Ingesting Plaintiff, Betty Lou S. Hoover, was prescribed Plavix on or about July of 2004 and continued on Plavix until on or about August of 2008.  On or about July of 2008, Betty Lou S. Hoover suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1030.   Ingesting Plaintiff, Avery Q. Hovis, was prescribed Plavix on or about July of 2006 and continued on Plavix until on or about July of 2007.  On or about July of 2007, Avery Q. Hovis suffered from injuries including but not limited to gastrointestinal bleeding all resulting

from Ingesting Plaintiff's ingestion of Plavix.   Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1031.   Ingesting Plaintiff, Dennis Howell, was prescribed Plavix on or about September of 2009 and continued on Plavix until on or about July of 2010.  On or about June of 2010, Dennis Howell suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1032.   Ingesting Plaintiff, Gwendolyn D. Jackson, was prescribed Plavix on or about July of 2009 and continued on Plavix until on or about June of 2010.   On or about May of 2010, Gwendolyn D. Jackson suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1033.   Ingesting Plaintiff, Larry N. Johnson, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about June of 2010.  On or about June of 2010, Larry N. Johnson suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1034.   Ingesting Plaintiff, Paula L. Johnson, was prescribed Plavix on or about January of 1998 and continued on Plavix until on or about September of 2011.  On or about July of 2011, Paula L. Johnson suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1035.   Ingesting Plaintiff, Brenda B. Jordan, was prescribed Plavix on or about January of 2005.  On or about June of 2008, Brenda B. Jordan suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1036.   Ingesting Plaintiff, Thomas King, was prescribed Plavix on or about June of 2007 and continued on Plavix until on or about June of 2010.  On or about June of 2010, Thomas King suffered from injuries including but not limited to cerebral bleeding and stroke all resulting from Ingesting Plaintiff's ingestion of Plavix.

1037.   Ingesting Plaintiff, Waverly B. Ledbetter, was prescribed Plavix on or about October of 2002 and continued on Plavix until on or about August of 2011.  On or about July of 2011, Waverly B. Ledbetter suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1038.   Ingesting Plaintiff, Bernice Mayeux, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Bernice Mayeux suffered from injuries including but not limited to cerebral bleeding and heart attack all resulting from Ingesting Plaintiff's ingestion of Plavix.

1039.   Ingesting Plaintiff, William R. McLuckie, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about August of 2009.  On or about July of 2009, William R. McLuckie suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.   Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1040.   Ingesting Plaintiff, Charles F. Novitski, was prescribed Plavix on or about October of 2009 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Charles F. Novitski suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1041.   Decedent, Michelle R. Parria, was prescribed Plavix on or about January of 2009. Beginning on or about July of 2011, Michelle R. Parria suffered from injuries including but not limited to bleeding ulcers and death all resulting from Decedent's ingestion of Plavix.

1042.   Ingesting Plaintiff, Grace M. Peek, was prescribed Plavix on or about August of 2009.  On or about May of 2011, Grace M. Peek suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1043.   Ingesting Plaintiff, Walter A. Porterfield, was prescribed Plavix on or about January of 2003.  On or about July of 2010, Walter A. Porterfield suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1044.   Decedent, Ola J. Ratledge, was prescribed Plavix on or about July of 2011 and continued on Plavix until on or about July of 2011.  Beginning on or around July of 2011 until on or around August 2011, Ola J. Ratledge suffered from injuries including but not limited to cerebral bleeding and death all resulting from Decedent's ingestion of Plavix.

1045.   Decedent, Mary G. Richardson, was prescribed Plavix on or about November of 2008 and continued on Plavix until on or about July of 2009.  Beginning on or about July of 2009 until on or about November 2012, Mary G. Richardson suffered from injuries including but not limited to cerebral bleeding and death all resulting from Decedent's ingestion of Plavix. Decedent was unaware the Decedent's injuries were caused by Plavix until within two years of filing this complaint.

1046.   Ingesting Plaintiff, Joseph S. Robinson, was prescribed Plavix on or about February of 2008 and continued on Plavix until on or about February of 2011.  On or about June of 2011, Joseph S. Robinson suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1047.  Decedent, Roy J. Rogers, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about July of 2010.  On or about July of 2010, Roy J. Rogers suffered from injuries including but not limited to gastrointestinal bleeding, heart attack and death all resulting from Decedent's ingestion of Plavix.

1048.  Ingesting Plaintiff, Gracie M Seats, was prescribed Plavix on or about November of 2010 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Gracie M Seats suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1049.  Decedent, Clochetta S. Shelton, was prescribed Plavix on or about November of 2008 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Clochetta S. Shelton suffered from injuries including but not limited to cerebral bleeding and death all resulting from Decedent's ingestion of Plavix.

1050.  Ingesting Plaintiff, Evelyn M. Snell, was prescribed Plavix on or about November of 1997.  On or about June of 2010, Evelyn M. Snell suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1051.  Ingesting Plaintiff, Harold L. Stockstill, was prescribed Plavix on or about April of 2008 and continued on Plavix until on or about July of 2010.  On or about July of 2010, Harold L. Stockstill suffered from injuries including but not limited to bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1052.  Decedent, Ricardo C. Suarez, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about July of 2010.  Beginning on or around July of 2010 until on or around March of 2012, Ricardo C. Suarez suffered from injuries including but not limited to cerebral bleeding, stroke and death all resulting from Decedent's ingestion of Plavix.

1053.   Ingesting Plaintiff, Carmela Taylor, was prescribed Plavix on or about January of 2008 and continued on Plavix until on or about July of 2010.  On or about July of 2010, Carmela Taylor suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1054.   Ingesting Plaintiff, Marvin L. Todd, was prescribed Plavix on or about January of 2008.  On or about June of 2010, Marvin L. Todd suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1055.   Decedent, Richard E. Van Ry, was prescribed Plavix on or about January of 2004 and continued on Plavix until on or about June of 2010.  Beginning on or around January of 2007 until on or around June 2010, Richard E. Van Ry suffered from injuries including but not limited to cerebral bleeding, gastrointestinal bleeding and death all resulting from Decedent's ingestion of Plavix.  Decedent was unaware the Decedent's injuries were caused by Plavix until within two years of filing this complaint.

1056.   Ingesting Plaintiff, Wanda W. Ventres, was prescribed Plavix on or about February of 2007.  On or about June of 2010, Wanda W. Ventres suffered from injuries including but not limited to bleeding ulcers and death all resulting from Ingesting Plaintiff's ingestion of Plavix.

1057.   Decedent, Linda K. Wargo, was prescribed Plavix on or about January of 2004 and continued on Plavix until on or about December of 2011.  Beginning on or about August of 2011, Linda K. Wargo suffered from injuries including but not limited to cerebral bleeding, heart attack, stroke and death all resulting from Decedent's ingestion of Plavix.

1058.   Decedent, Francis W. Wiley, was prescribed Plavix on or about November of 2000 and continued on Plavix until on or about June of 2009.  On or about June of 2009, Francis W. Wiley suffered from injuries including but not limited to cerebral bleeding and death all resulting

from Decedent's ingestion of Plavix.   Decedent was unaware the Decedent's injuries were caused by Plavix until within two years of filing this complaint.

1059.   Ingesting Plaintiff, Geraldine Jackson, was prescribed Plavix on or about January of 2004 and continued on Plavix until on or about March of 2011.   On or about January of 2011, Geraldine Jackson suffered from injuries including but not limited to bleeding and cerebral bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1060.   Ingesting Plaintiff, Anne Caffyn, was prescribed Plavix on or about July of 2003 and continued on Plavix until on or about November of 2011.   Beginning on or around April 2005 of 2011 until on or around January 2010, Anne Caffyn suffered from injuries including but not limited to bleeding ulcers, heart attack and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.   Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1061.   Decedent, Viola Fagans, was prescribed Plavix on or about July of 2008 and continued on Plavix until on or about December of 2010.   Beginning on or about January of 2010, Viola Fagans suffered from injuries including but not limited to bleeding ulcers, heart attack, cerebral bleeding, gastrointestinal bleeding, and death all resulting from Decedent's ingestion of Plavix.

1062.   Ingesting Plaintiff, Tyrone B. Furman, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about December of 2011.   On or about January of 2009, Tyrone B. Furman suffered from injuries including but not limited to bleeding ulcers and Thrombotic Thrbocytopenic Purpura (TTP) all resulting from Ingesting Plaintiff's ingestion of Plavix.

1063.  Decedent, Bethel C. Brown, was prescribed Plavix on or about September of 2009 and continued on Plavix until on or about January of 2012.  Beginning on or around January of 2011 until on or around January 2012, Bethel C. Brown suffered from injuries including but not limited to heart attack, gastrointestinal bleeding and death all resulting from Decedent's ingestion of Plavix.

1064.  Ingesting Plaintiff, Harry E. Greene, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about December of 2011.  On or about January of 2011, Harry E. Greene suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1065.  Ingesting Plaintiff, William E. Hansen, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about December of 2011.  On or about January of 2011, William E. Hansen suffered from injuries including but not limited to gastrointestinal bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1066.  Decedent, Aline Killam, was prescribed Plavix on or about January of 2004 and continued on Plavix until on or about November of 2011.  Beginning on or around January of 2011 until on or around November of 2011, Aline Killam suffered from injuries including but not limited to gastrointestinal bleeding and death, all resulting from Decedent's ingestion of Plavix.

1067.  Ingesting Plaintiff, Larry Hatch, was prescribed Plavix on or about January of 2004 and continued on Plavix until on or about December of 2011.  On or about January of 2011, Larry Hatch suffered from injuries including but not limited to cerebral bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1068.   Ingesting Plaintiff, Geoffrey T. Hildreth, was prescribed Plavix on or about July of 2009.   On or about January of 2010, Geoffrey T. Hildreth suffered from injuries including but not limited to cerebral bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1069.   Ingesting Plaintiff, Robert Hill, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about January of 2011.   On or about January of 2011, Robert Hill suffered from injuries including but not limited to stroke and cerebral bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1070.   Ingesting Plaintiff, Russell R. Huskey, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about December of 2009.   On or about January of 2009, Russell R. Huskey suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1071.   Ingesting Plaintiff, Kenneth R. Keller, was prescribed Plavix on or about January of 2009.   Beginning on or around January of 2010 until on or around November of 2011, Kenneth R. Keller suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1072.   Ingesting Plaintiff, Warren M. Kellogg, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about October of 2011.   On or about March of 2011, Warren M. Kellogg suffered from injuries including but not limited to gastrointestinal bleeding, bleedign ulcers and Thrombotic Thrbocytopenic Purpura (TTP) all resulting from Ingesting Plaintiff's ingestion of Plavix.

1073.   Ingesting Plaintiff, Ernest W. Kitchen, was prescribed Plavix on or about January of 2000.   On or about January of 2009, Ernest W. Kitchen suffered from injuries including but not

limited to Thrombotic Thrbocytopenic Purpura (TTP) resulting from Ingesting Plaintiff's ingestion of Plavix.

1074.   Ingesting Plaintiff, Richard L. Knight, was prescribed Plavix on or about February of 2003 and continued on Plavix until on or about October of 2011.  On or about January of 2011, Richard L. Knight suffered from injuries including but not limited to cerebral bleeding and stroke all resulting from Ingesting Plaintiff's ingestion of Plavix.

1075.   Ingesting Plaintiff, Jerry L. Ledbetter, was prescribed Plavix on or about November of 2009.  On or about January of 2011, Jerry L. Ledbetter suffered from injuries including but not limited to bleeding ulcers resulting from Ingesting Plaintiff's ingestion of Plavix.

1076.   Ingesting Plaintiff, Michael E. Lewandowski, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about July of 2011.  Beginning on or around January  of 2011 until on or around July 2011, Michael E. Lewandowski suffered from injuries including but not limited to heart attack and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1077.   Ingesting Plaintiff, Minnie Lilley, was prescribed Plavix on or about January of 2003 and continued on Plavix until on or about January of 2010.  On or about January of 2010, Minnie Lilley suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1078.   Ingesting Plaintiff, Penny C. Livingston, was prescribed Plavix on or about January of 2006.  On or about January of 2011, Penny C. Livingston suffered from injuries including but not limited to stroke, gastrointestinal bleeding and bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1079.   Ingesting Plaintiff, LaVonna R. Mays, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about October of 2011.  On or about January of 2011, LaVonna R. Mays suffered from injuries including but not limited to heart attack, bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1080.   Ingesting Plaintiff, Melvin McCrosky, was prescribed Plavix on or about July of 2007 and continued on Plavix until on or about June of 2011.  Beginning on or around September of 2009 until on or around June of 2011, Melvin McCrosky suffered from injuries including but not limited to stroke and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1081.   Ingesting Plaintiff, Everett M. McPike, was prescribed Plavix on or about January of 2006.  On or about January of 2010, Everett M. McPike suffered from injuries including but not limited to heart attack and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1082.   Ingesting Plaintiff, Jeffry J. Mengel, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about December of 2010.  On or about January of 2010, Jeffry J. Mengel suffered from injuries including but not limited to bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1083.   Ingesting Plaintiff, Reynold Mohammed, was prescribed Plavix on or about March of 2003.  Beginning on or around February 2008 until on or around January 2009, Reynold Mohammed suffered from injuries including but not limited to heart attack and bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1084.   Ingesting Plaintiff, James G. Norman, was prescribed Plavix on or about May of 2010 and continued on Plavix until on or about October 2011.  Beginning on or around January 2011

until on or around September 2011, James G. Norman suffered from injuries including but not limited to bleeding ulcers, heart attack and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1085.   Ingesting Plaintiff, Howard L. Phillips, was prescribed Plavix on or about January of 2002 and continued on Plavix until on or about December 2011.  On or about January of 2011, Howard F. Phillips suffered from injuries including but not limited to bleeding ulcers resulting from Ingesting Plaintiff's ingestion of Plavix

1086.   Ingesting Plaintiff, Linda F. Phillips, was prescribed Plavix on or about January of 2008.  On or about January of 2011, Linda F. Phillips suffered from injuries including but not limited to bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1087.   Ingesting Plaintiff, Patricia G. Pledger, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about December 2011.  On or about January of 2011, Patricia G. Pledger suffered from injuries including but not limited to gastrointestinal bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1088.   Decedent, Norma M. Richard, was prescribed Plavix on or about May of 2008.  Starting on or about January of 2011, Norma M. Richard suffered from injuries including but not limited to cerebral bleeding, bleeding ulcers, gastrointestinal bleeding, and death all resulting from Decedent's ingestion of Plavix.

1089.   Ingesting Plaintiff, Miguel A. Rivas, was prescribed Plavix on or about January of 2008 and continued on Plavix until on or about December of 2010.  On or about January of 2010, Miguel A. Rivas suffered from injuries including but not limited to bleeding ulcers resulting from Ingesting Plaintiff's ingestion of Plavix.

1090.  Ingesting Plaintiff, Brenda B. Jordan, was prescribed Plavix on or about January of 2005.  On or about June of 2008, Brenda B. Jordan suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1091.  Decedent, Gwendolyn Macklin, was prescribed Plavix on or about April of 2008 and continued on Plavix until on or about July of 2009.  Beginning on or around January 2011 until on or around January 2012, Gwendolyn Macklin suffered from injuries including but not limited to gastrointestinal bleeding and death all resulting from Decedent's ingestion of Plavix.

1092.  Ingesting Plaintiff, Rose Creighton, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about November of 2011.  On or about February of 2011, Rose Creighton suffered from injuries including but not limited to gastrointestinal bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1093.  Ingesting Plaintiff, Catherine Parson, was prescribed Plavix on or about January of 2010 and continued on Plavix until on or about April of 2011.  On or about April of 2011, Catherine Parson suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1094.  Ingesting Plaintiff, Betty L. Simpson, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about January of 2010.  On or about January of 2010, Betty L. Simpson suffered from injuries including but not limited to bleeding ulcers resulting from Ingesting Plaintiff's ingestion of Plavix.

1095.  Ingesting Plaintiff, Ruth E. Slye, was prescribed Plavix on or about January of 2007. On or about January of 2011, Ruth E. Slye suffered from injuries including but not limited to gastrointestinal bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1096.  Decedent, Shirley Waibel, was prescribed Plavix on or about August of 2009 and continued on Plavix until on or about November of 2011.  Beginning on or around January of 2011 until on or around January 2012, Shirley Waibel suffered from injuries including but not limited to gastrointestinal bleeding, stroke and death all resulting from Decedent's ingestion of Plavix.

1097.  Ingesting Plaintiff, Brandon C. Smith, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about January of 2011.  On or about January of 2011, Brandon C. Smith suffered from injuries including but not limited to gastrointestinal bleeding and bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1098.  Ingesting Plaintiff, Charles W. Sweeney, was prescribed Plavix on or about April of 2007 and continued on Plavix until on or about December of 2011.  Beginning on or around January of 2008 until on or around January of 2011, Charles W. Sweeney suffered from injuries including but not limited to cerebral bleeding, bleedign ulcer and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1099.  Decedent, Arbra D. Watson, was prescribed Plavix on or about January of 2000 and continued on Plavix until on or about September of 2011.  Beginning on or around January of 2011 until on or around September of 2011, Arbra D. Watson suffered from injuries including but not limited to bleeding, heart attack and death all resulting from Decedent's ingestion of Plavix.

1100.   Ingesting Plaintiff, Zilpha S. Touchton, was prescribed Plavix on or about May of 2006 and continued on Plavix until on or about January of 2011. On or about January of 2011, Zilpha S. Touchton suffered from injuries including but not limited to gastrointestinal bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1101.   Ingesting Plaintiff, Peggy Turner, was prescribed Plavix on or about January of 2009. On or about January of 2010, Peggy Turner suffered from injuries including but not limited to gastrointestinal bleeding, bleeding ulcers and Thrombotic Thrbocytopenic Purpura (TTP) all resulting from Ingesting Plaintiff's ingestion of Plavix.

1102.   Ingesting Plaintiff, Bobby J. Walker, was prescribed Plavix on or about January of 2005.  On or about January of 2010, Bobby J. Walker suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1103.   Decedent, Stephen J. Woolls, was prescribed Plavix on or about May of 2007 and continued on Plavix until on or about September of 2011.  Beginning on or about January of 2010, Stephen J. Woolls suffered from injuries including but not limited to gastrointestinal bleeding and death resulting from Decedent's ingestion of Plavix.

1104.   Ingesting Plaintiff, Preston C. Wooten, was prescribed Plavix on or about January of 2003 and continued on Plavix until on or about December of 2009.  On or around January of 2009, Preston C. Wooten suffered from injuries including but not limited to bleeding ulcers, all resulting from Ingesting Plaintiff's ingestion of Plavix.

1105.   Ingesting Plaintiff, Van R. Young, was prescribed Plavix on or about May of 2003 and continued on Plavix until on or about December of 2011.  Beginning on or around June of 2010 until on or around January of 2011, Van R. Young suffered from injuries including but not

limited to heart attack, bleeding and Thrombotic Thrbocytopenic Purpura (TTP) all resulting from Ingesting Plaintiff's ingestion of Plavix.

1106.   Ingesting Plaintiff, Michele A. Redmond, was prescribed Plavix on or about January of 2007.  On or about January of 2011, Michele A. Redmond suffered from injuries including but not limited to heart attack, stroke, bleeding ulcers, gastrointestinal bleeding and Thrombotic Thrbocytopenic Purpura (TTP) all resulting from Ingesting Plaintiff's ingestion of Plavix.

1107.   Ingesting Plaintiff, Marvin E. Depuy, was prescribed Plavix on or about March of 2005 and continued on Plavix until on or about October of 2011.  On or about January of 2010, Marvin E. Depuy suffered from injuries including but not limited to gastrointestinal bleeding and cerebral bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1108.   Ingesting Plaintiff, Michael J. LaRocco, was prescribed Plavix on or about January of 2003 and continued on Plavix until on or about January of 2011.  On or about January of 2011, Michael J. LaRocco suffered from injuries including but not limited to stroke resulting from Ingesting Plaintiff's ingestion of Plavix.

1109.   Decedent, Thomas E. Gilliam, was prescribed Plavix on or about April of 2004 and continued on Plavix until on or about January of 2011.  Beginning on or around November of 2005 until on or around January of 2011, Thomas E. Gilliam suffered from injuries including but not limited to heart attack, stroke, cerebral bleeding, and death all resulting from Decedent's ingestion of Plavix.

1110.   Decedent, Jerry E. Alday, was prescribed Plavix on or about April of 2004 and continued on Plavix until on or about April of 2010.  Beginning on or about January of 2010, Jerry E. Alday suffered from injuries including but not limited to gastrointestinal bleeding, bleeding ulcers, and death all resulting from Decedent's ingestion of Plavix.

1111.   Ingesting Plaintiff, Nancy A. Davie, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about December of 2010.  On or about April of 2010, Nancy A. Davie suffered from injuries including but not limited to cerebral bleeding and heart attack all resulting from Ingesting Plaintiff's ingestion of Plavix.

1112.   Ingesting Plaintiff, Karl A. Litzau, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about December of 2009.  On or about January of 2010, Karl A. Litzau suffered from injuries including but not limited to gastrointestinal bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1113.   Ingesting Plaintiff, Pamela L. Beazley, was prescribed Plavix on or about June of 2008 and continued on Plavix until on or about January of 2012.  On or about January of 2012, Pamela L. Beazley suffered from injuries including but not limited to cerebral bleeding  resulting from Ingesting Plaintiff's ingestion of Plavix.

1114.   Ingesting Plaintiff, Kenneth B. Mumaw, was prescribed Plavix on or about April of 2008 and continued on Plavix until on or about January of 2010.  On or about January of 2010, Kenneth B. Mumaw suffered from injuries including but not limited to gastrointestinal bleeding resulting from Ingesting Plaintiff's ingestion of Plavix.

1115.   Decedent, Dennis E. Robinson, was prescribed Plavix on or about September of 2008 and continued on Plavix until on or about January of 2011.  Beginning on or around June of 2010 until on or around January of 2011, Dennis E. Robinson suffered from injuries including but not limited to stroke, cerebral bleeding and death all resulting from Decedent's ingestion of Plavix.

1116.   Decedent, Clifford W. Freer, was prescribed Plavix on or about November of 2008 and continued on Plavix until on or about January 2011.  On or about January of 2011, Clifford

W. Freer suffered from injuries including but not limited to cerebral bleeding and death all resulting from Decedent's ingestion of Plavix.

1117.   Decedent, Joseph E. Garrett, was prescribed Plavix on or about March of 2011 and continued on Plavix until on or about June of 2011.  Beginning on or around January of 2011 until on or around October of 2012, Joseph E. Garrett suffered from injuries including but not limited to gastrointestinal bleeding and death all resulting from Decedent's ingestion of Plavix.

1118.   Decedent, Doris Mae Freeman, was prescribed Plavix on or about February of 2006 and continued on Plavix until on or about January of 2011.  On or about January of 2011, Doris Mae Freeman suffered from injuries including but not limited to cerebral bleeding and death all resulting from Decedent's ingestion of Plavix.

1119.   Decedent, Anthony F. Divon, was prescribed Plavix on or about November of 1997 and continued on Plavix until on or about January of 2011.  On or about January of 2011, Anthony F. Divon suffered from injuries including but not limited to heart attack, Thrombotic Thrbocytopenic Purpura (TTP) and death all resulting from Decedent's ingestion of Plavix.

1120.   Ingesting Plaintiff, Samuel D. Tolbert, was prescribed Plavix on or about February of 2001 and continued on Plavix until on or about November of 2011.  On or about February of 2011, Samuel D. Tolbert suffered from injuries including but not limited to bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1121.   Ingesting Plaintiff, Donna Haughton, was prescribed Plavix on or about August of 2007 and continued on Plavix until on or about February of 2011.  On or about February of 2011, Donna Haughton suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1122.   Ingesting Plaintiff, Judy M. Martin, was prescribed Plavix on or about October of 2009.  On or about February of 2011, Judy M. Martin suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1123.   Ingesting Plaintiff, Montie G. Slaughter, was prescribed Plavix on or about January of 2003 and continued on Plavix until on or about December of 2011.  On or about February of 2011, Montie G. Slaughter suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1124.   Ingesting Plaintiff, Brian Belland, was prescribed Plavix on or about January of 2004 and continued on Plavix until on or about December of 2011.  Beginning on or around February of 2011, Brian Belland suffered from injuries including but not limited to bleeding ulcers all resulting from Ingesting Plaintiff's ingestion of Plavix.

1125.   Ingesting Plaintiff, Thomas E. May, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about December of 2010.  On or about February of 2010, Thomas E. May suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1126.   Ingesting Plaintiff, Lilyan Wolberg, was prescribed Plavix on or about June of 2010 and continued on Plavix until on or about May of 2011.  Beginning on or around February of 2011, Lilyan Wolberg suffered from injuries including but not limited to rectal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1127.   Ingesting Plaintiff, Carol A. Gagne, was prescribed Plavix on or about April of 2003 and continued on Plavix until on or about October of 2011.  On or about February of 2010, Carol

A. Gagne suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1128.   Decedent, Robert C. Stevenson, was prescribed Plavix on or about March of 2008 and continued on Plavix until on or about November of 2011.   On or about November of 2011, Robert C. Steven son suffered from injuries including but not limited to cerebral bleeding, Thrombotic Thrombocytopenic Purpura, and death all resulting from Decedent's ingestion of Plavix.

1129.   Ingesting Plaintiff, Larry E. Underkoffler, was prescribed Plavix on or about June of 2007 and continued on Plavix until on or about January of 2011.   On or about January of 2011, Larry E. Underkoffler suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1130.   Ingesting Plaintiff, Ronald H. Fletcher, was prescribed Plavix on or about March of 2008 and continued on Plavix until on or about February of 2011.   On or about January of 2011, Ronald H. Fletcher suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1131.   Decedent, Elliot Collier, was prescribed Plavix on or about October of 2008 and continued on Plavix until on or about January of 2011.   On or about January of 2011, Elliot

Collier suffered from injuries including but not limited to cerebral bleeding, stroke, and death all resulting from Decedent's ingestion of Plavix. Decedent was unaware the Decedent's injuries were caused by Plavix until within two years of filing this complaint.

1132.   Decedent, Cleone A. Riener, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about February of 2011.  On or about January of 2011 until on or about March of 2011, Cleone A. Riener suffered from injuries including but not limited to cerebral bleeding and death all resulting from Decedent's ingestion of Plavix. Decedent was unaware the Decedent's injuries were caused by Plavix until within two years of filing this complaint.

1133.   Ingesting Plaintiff, Alice G. Meadors, was prescribed Plavix on or about July of 2008. On or about February of 2011, Alice G. Meadors suffered from injuries including but not limited to bleeding, bleeding ulcers, and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1134.   Ingesting Plaintiff, Gene E. Taylor, was prescribed Plavix on or about October of 2010 and continued on Plavix until on or about November of 2011.  On or about February of 2011, Gene E. Taylor suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1135.   Ingesting Plaintiff, Judy C. Pierce, was prescribed Plavix on or about January of 2002.  On or about January of 2011, Judy C. Pierce suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1136.   Decedent, Norma I. Ostolaza, was prescribed Plavix on or about January of 2010. Beginning on or about June of 2011, Norma U. Ostolaza suffered from injuries including but not limited to bleeding ulcers, gastrointestinal bleeding, heart attack, stroke, and death all resulting from Decedent's ingestion of Plavix.

1137.   Ingesting Plaintiff, James R. Ekstrom, was prescribed Plavix on or about February of 2011.  On or about February of 2011, James R. Ekstrom suffered from injuries including but not limited to a hemorrhagic stroke all resulting from Ingesting Plaintiff's ingestion of Plavix.

1138.   Ingesting Plaintiff, Kimberly Scirocco, was prescribed Plavix on or about January of 1998.  On or about February of 2012, Kimberly Scirocco suffered from injuries including but not limited to cerebral bleeding and stroke all resulting from Ingesting Plaintiff's ingestion of Plavix.

1139.   Ingesting Plaintiff, Richard W. Begandy, was prescribed Plavix on or about January of 2004 and continued on Plavix until on or about February of 2010.  On or about February of 2010, Richard W. Begandy suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1140.   Ingesting Plaintiff, Robert W. Kerbow, was prescribed Plavix on or about January of 2004.  On or about January of 2011, Robert W.Kerbow suffered from injuries including but not limited to bleeding ulcers and heart attack all resulting from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1141.   Ingesting Plaintiff, William E. Reagan, was prescribed Plavix on or about June of 2009 and continued on Plavix until on or about November of 2011.  On or about February of

2011, William E. Reagan suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1142.  Ingesting Plaintiff, Deborah L. Rogers, was prescribed Plavix on or about July of 2009 and continued on Plavix until on or about February of 2011.  On or about February of 2011, Deborah L. Rogers suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1143.  Ingesting Plaintiff, Edwin A. Ortiz, was prescribed Plavix on or about March of 2008 and continued on Plavix until on or about November of 2011.  On or about February of 2011, Edwin A. Ortiz suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1144.  Ingesting Plaintiff, Samantha J. Miller, was prescribed Plavix on or about October of 2010 and continued on Plavix until on or about January of 2011.  On or about January of 2011, Samantha J. Miller suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1145.  Ingesting Plaintiff, Bryon O. Ricard, was prescribed Plavix on or about January of 2010 and continued on Plavix until on or about December of 2011.  On or about February of 2011, Bryon O. Ricard suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1146.  Ingesting Plaintiff, Hary M. Stewart, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about May of 2011.  On or about January of 2010, Harry M. Stewart suffered from injuries including but not limited to gastrointestinal bleeding and

Thrombotic Thrombocytopenic Purpura all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1147.   Ingesting Plaintiff, George Shurrush, was prescribed Plavix on or about August of 2008 and continued on Plavix until on or about January of 2011.  On or about May of 2011, George Shurrush suffered from injuries including but not limited to bleeding ulcers, gastrointestingal bleeding, and Thrombotic Thrombocytopenic Purpura all resulting from Ingesting Plaintiff's ingestion of Plavix.

1148.   Ingesting Plaintiff, Clinton D. Ramey, was prescribed Plavix on or about January of 1995.  On or about January of 2011, Clinton D. Ramey suffered from injuries including but not limited to stroke all resulting from Ingesting Plaintiff's ingestion of Plavix.

1149.   Ingesting Plaintiff, Terrance Parks, was prescribed Plavix on or about April of 2001 and continued on Plavix until on or about December of 2011.  On or about April of 2011, Terrance Parks suffered from injuries including but not limited to Gastrointestinal Bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1150.   Ingesting Plaintiff, Phillip A. Goin, was prescribed Plavix on or about August of 2009 and continued on Plavix until on or about February of 2011.  On or about January of 2011, Phillip A. Goin suffered from injuries including but not limited to Thrombotic Thrombocytopenic Purpura all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1151.   Ingesting Plaintiff, Oliver L. Felton, was prescribed Plavix on or about August of 2008 and continued on Plavix until on or about February of 2011.  On or about February of 2011,

151

Oliver L. Felton suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1152.   Ingesting Plaintiff, Kerry L. Parker, was prescribed Plavix on or about January of 2010.  On or about November of 2011, Kerry L. Parker suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1153.   Ingesting Plaintiff, Verla Mae Claghorn, was prescribed Plavix on or about January of 2010 and continued on Plavix until on or about February of 2011.  Beginning on or around February of 2011, Verla Mae Claghorn suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1154.   Ingesting Plaintiff, Donald W. Beene, was prescribed Plavix on or about November of 2004 and continued on Plavix until on or about February of 2011.  On or about January of 2011, Donald W. Beene suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1155.   Ingesting Plaintiff, Wayne E. Keaten, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about December of 2010.  Beginning on or around July of 2010 until on or around August 2010, Wayne E. Keaten suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1156.   Ingesting Plaintiff, Lonnie B. Drexler, was prescribed Plavix on or about July of 2009 and continued on Plavix until on or about July of 2010.  On or about January of 2010, Lonnie B. Drexler suffered from injuries including but not limited to bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1157.   Ingesting Plaintiff, William Sommerville, was prescribed Plavix on or about November of 2005 and continued on Plavix until on or about January of 2011.  On or about January of 2011, William Sommerville suffered from injuries including but not limited to Gastrointestinal Bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1158.   Ingesting Plaintiff, Todd W. Bradley, was prescribed Plavix on or about December of 2010 and continued on Plavix until on or about February of 2011.  On or about February of 2011, Todd W. Bradley suffered from injuries including but not limited to cerebral bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1159.   Ingesting Plaintiff, James D. Peace, was prescribed Plavix on or about January of 2001 and continued on Plavix until on or about November of 2011.  On or about February of 2011, James D. Peace suffered from injuries including but not limited to Gastrointestinal Bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1160.   Ingesting Plaintiff, Marilyn J. Yeager-Sewell, was prescribed Plavix on or about May of 1999 and continued on Plavix until on or about January of 2011.  On or about January of

2011, Marilyn J. Yeager-Sewell suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1161.  Ingesting Plaintiff, Rick W. Haskett, was prescribed Plavix on or about February of 2005.  On or about January of 2011, Rick W. Haskett suffered from injuries including but not limited to Gastrointestinal Bleeding and Thrombotic Thrombocytopenic Purpura all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1162.  Ingesting Plaintiff, Juan G. Martinez, was prescribed Plavix on or about April of 2007 and continued on Plavix until on or about February of 2011.  On or about February of 2011, Juan G. Martinez suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1163.  Ingesting Plaintiff, Willie L. Booker, was prescribed Plavix on or about November of 2001 and continued on Plavix until on or about November of 2011.  On or about August of 2010, Willie L. Booker suffered from injuries including but not limited to Thrombotic Thrombocytopenic Purpura all resulting from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1164.  Decedent, Aubrey R. Harris, was prescribed Plavix on or about July of 2008 and continued on Plavix until on or about January of 2011.  On or about January of 2011, Aubrey R. Harris suffered from injuries including but not limited to bleeding and death all resulting from Decedent's ingestion of Plavix.

1165.  Decedent, Paul H. Waller, was prescribed Plavix on or about March of 2006 and continued on Plavix until on or about February of 2011.  On or about February of 2011 until on

or about March of 2012, Paul H. Waller suffered from injuries including but not limited to cerebral bleeding, gastrointestinal bleeding, and death all resulting from Decedent's ingestion of Plavix.

1166.   Ingesting Plaintiff, Kathleen W. Register, was prescribed Plavix on or about June of 2004.  On or about February of 2011, Kathleen W. Register suffered from injuries including but not limited to gastrointestinal bleeding and heart attack all resulting from Ingesting Plaintiff's ingestion of Plavix.

1167.   Ingesting Plaintiff, Craig T. Seward, was prescribed Plavix on or about July of 2010 and continued on Plavix until on or about August of 2011.  On or about February of 2011, Craig T. Seward suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1168.   Ingesting Plaintiff, Dorothy C. Andrews, was prescribed Plavix on or about March of 2006 and continued on Plavix until on or about December 2011 with intermittent breaks.  On or about April of 2011, Dorothy C. Andrews suffered from injuries including but not limited to bleeding ulcers, cerebral bleeding, gastrointestinal bleeding and heart attack all resulting from Ingesting Plaintiff's ingestion of Plavix.

1169.   Ingesting Plaintiff, George Anesgart, was prescribed Plavix on or about January of 1999 and continued on Plavix until on or about January of 2011.  On or about January of 2011, George Anesgart suffered from injuries including but not limited to gastrointestinal bleeding and heart attack all resulting from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1170.   Ingesting Plaintiff, Shannon S. Brawley, was prescribed Plavix on or about October of 2010 and continued on Plavix until on or about February of 2011.  On or about February of 2011, Shannon S. Brawley suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1171.   Ingesting Plaintiff, James W. Kimberly, was prescribed Plavix on or about March of 2004 and continued on Plavix until on or about February of 2011.  On or about February of 2011, James W. Kimberly suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1172.   Ingesting Plaintiff, Timothy Springs, was prescribed Plavix on or about November of 1999 and continued on Plavix until on or about April of 2011.  On or about February of 2011, Timothy Springs suffered from injuries including but not limited to gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1173.   Decedent, William Gamble, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about February of 2012.  Beginning on or about February of 2012, William Gamble suffered from injuries including but not limited to bleeding and death all resulting from Ingesting Plaintiff's ingestion of Plavix.

1174.   Ingesting Plaintiff, Bernadette J. Benson, was prescribed Plavix on or about August of 2010 and continued on Plavix until on or about November of 2011.  On or about April of 2011, Bernadette J. Benson suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding all resulting from Ingesting Plaintiff's ingestion of Plavix.

1175.   Ingesting Plaintiff, Carrie A. Williams, was prescribed Plavix on or about October of 2003.  On or about January of 2011, Carrie A. Williams suffered from injuries including but not limited to bleeding ulcers and cerebral bleeding all resulting from Ingesting Plaintiff's ingestion

of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1176.   Decedent, Eloise B. Wigal, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about February of 2011.  On or about February of 2011, Eloise B. Wigal suffered from injuries including but not limited to cerebral bleeding, heart attack, and death all resulting from Decedent's ingestion of Plavix.

1177.   Ingesting Plaintiff, Herbert R. Lusinski, was prescribed Plavix on or about a date to be determined and continued on Plavix until on or about July of 2011.  On or about July of 2011, Herbert R. Lusinski suffered from injuries including but not limited to bleeding, all which resulted from Ingesting Plaintiff ingestion of Plavix.

1178.   Ingesting Plaintiff, Judith M. Cazzetto, was prescribed Plavix on or about March of 2010 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Judith M. Cazzetto suffered from injuries including but not limited to bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1179.   Ingesting Plaintiff, John Barbaro, was prescribed Plavix on or about November of 2009 and continued on Plavix until on or about April of 2011.  On or about June of 2011, John Barbaro suffered from injuries including but not limited to bleeding ulcers, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1180.   Ingesting Plaintiff, Ronald Miller, was prescribed Plavix on or about February of 2010 and continued on Plavix until on or about June of 2010.  On or about June of 2010, Ronald Miller suffered from injuries including but not limited to cerebral bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1181.   Decedent, Richard B. Arnold, was prescribed Plavix on or about May of 2005 and continued on Plavix until on or about October of 2010.  Beginning on or around June of 2011 until on or around July 2010, Richard B. Arnold suffered from injuries including but not limited to gastrointestinal bleeing, heart attack and death, all which resulted from Decedent's ingestion of Plavix.   Administrator was unaware the Decedent's injuries were caused by Plavix until within two year of filing this complaint.

1182.   Ingesting Plaintiff, Sandra K. Koranek, was prescribed Plavix on or about January of 2008 and continued on Plavix until on or about May of 2011.  On or about June of 2011, Sandra K. Koranek suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1183.  Ingesting Plaintiff, Donald M. Hamilton, was prescribed Plavix on or about November of 2006 and continued on Plavix until on or about June of 2010.  On or around June of 2010, Donald M. Hamilton suffered from injuries including but not limited to bleeding ulcers, which resulted from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1184.   Ingesting Plaintiff, Jimmy R. Dearmon, was prescribed Plavix on or about January of 2008 and continued on Plavix until on or about June of 2010.  On or about June of 2010, Jimmy R. Dearmon suffered from injuries including but not limited to cerebral bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.   Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1185.   Ingesting Plaintiff, Rodney D. Qualls, was prescribed Plavix on or about August of 2008 and continued on Plavix until on or about December of 2011.  On or about June of 2011,

Rodney D. Qualls suffered from injuries including but not limited to gastrointestinal bleeding and bleeding ulcers, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1186.   Ingesting Plaintiff, Katherine Pierce, was prescribed Plavix on or about November of 1997 and continued on Plavix until on or about June of 2011.   On or about June of 2011, Katherine Pierce suffered from injuries including but not limited to cerebral bleeding and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1187.   Ingesting Plaintiff, Oma L. Waddell, was prescribed Plavix on or about July of 2004 and continued on Plavix until on or about June of 2011.   On or about June of 2011, Oma L. Waddell suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1188.   Ingesting Plaintiff, Lillian R. Cotter, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about June of 2011.   On or about June of 2011, Lillian R. Cotter suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1189.   Ingesting Plaintiff, Charlotte H. Grant, was prescribed Plavix on or about September of 2009 and continued on Plavix until on or about June of 2011.   On or about June of 2011, Charlotte H. Grant suffered from injuries including but not limited to bleeding ulcers, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1190.   Decedent, Mercedes Gutierrez, was prescribed Plavix on or about January of 2001 and continued on Plavix until on or about September of 2011.   On or about June of 2011, Mercedes Gutierrez suffered from injuries including but not limited to cerebral bleeding, hemorrhagic stroke and death, all which resulted from Decedent's ingestion of Plavix.

1191.  Decedent, Sarah B. Tharp, was prescribed Plavix on or about April of 2011 and continued on Plavix until on or about May of 2011.  On or about June of 2011, Sarah B. Tharp suffered from injuries including but not limited to cerebral bleeding and death, all which resulted from Decedent's ingestion of Plavix.

1192.  Ingesting Plaintiff, Sinola Fortenberry, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Sinola Fortenberry suffered from injuries including but not limited to bleeding ulcers, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1193.  Ingesting Plaintiff, William D. Womack, was prescribed Plavix on or about March of 2011 and continued on Plavix until on or about June of 2011.  On or about June of 2011, William D. Womack suffered from injuries including but not limited to gastrointestinal bleeding and rectal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1194.  Ingesting Plaintiff, Jerry O. Tucker, was prescribed Plavix on or about February of 2009 and continued on Plavix until on or about November of 2011.  On or about June of 2011, Jerry O. Tucker suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1195.  Ingesting Plaintiff, Jo Ann Hale, was prescribed Plavix on or about March of 2003 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Jo Ann Hale suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1196.  Ingesting Plaintiff, Christopher J. Derosa, was prescribed Plavix on or about October of 2008 and continued on Plavix until on or about August of 2010.  On or about June of 2011,

Christopher J. Derosa suffered from injuries including but not limited to gastrointestinal bleeding and bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1197.   Ingesting Plaintiff, Michael A. Bova, was prescribed Plavix on or about July of 2010 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Michael A. Bova suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1198.   Ingesting Plaintiff, Barbara J. Leschander, was prescribed Plavix on or about April of 2011 and continued on Plavix until on or about November of 2011.  On or about June of 2011, Barbara J. Leschander suffered from injuries including but not limited to bleeding ulcers, gastrointestinal bleeding and thrombotic thrombocytopenic purpura, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1199.   Decedent, Earl T. Mullinax, was prescribed Plavix on or about February of 2006 and continued on Plavix until on or about June of 2010.  On or about June of 2010, Earl T. Mullinax suffered from injuries including but not limited to cerebral bleeding, heart attack, stroke and death, all which resulted from Decedent's ingestion of Plavix.  Administrator was unaware the Decedent's injuries were caused by Plavix until within two year of filing this complaint.

1200.   Ingesting Plaintiff, Belia Cuellar, was prescribed Plavix on or about June of 1998 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Belia Cuellar suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1201.   Ingesting Plaintiff, Marsha L. Mick, was prescribed Plavix on or about October of 2003 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Marsha

L. Mick suffered from injuries including but not limited to bleeding ulcers and cerebral bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1202.   Ingesting Plaintiff, Deborah A. Bolden, was prescribed Plavix on or about October of 2007 and continued on Plavix until on or about December of 2011.  On or about June of 2011, Deborah A. Bolden suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1203.   Ingesting Plaintiff, Donald Wireman, was prescribed Plavix on or about February of 2011 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Donald Wireman suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1204.   Decedent, Alexis M. Miller, was prescribed Plavix on or about July of 2004 and continued on Plavix until on or about July of 2011.  Beginning on or about June of 2011, Alexis M. Miller suffered from injuries including but not limited to gastrointestinal bleeding and death, which resulted from Decedent's ingestion of Plavix.

1205.   Ingesting Plaintiff, Steven A. Miner, was prescribed Plavix on or about January of 2008 and continued on Plavix until on or about July of 2011.  Starting on or about June of 2011, Steven A. Miner suffered from injuries including but not limited to gastrointestinal bleeding and heart attack, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1206.   Ingesting Plaintiff, Eugene G. La Borie, was prescribed Plavix on or about April of 2008 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Eugene G. La Borie suffered from injuries including but not limited to cerebral bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1207.   Ingesting Plaintiff, Richard L. Layton, was prescribed Plavix on or about May of 2009 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Richard L. Layton suffered from injuries including but not limited to cerebral bleeding and stroke, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1208.   Ingesting Plaintiff, Alfred R. Harrison, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about December of 2011.  On or about September of 2011, Alfred R. Harrison suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1209.   Decedent, Alice E. Johnston, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about September of 2011.  Starting on or about August of 2011 until September of 2011, Alice E. Johnston suffered from injuries including but not limited to cerebral bleeding and death, all which resulted from Decedent's ingestion of Plavix.

1210.   Ingesting Plaintiff, Randall L. Lynch, was prescribed Plavix on or about July of 2000 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Randall L. Lynch suffered from injuries including but not limited to cerebral bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1211.   Ingesting Plaintiff, Darrell D. Steiner, was prescribed Plavix on or about December of 2009 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Darrell D. Steiner suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1212.   Ingesting Plaintiff, Roy R. Fields, was prescribed Plavix on or about January of 2003 and continued on Plavix until on or about December of 2010.  On or about July of 2010, Roy R. Fields suffered from injuries including but not limited to cerebral bleeding and gastrointestinal

bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1213.  Ingesting Plaintiff, Kenneth D. Korach, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Kenneth D. Korach suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1214.  Ingesting Plaintiff, Betty Moretto, was prescribed Plavix on or about August of 2009 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Betty Moretto suffered from injuries including but not limited to bleeding ulcers, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1215.  Ingesting Plaintiff, Billy R. Calloway, was prescribed Plavix on or about December of 2010 and continued on Plavix until on or about December of 2011.  On or about November of 2011, Billy R. Calloway suffered from injuries including but not limited to cerebral bleeding, which resulted from Ingesting Plaintiff ingestion of Plavix.

1216.  Ingesting Plaintiff, Eileen C. Hedden, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about November of 2011.  On or about July of 2011, Eileen C. Hedden suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1217.  Ingesting Plaintiff, Fred Sierra, was prescribed Plavix on or about January of 1998 and continued on Plavix until on or about December of 2011.  On or about July of 2011, Fred Sierra suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1218.   Ingesting Plaintiff, Larry E. Jones, was prescribed Plavix on or about March of 2008 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Larry E. Jones suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1219.   Ingesting Plaintiff, Jerry L. Casey, was prescribed Plavix on or about October of 2008 and continued on Plavix until on or about July of 2011.  On or around July of 2011, Jerry L. Casey suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1220.   Ingesting Plaintiff, Theresa Ryan, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Theresa Ryan suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1221.   Decedent, Edward P. Iacovelli, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about August of 2011.  Beginning on or around July of 2011 until August of 2012, Edward P. Iacovelli suffered from injuries including but not limited to bleeding ulcers, gastrointestinal bleeding and death, all which resulted from Decedent's ingestion of Plavix.

1222.   Decedent, Joel B. Rosen, was prescribed Plavix on or about April of 2008 and continued on Plavix until on or about November of 2010.  Beginning on or about July of 2010 until December of 2011, Joel B. Rosen suffered from injuries including but not limited to gastrointestinal bleeding and death, all which resulted from Decedent's ingestion of Plavix. Administrator was unaware the Decedent's injuries were caused by Plavix until within two years of filing this complaint.

1223.   Ingesting Plaintiff, Madeline F. Goldstein, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about December of 2010.  On or about August of 2010, Madeline F. Goldstein suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix. Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1224.   Ingesting Plaintiff, Craig Fasler, was prescribed Plavix on or about July of 2006 and continued on Plavix until on or about August of 2011.  On or about August of 2011, Craig Fasler suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1225.   Decedent, Charles J. Hutcheson, was prescribed Plavix on or about May of 2011 and continued on Plavix until on or about July of 2011.  Beginning on or about July of 2011 until August of 2012, Charles J. Hutcheson suffered from injuries including but not limited to cerebral bleeding and death, all which resulted from Decedent's ingestion of Plavix.

1226.   Ingesting Plaintiff, Linda F. Howton, was prescribed Plavix on or about May of 2011 and continued on Plavix until on or about November of 2011.  On or about July of 2011, Linda F. Howton suffered from injuries including but not limited to gastronintestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1227.   Ingesting Plaintiff, Waltriel S. Crum, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about August of 2011.  On or about July of 2011, Waltriel S. Crum suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1228.   Ingesting Plaintiff, Jesse Cook, was prescribed Plavix on or about November of 2010 and continued on Plavix until on or about June of 2011.  On or about June of 2011, Jesse Cook suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.   Ingesting Plaintiff was unaware that the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1229.   Ingesting Plaintiff, Gerald C. Short, was prescribed Plavix on or about June of 2011 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Gerald C. Short suffered from injuries including but not limited to bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1230.   Ingesting Plaintiff, Larry C. Hudnall, was prescribed Plavix on or about November of 2005 and continued on Plavix until on or about October of 2011.  On or about July of 2011, Larry C. Hudnall suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1231.   Ingesting Plaintiff, Harvey M. Hilvitz, was prescribed Plavix on or about July of 2007 and continued on Plavix until on or about August of 2011.  On or about August of 2011, Harvey M. Hilvitz suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1232.   Ingesting Plaintiff, George M. Morris, was prescribed Plavix on or about September of 2005 and continued on Plavix until on or about July of 2011.  On or about July of 2011, George M. Morris suffered from injuries including but not limited to gastrointestinal bleeding, heart attack, stroke and thrombotic thrombocytopenic purpura, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1233.   Ingesting Plaintiff, Barbara J. Quirk, was prescribed Plavix on or about September of 2008 and continued on Plavix until on or about October of 2011.  On or about July of 2011, Barbara J. Quirk suffered from injuries including but not limited to bleeding ulcers, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1234.   Ingesting Plaintiff, Jerry D. Deese, was prescribed Plavix on or about November of 1997 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Jerry D. Deese suffered from injuries including but not limited to bleeding and stroke, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1235.   Ingesting Plaintiff, Herbert R. Gray, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Herbert R. Gray suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1236.   Ingesting Plaintiff, Steve Cannon, was prescribed Plavix on or about January of 2010 and continued on Plavix until on or about January of 2011.  On or about August of 2010, Steve Cannon suffered from injuries including but not limited to gastrointestinal bleeding and heart attack, all which resulted from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1237.   Ingesting Plaintiff, Richard T. Conlon, was prescribed Plavix on or about July of 2006 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Richard T. Conlon suffered from injuries including but not limited to cerebral bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1238.   Ingesting Plaintiff, James D. Rose, was prescribed Plavix on or about August of 2009 and continued on Plavix until on or about September of 2011.   On or about August of 2011, James D. Rose suffered from injuries including but not limited to bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1239.   Ingesting Plaintiff, Stephanie L. South, was prescribed Plavix on or about April of 2008 and continued on Plavix until on or about July of 2011.   On or about July of 2011, Stephanie L. South suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1240.   Ingesting Plaintiff, William A. Floyd, was prescribed Plavix on or about February of 2007 and continued on Plavix until on or about August of 2011.   On or about August of 2011, William A. Floyd suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1241.   Ingesting Plaintiff, Charles W. Denmead, was prescribed Plavix on or about July of 2009 and continued on Plavix until on or about July of 2010.   On or about July of 2010, Charles W. Denmead suffered from injuries including but not limited to cerebral bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.   Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1242.   Ingesting Plaintiff, Anthony M. Majahad, was prescribed Plavix on or about July of 2010 and continued on Plavix until on or about August of 2010.   On or about August of 2010, Anthony M. Majahad suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.   Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1243.   Ingesting Plaintiff, John C. Cole, was prescribed Plavix on or about September of 20023 and continued on Plavix until on or about July of 2010.  On or about July of 2010, John C. Cole suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1244.   Ingesting Plaintiff, Dennis M. Haver, was prescribed Plavix on or about March of 2006 and continued on Plavix until on or about July of 2010.  On or about July of 2010, Dennis M. Haver suffered from injuries including but not limited to gastrointestinal bleeding and heart attack, all which resulted from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1245.   Ingesting Plaintiff, Michael E. Dinan, was prescribed Plavix on or about May of 2009 and continued on Plavix until on or about July of 2011.  On or about July  of 2011, Michael E. Dinan suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1246.   Ingesting Plaintiff, Herbert J. Gray, was prescribed Plavix on or about March of 2009 and continued on Plavix until on or about July of 2011.  On or about July  of 2011, Herbert J. Gray suffered from injuries including but not limited to cerebral bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1247.   Ingesting Plaintiff, Curecle B. Edwards, was prescribed Plavix on or about February of 2010 and continued on Plavix until on or about January of 2012.  On or about August of 2011,

Curecle B. Edwards suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1248.   Decedent, James E. Futrell, was prescribed Plavix on or about January of 2005 and continued on Plavix until on or about July of 2011.  On or about July of 2011, James E. Futrell suffered from injuries including but not limited to cerebral bleeding and death, all which resulted from Decedent's ingestion of Plavix.

1249.   Ingesting Plaintiff, Gary DiMattia, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Gary DiMattia suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1250.   Ingesting Plaintiff, Joseph F. Kane, was prescribed Plavix on or about June of 2008 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Joseph F. Kane suffered from injuries including but not limited to cerebral bleeding and stroke, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1251.   Ingesting Plaintiff, Dora E. Horvat, was prescribed Plavix on or about January of 2000 and continued on Plavix until on or about December of 2011.  On or about July of 2011, Dora E. Horvat suffered from injuries including but not limited to bleeding ulcers, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1252.   Ingesting Plaintiff, Cecilia A. Trotter, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about December of 2011.  On or about August of 2011, Cecilia A. Trotter suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1253.  Ingesting Plaintiff, Kenneth D. Kovach, was prescribed Plavix on or about January of 2007 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Kenneth D. Kovach suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1254.  Ingesting Plaintiff, Donald R. Conner, was prescribed Plavix on or about July of 2011 and continued on Plavix until on or about August of 2011.  Starting on or about July of 2011, Donald R. Conner suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1255.  Ingesting Plaintiff, Gaspar P. Sanchez, was prescribed Plavix on or about January of 2006 and continued on Plavix until on or about August of 2011.  On or about July of 2011, Gaspar P. Sanchez suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1256.  Ingesting Plaintiff, Teresa J. Hudson, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about December of 2011.  On or about July of 2011, Teresa J. Hudson suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1257.  Ingesting Plaintiff, Janice D. Case, was prescribed Plavix on or about November of 2009 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Janice D. Case suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1258.  Ingesting Plaintiff, Patricia Brendlen, was prescribed Plavix on or about November of 2009 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Patricia

Brendlen suffered from injuries including but not limited to bleeding ulcers, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1259.  Ingesting Plaintiff, Jimmy E. Jordan, was prescribed Plavix on or about August of 2009 and continued on Plavix until on or about September of 2010.  On or about August of 2010, Jimmy E. Jordan suffered from injuries including but not limited to bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.  Ingesting Plaintiff was unaware the Ingesting Plaintiff's injuries were caused by Plavix until within two years of filing this complaint.

1260.  Decedent, Lori M. Hargis, was prescribed Plavix on or about January of 2009 and continued on Plavix until on or about July of 2011.  Beginning on or about July of 2011, Lori M. Hargis suffered from injuries including but not limited to bleeding ulcers, gastrointestinal bleeding, heart attack, and death, all which resulted from Decedent's ingestion of Plavix.

1261.  Ingesting Plaintiff, Sharon Barrett, was prescribed Plavix on or about January of 2011 and continued on Plavix until on or about December of 2011.  On or about July of 2011, Sharon Barrett suffered from injuries including but not limited to bleeding ulcers, heart attack and stroke, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1262.  Ingesting Plaintiff, Carolyn M. Wiley, was prescribed Plavix on or about May of 2008 and continued on Plavix until on or about July of 2011.  On or about July of 2011, Carolyn M. Wiley suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1263.  Ingesting Plaintiff, Naomi M. Cook, was prescribed Plavix on or about June of 2006 and continued on Plavix until on or about August of 2011.  On or about August of 2011, Naomi M. Cook suffered from injuries including but not limited to bleeding ulcers and gastrointestinal bleeding, all which resulted from Ingesting Plaintiff's ingestion of Plavix.

1264. Ingesting Plaintiff, Louis Pisano, was prescribed Plavix on or about November of 2010 and continued on Plavix until on or about March of 2013. On or about June of 2011, Louis Pisano suffered from injuries including but not limited to gastrointestinal bleeding, which resulted from Ingesting Plaintiff's ingestion of Plavix.

1265. Ingesting Plaintiffs and Decedents' serious and permanent injuries, as described above, came about as a foreseeable and proximate result of Defendants' failure to correct false and misleading information it disseminated to physicians, which contained inaccurate, misleading, materially incomplete, false and otherwise inadequate information concerning the efficacy, safety and potential side effects of Plavix.

1266. In doing the acts alleged in this Complaint, Defendants acted with oppression, fraud, and malice and Plaintiffs are therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future.

1267. As a proximate result of the fraud and deceit of Defendants, Plaintiffs sustained the injuries and damages as described in this Complaint.

1268. Defendants have an absolute duty to disclose the true facts regarding the safety of Plavix drug products to the medical community, to physicians and their patients, which they negligently and/or intentionally failed to do.

1269. Defendants have a duty to ensure that they had a reasonable basis for making the representations regarding the safety; efficacy, risks and benefits of Plavix were accurate which it negligently and/or intentionally failed to do.

1270. Ingesting Plaintiffs and Decedents would not have suffered their injuries but for the above misrepresentations or omissions of Defendants.

1271.   Defendants' misrepresentations or omissions were a cause in fact and a proximate cause of Ingesting Plaintiffs and Decedents' damages.

1272.   A reasonably competent physician who prescribed Plavix and a reasonably competent person who consumed Plavix would not realize its dangerous condition.

1273.   The reasonably foreseeable use of Plavix drug products involved substantial dangers not readily recognizable by Ingesting Plaintiffs and Decedents' physicians, who acted as ordinary, reasonable and prudent physicians would, when prescribing Plavix to ordinary, reasonable and prudent patients, like Ingesting Plaintiffs and Decedents.

1274.   As a direct and proximate result of the aforesaid acts of and/or omissions by the Defendants, Ingesting Plaintiffs and Decedents, have:

    a.  Suffered severe and permanent injuries, which they will be forced to endure for the remainder of their lives; and

    b.  Suffered physical impairment and disfigurement; and

    c.  Suffered physical pain and suffering; and

    d.  Suffered mental pain and suffering; and

    e.  Suffered from loss of enjoyment of life; and

    f.  Incurred and will continue to incur various sums of money for past, present and future medical expenses associated with monitoring and treating Ingesting Plaintiffs and Decedents' injuries; and

    g.  Incurred attorney's fees and expenses of litigation related to this action; and

    h.  Suffered loss of life.

1275.   Defendants' actions were intentional, willful, wanton, oppressive, malicious, and reckless, evidencing such an entire want of care as to raise the presumption of a conscious

indifference to the consequences and acted only out of self-interest and personal gain and evidenced a specific intent to cause harm to Ingesting Plaintiffs and Decedents.

1276.   Ingesting Plaintiffs and Decedents' serious and permanent injuries came about as a foreseeable and proximate result of Defendants' dissemination of inaccurate, misleading, materially incomplete, false, and otherwise inadequate information concerning the effects of exposure and ingestion of Plavix to the medical community, physicians, Ingesting Plaintiffs and Decedents' physician, Ingesting Plaintiffs and Decedents and other foreseeable users of Plavix.

1277.   Ingesting Plaintiffs and Decedents have experienced and will continue to experience medical and related expenses, loss of ability to provide household services, disfigurement, disability, pain and suffering, psychological injury and other injuries and damages due to the injuries suffered caused by the ingestion of Defendants' Plavix drug products.

## EQUITABLE TOLLING OF PERIODS OF LIMITATIONS

1278.   Plaintiffs repeat, reiterate and re-alleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1279.   Any applicable statutes of limitations have been tolled by the knowing and active concealment and denial of the facts as alleged herein by the Defendants.  Plaintiffs have been kept ignorant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part.

1280.   Defendants were under a continuing duty to disclose the true character, quality and nature of Plavix to the Plaintiffs.  Because of their concealment of the true character, quality and nature of Plavix to Plaintiffs, Defendants are stopped from relying on any statute of limitations defense.

## FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANTS: NEGLIGENCE

1281.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1282.   Defendants had a duty to exercise the care of an expert in all aspects of the formulation, manufacture, compounding, testing, inspection, packaging, labeling, distribution, marketing, and sale of Plavix to ensure the safety of Plavix and to ensure that the consuming public, including the Ingesting Plaintiffs and Decedents, as well as the Ingesting Plaintiffs and Decedents' physicians and agents, obtained accurate information and instructions for the use of Plavix.

1283.   Defendants owed a duty toward foreseeable users of Plavix drug products to exercise reasonable care to ensure that Plavix drugs were reasonably safe for ordinary and intended uses, and specifically, *inter alia*, to ensure through adequate testing, labeling, and otherwise, that physicians who would be likely to prescribe the products for their patients' use were adequately informed as to the potential effects of using the products in ordinary and foreseeable ways, in particular the risks increased heart attack or stroke, blood disorders and excessive bleeding described above.

1284.   Defendants failed to exercise reasonable care in testing Plavix for side effects in ordinary and foreseeable users; and failed to disseminate to physicians accurate and truthful information concerning the effects of Plavix; thus, physicians were not able to make informed choices concerning the use of Plavix drug products.

1285.   Defendants failed to exercise ordinary care in the manufacture, sale, testing, marketing, quality, assurance, quality control and/or distribution of Plavix into the stream of commerce in that Defendants knew or should have known that Plavix drug products created a foreseeable high risk of unreasonable, dangerous side effects and health hazards.

1286.   The dangerous propensities of Plavix drug products as referenced above, were known or scientifically knowable, through appropriate research and testing, to Defendants at the time it distributed, supplied, or sold the products, and not known to ordinary physicians who would be expected to prescribe Plavix for Ingesting Plaintiffs, Decedents and other patients, similarly situated.

1287.   The information Defendants disseminated to physicians concerning Plavix drug products was, in fact, inaccurate, misleading, and otherwise inadequate, as described above.

1288.   As a proximate result, Ingesting Plaintiffs and Decedents suffered grievous bodily injuries and consequent economic and other losses when Ingesting Plaintiffs and Decedents ingested Plavix.

1289.   Defendants was negligent, and breached their duties of reasonable care to Ingesting Plaintiffs and Decedents with respect to Plavix drug products in one or more of the following respects:

   a.   Despite knowledge of hazards and knowledge that the product was frequently prescribed for the use, Defendants failed to accompany the product with adequate warnings and instructions regarding the adverse and long lasting side effects associated with the use of Plavix; and

   b.   Defendants failed to conduct adequate testing; and

   c.   Despite knowledge of hazards, Defendants failed to conduct adequate post-marketing surveillance to determine the safety of the product; and

   d.   Despite knowledge of hazards, Defendants failed to adequately warn Ingesting Plaintiffs and Decedents' physicians or Ingesting Plaintiffs and Decedents that the

use of Plavix drug products could result in severe side effects as described above; and

e.  Despite the fact that Defendants knew or should have known that their Plavix drug products caused unreasonably dangerous side effects, Defendants failed to adequately disclose the known or knowable risks associated with Plavix as set forth above; Defendants willfully and deliberately failed to adequately disclose these risks, and in doing so, acted with a conscious disregard of Ingesting Plaintiffs and Decedents' safety and/or welfare; and

f.  Defendants failed to design, develop, implement, administer, supervise and monitor its clinical trials for Plavix; and

g.  Defendants, in its promotion of Plavix, were overly aggressive and deceitful, and promoted Plavix in a fraudulent manner, despite evidence known to Defendants that Plavix was dangerous.

1290.  Any reasonably competent physician, including the respective physicians of the Ingesting Plaintiffs and Decedents herein, had they been aware of the safer and more efficacious alternatives to Plavix, would not have prescribed Plavix and would instead have prescribed a safer and more efficacious alternative to Plavix.

1291.  As a direct and proximate result of the wrongful acts of the Defendants, Ingesting Plaintiffs and Decedents developed severe side effects as described herein, and suffered irreparable bodily injury; suffered and will continue to suffer great pain of body and mind; suffered and will continue to suffer great embarrassment and humiliation; suffered and will continue to suffer permanent impairment to Ingesting Plaintiffs and Decedents' earnings capacity; incurred and will continue to incur expenses for medical treatment of Ingesting Plaintiffs and Decedents' injuries;

suffered and will continue to suffer the loss of enjoyment of life and have been otherwise damaged to be further shown by the evidence.

1292.   The negligence, carelessness, and the willful and wanton misconduct of the Defendants was a proximate cause of Ingesting Plaintiffs and Decedents' harms and injuries that Ingesting Plaintiffs and Decedents suffered and will continue to suffer.

1293.   In the alternative, Defendants' acts of omissions and concealment of material facts of the design and manufacturing defects were made with the understanding that patients and physicians would rely upon such statements when choosing Plavix drug products.

1294.   Furthermore, the economic damages and physical harm caused by Defendants' conduct would not have occurred had Defendants exercised the high degree of care imposed upon it and Ingesting Plaintiffs and Decedents therefore also pleads the doctrine of *res ipsa loquitur*.

1295.   By reason of the foregoing, Ingesting Plaintiffs and Decedents are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## SECOND CAUSE OF ACTION AS AGAINST THE DEFENDANTS: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

1296.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1297.   At all relevant times the Defendants were engaged in the business of manufacturing, designing, testing, marketing, promoting, distributing, and/or selling Plavix.

1298.   Plavix is defective and unreasonably dangerous to consumers.

1299.  At all times mentioned in this Complaint, Plavix was defective and/or unreasonably dangerous to Ingesting Plaintiffs, Decedents, and other foreseeable users at the time it left the control of the Defendants.

1300.  Plavix is defective in its design or formulation in that when it left the hands of the Defendants, its foreseeable risks exceed the benefits associated with its design and formulation and/or it was more dangerous than an ordinary consumer would expect.

1301.  The foreseeable risks associated with the design or formulation of Plavix, include, but are not limited to, the fact that the design or formulation of Plavix is more dangerous than a reasonably prudent consumer would expect when used in an intended and reasonably foreseeable manner.

1302.  At all times material to this action, Plavix was expected to reach, and did reach consumers in the state of New York and throughout the United States, including the Ingesting Plaintiffs and Decedents, without substantial change in the condition in which it was sold.

1303.  Defendants, developed, marketed and distributed Plavix drug products to the general public even after learning of the design and manufacturing defects that threatened the intended use of Plavix.

1304.  Defendants knew or should have known through testing, adverse event reporting, or otherwise, that Plavix created a high risk of bodily injury and serious harm.

1305.  The dangerous propensities of Plavix drug products were known or scientifically knowable, through appropriate research and testing, to Defendants at the time said Defendants distributed, supplied, or sold Plavix, and not known to ordinary physicians who would be expected to prescribe Plavix for their patients.

1306.  Plavix drug products, as distributed, were defective and unreasonably dangerous inasmuch as Plavix was not accompanied by warnings and instructions that were appropriate and adequate to render Plavix reasonably safe for their ordinary, intended, and reasonably foreseeable uses, in particular the common, foreseeable, and intended use of Plavix.

1307.  In order to advance Defendant's own pecuniary interests, Defendants intentionally proceeded with the manufacturing, the sale and distribution, and marketing of Plavix drug products with knowledge that consumers would be exposed to serious danger.

1308.  At all times material to this action, Plavix was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendants in a "defective" and "unreasonably dangerous" condition, at the time it was placed in the stream of commerce in ways that include, but are not limited to one or more of the particulars:

    a.  At the time Plavix left the control of Defendants' Plavix was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because Plavix breached an express warranty or failed to conform to other expressed factual representations upon which Ingesting Plaintiffs and Decedents' physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Ingesting Plaintiffs and Decedents seek recovery herein;

    b.  Plavix drug products were not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time Plavix left the possession of Defendants, and that such risks clearly outweighed the utility of Plavix therapy or its therapeutic benefits, and subjected Ingesting Plaintiffs and Decedents to the

risk of suffering avoidable heart attacks, strokes, blood disorders, abnormal
bleeding and even death in an unacceptably high number of its users;

c.  At the time Plavix left the control of Defendants Plavix possessed a dangerous
characteristic that may cause damage and it was not reasonably safe due to
inadequate or defective warnings or instructions that were known or reasonably
scientifically knowable at the time Plavix left the possession of Defendants.
Specifically, although Defendants were well aware that Plavix products could
potentially cause severe side effects;

d.  Defendants' warnings or instructions were not of a nature that a reasonably
prudent drug company in the same or similar circumstances would have provided
with respect to the danger.   There were no warnings or instructions that
communicated sufficient information on the dangers and safe use of Plavix taking
into account the characteristics of the Plavix, and/or the ordinary knowledge
common to the physician who prescribes and the consumer who purchases Plavix,
such as the Ingesting Plaintiffs and Decedents;

e.  Plavix manufactured and supplied by Defendants were further defective due to
inadequate post-marketing warning or instruction because, after Defendants knew
or should have known of the risks of injury from Plavix drug products associated
with the use as commonly prescribed, Defendants failed to promptly respond to
and adequately warn about the risks of suffering avoidable heart attacks, strokes,
blood disorders, abnormal bleeding and death associated with the use of Plavix;

f.  When placed in the stream of commerce of commerce, Plavix was defective in
design and formulation, making the use of Plavix more dangerous than an

ordinary consumer would expect, and more dangerous than other risks associated

with the other similar drugs on the market including Aspirin;

g.  Plavix was insufficiently tested.

1309.  Defendants knew, or in light of reasonably available scientific knowledge should have

known, about the danger that caused the injuries for which Plaintiffs seek recovery.

1310.  Defendants knew or in light of reasonably available scientific knowledge should have

known about the danger associated with use of Plavix that caused the damages for which Plaintiffs

seek recovery.

1311.  The reasonably foreseeable use of Plavix involved substantial dangers not readily

recognizable by the ordinary physician who prescribed Plavix or the patient, including Ingesting

Plaintiffs and Decedents, who consumed Plavix drug products.

1312.  Defendants knew that Plavix drug products were to be prescribed by physicians and

used by consumers without inspection for defects in the product or in any of its components or

ingredients and that Plavix were not properly prepared nor accompanied by adequate warnings of

the dangerous propensities that were known or reasonably scientifically knowable at the time of

distribution.

1313.  Ingesting Plaintiffs and Decedents and their physicians did not know, nor had reason to

know, at the time of the use of Defendants' Plavix drug products, or at any time prior to its use, of

the existence of the above-described defects and inadequate warnings.

1314.  Any reasonably competent physician, including the respective physicians of the

Ingesting Plaintiffs and Decedents herein, had they been aware of the safer and more efficacious

alternatives to Plavix, would not have prescribed Plavix and would instead have prescribed a safer

and more efficacious alternative to Plavix.

1315.   The above defects caused serious injuries to Ingesting Plaintiffs and Decedents when Plavix was used in its intended and foreseeable manner, and in the manner recommended by Defendants and/or in a non-intended manner that was reasonably foreseeable.

1316.   In addition, at the time that Plavix left the control of Defendants, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Ingesting Plaintiffs and Decedents' injuries without impairing the reasonably anticipated or intended function of Plavix.  These safer designs were economically and technologically feasible and would have prevented or significantly reduced the risk of Ingesting Plaintiffs and Decedents' injuries without substantially impairing Plavix's utility.

1317.   As a direct and proximate result of the wrongful acts of Defendants, Ingesting Plaintiffs and Decedents suffered severe and irreparable bodily injury; suffered and will continue to suffer great pain of body and mind; suffered and will continue to suffer great embarrassment and humiliation; suffered and will continue to suffer permanent impairment to Ingesting Plaintiffs and Decedents' earnings capacity; incurred and will continue to incur expenses for medical treatment of Ingesting Plaintiffs and Decedents' injuries; suffered and will continue to suffer the loss of enjoyment of life and have been otherwise damaged to be further shown by the evidence.

1318.   For the above reasons, Defendants are strictly liable without regard to proof of negligence or gross negligence.

1319.   By reason of the foregoing, Plaintiffs are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## THIRD CAUSE OF ACTION AS AGAINST THE DEFENDANTS:
## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

1320.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1321.   At all times material to this action, Defendants were engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling and/or selling Plavix.

1322.   At all times material to this action, Plavix was expected to reach, and did reach consumers in every state and territory of the United States including Ingesting Plaintiffs and Decedents, without substantial change in the condition from which it was sold.

1323.   At all times material to this action, Plavix was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendants in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways that include, but are not limited to, one or more of the following particulars posing a serious risk of injury and death.

    a.   When placed in the stream of commerce, Plavix contained manufacturing defects that rendered the product unreasonably dangerous;

    b.   Plavix's manufacturing defects occurred while the product was in the possession and control of the Defendants;

    c.   Plavix was not made in accordance with the Defendants' product specifications or performance standards;

    d.   Plavix's manufacturing defects existed before it left the control of the Defendants.

1324.   As a direct and proximate result of the wrongful acts of the Defendants, Ingesting Plaintiffs and Decedents suffered severe and irreparable bodily injury; suffered and will continue

to suffer great pain of body and mind; suffered and will continue to suffer great embarrassment and humiliation; suffered and will continue to suffer permanent impairment to Ingesting Plaintiffs and Decedents' earning capacity; incurred and will continue to incur expenses for medical treatment of Ingesting Plaintiffs and Decedents' injuries; suffered and will continue to suffer the loss of enjoyment of life and have been otherwise damaged to be further shown by the evidence.

1325.   For the above reasons, the Defendants are strictly liable without regard to proof of negligence or gross negligence.

1326.   By reason of the foregoing, Plaintiffs are entitled to recover damage from Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## FOURTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

1327.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1328.   Plavix was defective and unreasonably dangerous when it left the possession of the Defendants in that it contained warnings insufficient to alert consumers, including the Ingesting Plaintiffs, Decedents and/or their respective health care providers, of the dangerous risks and reactions associated with Plavix, including but not limited to its propensity to cause avoidable heart attacks, stroke, excessive bleeding, blood disorders, other serious injuries and side effects and/or death despite Defendants' knowledge of the increased risk of these injuries over similar drugs such as aspirin.

1329.   Plavix was defective due to inadequate post-marketing warnings or instruction because after Defendants knew or should have known of the risk and danger of serious bodily harm and/or death from the use of Plavix, Defendants failed to provide an adequate warning to consumers and/or their health care providers of the product, knowing the product could cause serious injury and/or death.

1330.   Ingesting Plaintiffs and Decedents were prescribed and used Plavix for its intended purpose.

1331.   Ingesting Plaintiffs and Decedents could not have known about the dangers and hazards presented by Plavix.

1332.   The warnings that were given by Defendants were not accurate, clear, complete and/or were ambiguous.

1333.   The warnings that were given by Defendants failed to properly warn physicians of the increased risks of stroke, heart attack, bleeding and other serious injuries and side effects, and failed to instruct physicians to test and monitor for the presence of the injuries for which Ingesting Plaintiffs and Decedents and others had been placed at risk.

1334.   The warnings that were given by Defendants failed to properly warn consumers of the increased risk of stroke, heart attack, bleeding, and other serious injuries and side effects.

1335.   Ingesting Plaintiffs and Decedents, individually and through their prescribing physicians, reasonably relied upon the skill, superior knowledge, and judgment of Defendants. Defendants had a continuing duty to warn the Ingesting Plaintiffs and Decedents of the dangers associated with Plavix.  Had the Ingesting Plaintiffs and Decedents received adequate warnings regarding the risks of Plavix, they would not have used Plavix.

1336.   Any reasonably competent physician, including the respective physicians of the Ingesting Plaintiffs and Decedents herein, had they been aware of the safer and more efficacious alternatives to Plavix, would not have prescribed Plavix and would instead have prescribed a safer and more efficacious alternative to Plavix.

1337.   As a direct and proximate result of Plavix's defective and inappropriate warnings, Ingesting Plaintiffs and Decedents suffered severe physical injuries and damages as described above.

1338.   As a direct and proximate result of the wrongful acts of Defendants, Ingesting Plaintiffs and Decedents suffered severe and irreparable bodily injury; suffered and will continue to suffer great pain of body and mind; suffered and will continue to suffer great embarrassment and humiliation; suffered and will continue to suffer permanent impairment to Ingesting Plaintiffs and Decedents' earnings capacity; incurred and will continue to incur expenses for medical treatment of Ingesting Plaintiffs and Decedents' injuries; suffered and will continue to suffer the loss of enjoyment of life and have been otherwise damaged to be further shown by the evidence.

1339.   For the above reasons, Defendants are strictly liable without regard to proof of negligence or gross negligence.

1340.   By reason of the foregoing, Plaintiffs are entitled to recover damage from Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: BREACH OF EXPRESS WARRANTY

1341.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

189

1342.   Defendants advertised, labeled, marketed and promoted Plavix, representing the quality to health care professionals, the FDA, Ingesting Plaintiffs, and the public in such a way as to induce its purchase or use, thereby making an express warranty that the Plavix would conform to the representations.  More specifically, Defendants represented that Plavix was safe and effective, that it was safe and effective for use by individuals such as Ingesting Plaintiffs and Decedents, and/or that it was safe and effective to treat Ingesting Plaintiffs and Decedents' conditions.

1343.   The representations, as set forth above, contained or constituted affirmations of fact or promises made by the seller to the buyer which related to the goods and became part of the basis of the bargain creating an express warranty that the goods shall conform to the affirmations of fact or promises.

1344.   Plavix did not conform to the representations made by Defendants in that the Plavix was not safe and effective, was not safe and effective for use by individuals such as Ingesting Plaintiffs and Decedents, and/or was not safe and effective to treat individuals, such as Ingesting Plaintiffs and Decedents.

1345.   At all relevant times, Ingesting Plaintiffs and Decedents used Plavix for the purpose and in the manner intended by Defendants.

1346.   Ingesting Plaintiffs and Decedents and their respective physicians, by the use of reasonable care, could not have discovered the breached warranty and realized its danger.

1347.   The breach of the warranty was a substantial factor in bringing about Ingesting Plaintiffs and Decedents' injuries.

1348.   As a direct and proximate result of the wrongful acts of the Defendants, Ingesting Plaintiffs and Decedents suffered severe and irreparable bodily injury; suffered and will continue

to suffer great pain of body and mind; suffered and will continue to suffer great embarrassment and humiliation; suffered and will continue to suffer permanent impairment to Ingesting Plaintiffs and Decedents' earnings capacity; incurred and will continue to incur expenses for medical treatment of Ingesting Plaintiffs and Decedents' injuries; suffered and will continue to suffer the loss of enjoyment of life and have been otherwise damaged to be further shown by the evidence.

1349.   By reason of the foregoing, Plaintiffs are entitled to recover damage from Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.


### SIXTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: BREACH OF IMPLIED WARRANTIES

1350.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1351.   Defendants knew that most physicians who prescribed Plavix drug products were not aware of the serious side effects as described herein associated with use of Plavix.  Defendants also knew that the risks of said side effects were much greater than most physicians realized.  By failing to give adequate warnings about these side effects and the risk of the use that is associated with those side effects, Defendants breached implied warranties of merchantability and fitness for the ordinary use of Plavix.

1352.   Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and/or otherwise released into the stream of commerce Plavix, in the course of same, directly advertised or marketed the product to the FDA, health care professionals and consumers, including Ingesting Plaintiffs and Decedents, or persons responsible for consumer.

1353.   Defendants impliedly warranted their Plavix product, which they manufactured and/or distributed and sold, and which Ingesting Plaintiffs and Decedents purchased and ingested, to be of merchantable quality and fit for the common, ordinary, and intended uses for which the product was sold.

1354.   That said representations and warranties aforementioned were false, misleading, and inaccurate in that Plavix was unsafe, unreasonably dangerous, improper, not of merchantable quality, and defective.

1355.   Ingesting Plaintiffs, Decedents, and/or members of the medical community and/or healthcare professionals did rely on said implied warranty of merchantability of fitness for a particular use and purpose.

1356.   Ingesting Plaintiffs, Decedents, and their physicians and healthcare professionals reasonably relied upon the skill and judgment of the Defendants as to whether Plavix was of merchantable quality and safe and fit for its intended use.

1357.   Plavix was introduced into the stream of commerce by the Defendants in a defective, unsafe, and inherently dangerous condition and the products and materials were expected to and did reach users, handler, and persons coming into contact with said products without substantial change in the condition in which they were sold.

1358.   Plavix drug products were not safe and were unfit for their intended use, nor was Plavix of merchantable quality, as warranted by Defendants, in that Plavix had very dangerous propensities when put to intended use and would cause severe injury to the user.  Plavix was not properly prepared nor accompanied by adequate warnings of Plavix's dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution.  As a

result, Plavix drug products proximately caused Ingesting Plaintiffs and Decedents to sustain damages and injuries as alleged in this Complaint.

1359.  As a result of the foregoing acts and omissions, the Ingesting Plaintiffs and Decedents were caused to suffer serious and dangerous side effects including, life-threatening bleeding, thrombosis, strokes, heart attacks, death, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as the need for lifelong medical treatment, monitoring and/or medications, and fear of redeveloping injuries.

1360.  As a result of the foregoing acts and omissions the Ingesting Plaintiffs requires and or will require more health care and services.  Ingesting Plaintiffs and Decedents incurred medical, health, incidental, and related expenses.  Ingesting Plaintiffs are informed and believes and further alleges that Ingesting Plaintiffs will in the future be required to obtain further medical and or hospital care, attention, and services.

1361.  By reason of the foregoing, Plaintiffs are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: FRAUDULENT MISREPRESENTATION

1362.  Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1363.  Defendants had actual knowledge of facts, which demonstrated that representations in the package insert, and/or the PDR monograph, and/or literature and/or other mediums that Defendants distributed concerning their Plavix drug products were false and misleading. Defendants had an absolute duty to disclose the true facts regarding the safety of Plavix to

physicians and their patients and the medical community, which they negligently failed to do. Furthermore, Defendants had a duty to ensure that they had a reasonable basis for making the representations described above, to exercise reasonable care in making those representations, to accurately make those representations, and to not make misrepresentations concerning Plavix, all of which Defendants failed to do.

1364.  Important information regarding the risk of Plavix was in the exclusive control of Defendants and was exclusively known by Defendants.  In the furtherance of Defendants' own interests, Defendants disseminated false information regarding Plavix to physicians, Ingesting Plaintiffs and Decedents and did so knowing that the safety of Plavix depended on the accuracy of that information.  Further, Defendants knew and expected that recipients of that information would rely on the information that the recipients would take action based upon the information, and that individuals would be put in peril by such actions and that those individuals would suffer physical harm as a result.

1365.  Defendants expressly and/or impliedly represented to Ingesting Plaintiffs and Decedents and their physicians, the medical community, and members of the general public that their Plavix drugs were safe for use.  The representations by Defendants were, in fact, false.  The true facts were that Plavix was not safe for its intended use and was, in fact, dangerous to the health and body of the Ingesting Plaintiffs and Decedents.

1366.  Defendants made the above-described representations with no reasonable grounds for believing them to be true.  Defendants did not have accurate or sufficient information concerning these representations and they failed to exercise reasonable care both in ascertaining the accuracy of the information contained in those representations and in communicating the information.

1367.  The aforementioned misrepresentations or omissions were made to the Ingesting

Plaintiffs, Decedents, and their physicians, and the medical community, all of whom justifiably and foreseeably relied on those representations or omissions. Ingesting Plaintiffs and Decedents would not have suffered injuries but for the above misrepresentations or omissions of Defendants. Thus, Defendants and Defendants' misrepresentations or omissions were a cause in fact and a proximate cause of Plaintiffs' damages.

1368. As a direct and proximate result of the wrongful acts of the Defendants, Ingesting Plaintiffs and Decedents developed severe side effects as described herein, and suffered irreparable bodily injury; suffered and will continue to suffer great pain of body and mind; suffered and will continue to suffer great embarrassment and humiliation; suffered and will continue to suffer permanent impairment to Ingesting Plaintiffs and Decedents' earnings capacity; incurred and will continue to incur expenses for medical treatment of Ingesting Plaintiffs and Decedents' injuries; suffered and will continue to suffer the loss of enjoyment of life and have been otherwise damaged to be further shown by evidence.

1369. By reason of the foregoing, Plaintiffs are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.


## EIGHTH CAUSE OF ACTION:
## FRAUDULENT CONCEALMENT

1370. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1371. At all times during the course of dealing between Defendants and Ingesting Plaintiffs and Decedents, and/or their healthcare providers, and/or the FDA, Defendants misrepresented the safety of Plavix for its intended use.

1372. Defendants knew or were reckless in not knowing that its representations were false.

1373.  In representations to Ingesting Plaintiffs and Decedents, and/or their healthcare providers, and/or the FDA, Defendants fraudulently concealed and intentionally omitted the following material information:

    a.  that Plavix was not safe;

    b.  that the risks of adverse events with Plavix were high;

    c.  that the risks of adverse events with Plavix were not adequately tested and/or known by Defendants;

    d.  that Defendants were aware of dangers in Plavix, in addition to and above and beyond those associated with alternative medications;

    e.  that Plavix was defective, and that it caused dangerous side effects;

    f.  that patients needed to be monitored more regularly than normal while using Plavix;

    g.  that Plavix was manufactured negligently;

    h.  that Plavix was manufactured defectively;

    i.  that Plavix was manufactured improperly;

    j.  that Plavix was designed negligently;

    k.  that Plavix was designed defectively; and

    l.  that Plavix was designed improperly.

1374.  Defendants were under a duty to disclose to Ingesting Plaintiffs and Decedents, and their physicians, hospitals, healthcare providers, and/or the FDA the defective nature of Plavix, including but not limited to the heightened risks of heart attacks, stroke, excessive bleeding and blood disorders and/or death.

1375.  Defendants had sole access to material facts concerning the defective nature of the

product and its propensity to cause serious and dangerous side effects, and hence, cause damage to persons who used Plavix, including Ingesting Plaintiffs and Decedents.

1376.   Defendants' concealment and omissions of material facts concerning, *inter alia,* the safety of Plavix was made purposefully, willfully, wantonly, and/or recklessly, to mislead Ingesting Plaintiffs and Decedents, and their physicians, hospitals and healthcare providers into reliance, continued use of Plavix, and actions thereon, and to cause them to purchase, prescribe and/or dispense Plavix and/or use the product.

1377.   Defendants knew that Ingesting Plaintiffs and Decedents, and their physicians, hospitals, healthcare providers, and/or the FDA had no way to determine the truth behind Defendants' concealment and omissions, and that these included material omissions of facts surrounding Plavix, as set forth herein.

1378.   Ingesting Plaintiffs and Decedents, as well as their doctors, healthcare providers, and/or hospitals reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by Defendants.

1379.   As a result of the foregoing acts and omissions, the Ingesting Plaintiffs and Decedents were and still are caused to suffer and/or is at a greatly increased risk of serious and dangerous side effects including, inter alia, heart attacks, strokes, excessive bleeding and blood disorders and/or sudden death, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life.

1380.   As a result of the foregoing acts and omissions, the Ingesting Plaintiffs and Decedents require and/or will require more health care and services and did incur medical, health, incidental and related expenses.   Ingesting Plaintiffs are informed and believe and further allege that Ingesting Plaintiffs will in the future be required to obtain further medical and/or hospital care,

attention, and services.

1381.   By reason of the foregoing, Plaintiffs are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## NINTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: NEGLIGENT MISREPRESENTATION

1382.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1383.   Defendants had a duty to represent to the medical and healthcare community, and to the Ingesting Plaintiffs and Decedents, the FDA and the public in general that said product, Plavix, had been tested and found to be a safe and effective form of therapy.

1384.   The representations made by Defendants were, in fact, false.

1385.   Defendants failed to exercise ordinary care in the representation of Plavix, while involved in its manufacture, sale, testing, quality assurance, quality control, and/or distribution of said product into interstate commerce in that Defendants negligently misrepresented Plavix's high risk of unreasonable, dangerous side effects.

1386.   Defendants breached their duty in representing Plavix's serious side effects to the medical and healthcare community, to the Ingesting Plaintiffs, Decedents, the FDA and the public in general.

1387.   As a result of the negligent misrepresentations of the Defendants set forth hereinabove, said Defendants knew and were aware or should have known that Plavix had been insufficiently tested, and/or had not been tested, that it lacked adequate and/or accurate warnings, and/or that it created a high risk and/or higher than acceptable risk, and/or higher than reported/represented risks, as well as unreasonable, dangerous side effects, including, inter alia

heart attacks, stroke excessive bleeding and blood disorders and/or sudden death, as well as other severe and personal injuries which are permanent and lasting in nature.

1388.   As a result of the foregoing acts and omissions the Ingesting Plaintiffs and Decedents require and/or will require more health care and services and did incur medical, health, incidental and related expenses.   Ingesting Plaintiffs are informed and believe and further allege that Ingesting Plaintiffs in the future be required to obtain further medical and/or hospital care, attention, and services.

1389.   By reason of the foregoing, Plaintiffs are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## TENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: FRAUD AND DECEIT

1390.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1391.   Defendants conducted research and used Plavix as part of their research.

1392.   As a result of Defendants' research and testing, or lack thereof, Defendants blatantly and intentionally distributed false information, including, but not limited to, assuring the public, Ingesting Plaintiffs, their doctors, hospitals, healthcare professionals, and/or the FDA that Plavix was safe and effective for use.

1393.   As a result of Defendants' research and testing, or lack thereof, Defendants intentionally omitted certain results of testing and research to the public, healthcare professionals, and/or the FDA, including Ingesting Plaintiffs.

1394.   Defendants had a duty when disseminating information to the public to disseminate truthful information and a parallel duty not to deceive the public and the Ingesting Plaintiffs and Decedents, as well as their respective healthcare providers and/or the FDA.

1395.   The information distributed to the public, the FDA, the Ingesting Plaintiffs and Decedents by Defendants, including, but not limited to, reports, press releases, advertising campaigns, television commercials, print ads, magazine ads, billboards, and all other commercial media contained material representations of fact and/or omissions.

1396.   The information distributed to the public, the FDA, Ingesting Plaintiff and Ingesting Plaintiffs' healthcare providers by Defendants intentionally included representations that Defendants' drug Plavix was safe and effective for use.

1397.   The information distributed to the public, the FDA, the Ingesting Plaintiffs and Decedents by Defendants intentionally included representations that Defendants' drug Plavix carried the same risks, hazards, and/or dangers as other alternative medications.

1398.   These representations were all false and misleading.

1399.   Upon information and belief, Defendants intentionally suppressed, ignored, and disregarded test results not favorable to the Defendants, and results that demonstrated that Plavix was not safe.

1400.   Defendants intentionally made material representations to the FDA and the public, including the medical profession, the Ingesting Plaintiffs and Decedents, regarding the safety of Plavix, specifically, but not limited to Plavix not having dangerous and serious health and/or safety concerns.

1401.   Defendants intentionally made material representations to the FDA and the public in general, including the medical profession, the Ingesting Plaintiffs and Decedents, regarding the safety of Plavix.

1402.   That it was the purpose of Defendants in making these representations to deceive and defraud the public, the FDA, and/or the Ingesting Plaintiffs and Decedents, to gain the confidence of the public, healthcare professionals, the FDA, and/or the Ingesting Plaintiffs and Decedents, to falsely ensure the quality and fitness for use of Plavix and induce the public, and/or the Ingesting Plaintiffs and Decedents to purchase, request, dispense, prescribe, recommend, and/or continue to use Plavix.

1403.   Defendants made the aforementioned false claims and false representations with the intent of convincing the public, healthcare professionals, the FDA, and/or the Ingesting Plaintiffs and Decedents that Plavix was fit and safe for use and did not pose risks, dangers, or hazards above and beyond those identified and/or associated with other alternative medications.

1404.   That Defendants made claims and representations in its documents submitted to the FDA, to the public, to healthcare professionals, the Ingesting Plaintiffs and Decedents that Plavix did not present serious health and/or safety risks.

1405.   That Defendants made claims and representations in its documents submitted to the FDA, to the public, to healthcare professionals, the Ingesting Plaintiffs and Decedents that Plavix did not present health and/or safety risks greater than alternative forms of medication.

1406.   That these representations and others made by Defendants were false when made, and/or were made with a pretense of actual knowledge when knowledge did not actually exist, and/or were made recklessly and without regard to the actual facts.

1407.  That these representations and others, made by Defendants, were made with the intention of deceiving and defrauding the Ingesting Plaintiffs and Decedents, including their respective healthcare professionals and/or the FDA, and were made in order to induce the Ingesting Plaintiffs, Decedents, and/or their respective healthcare professionals to rely upon misrepresentations and caused the Ingesting Plaintiffs and Decedents to purchase, use, rely on, request, dispense, recommend and/or prescribe Plavix.

1408.  That Defendants, recklessly and intentionally falsely represented the dangerous and serious health and/or safety concerns of Plavix to the public at large, the Ingesting Plaintiffs and Decedents in particular, for the purpose of influencing the marketing of a product known to be dangerous and defective and/or not as safe as other alternatives.

1409.  That Defendants willfully and intentionally failed to disclose the material facts regarding the dangerous and serious safety concerns of Plavix by concealing and suppressing material facts regarding the dangerous and serious health and/or safety concerns of Plavix.

1410.  That Defendants willfully and intentionally failed to disclose the truth, failed to disclose material facts and made false representations with the purpose and design of deceiving and lulling the Ingesting Plaintiffs and Decedents, as well as their respective healthcare professionals into a sense of security so that Ingesting Plaintiffs and Decedents would rely on the representations and purchase, use and rely on Plavix and/or that his/her respective healthcare providers would dispense, prescribe, and/or recommend the same.

1411.  Defendants, through their public relations efforts, which included but were not limited to the public statements and press releases, knew or should have known that the public, including the Ingesting Plaintiffs, Decedents, as well as their respective healthcare professionals would rely upon the information being disseminated.

1412.   Defendants utilized direct to consumer advertising to market, promote, and/or advertise Plavix.

1413.   That the Ingesting Plaintiffs, Decedents and/or their respective healthcare professionals did in fact rely on and believe Defendants' representations to be true at the time they were made and relied upon the representations and were thereby induced to purchase, use and rely on Defendants' drug Plavix.

1414.   That at the time the representations were made, the Ingesting Plaintiffs, Decedents, and/or their respective healthcare providers did not know the truth with regard to the dangerous and serious health and/or safety concerns of Plavix.

1415.   That the Ingesting Plaintiffs and Decedents did not discover the true facts with respect to the dangerous and serious health and/or safety concerns, and the false representations of Defendants, nor could the Ingesting Plaintiffs and Decedents with reasonable diligence have discovered the true facts.

1416.   That had the Ingesting Plaintiffs and Decedents known the true facts with respect to the dangerous and serious health and/or safety concerns of Plavix, Ingesting Plaintiffs and Decedents would not have purchased, used and/or relied on Defendants' drug Plavix.

1417.   That Defendants' aforementioned conduct constitutes fraud and deceit, and was committed and/or perpetrated willfully, wantonly and/or purposefully on the Ingesting Plaintiffs and Decedents.

1418.   As a result of the foregoing acts and omissions Ingesting Plaintiffs and Decedents were caused to suffer and/or are at greatly increased risk of serious and dangerous side effects including heart attacks, stroke, excessive bleeding and blood disorders and/or sudden death, as well as other severe and personal injuries which are permanent and lasting in nature, physical

pain and mental anguish, including diminished enjoyment of life, as well as the need for lifelong medical treatment, monitoring and/or medications, and fear of developing any of the above named health consequences.

1419.   As a result of the foregoing acts and omissions the Ingesting Plaintiffs and Decedents require and/or will require more health care and services and did incur medical, health, incidental and related expenses.   Ingesting Plaintiffs are informed and believe and further allege that Ingesting Plaintiffs will in the future be required to obtain further medical and/or hospital care, attention and services.

1420.   By reason of the foregoing, Plaintiffs are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## ELEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: CONSUMER FRAUD

1421.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1422.   Defendants acted, used and employed unconscionable commercial practices, deception, fraud, false pretenses, false promises and misrepresentations, and knowingly concealed, suppressed and omitted material facts with the intent that consumers, including Ingesting Plaintiffs and Decedents herein and their respective physicians and medical providers, rely upon such concealment, suppression and omission, in connection with the sale, advertisement and promotion of Plavix, in violation of all applicable state consumer fraud statutes, for the purpose of influencing and inducing physicians and medical providers to prescribe Plavix to patients/consumers such as the Ingesting Plaintiffs and Decedents herein. By reason of Defendants' unconscionable, deceptive and fraudulent acts and practices, and false

pretenses, false promises and misrepresentations, reasonable patients/consumers acting reasonably, such as the Ingesting Plaintiffs and Decedents herein, was caused to suffer ascertainable loss of money and property and actual damages.

1423.   Defendants engaged in consumer-oriented, commercial conduct by selling and advertising the subject product.

1424.   Defendants misrepresented and omitted material information regarding the subject product by failing to disclose known risks.

1425.   Defendants' misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and advertisement of the subject product.

1426.   Defendants engaged in the deceptive acts and practices alleged herein in order to sell the subject product to the public, including Ingesting Plaintiffs and Decedents herein.

1427.   As a direct and proximate result of Defendants' deceptive acts and practices alleged herein, Plaintiff has suffered damages, for which they are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorneys' fees.

1428.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the laws of the states Ingesting Plaintiffs and Decedents reside in and N.Y. Gen. Bus. Law §§349 *et seq.* and 350-e *et seq.*, when it failed to adequately warn consumers and the medical community of the safety risks associated with Plavix. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Ingesting Plaintiffs and Decedents suffered and will continue to suffer personal injury,

economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries.

1429.   The actions and failure to act of Defendants, including the false and misleading representations and omissions of material facts regarding the safety and potential risks of Plavix and the above described course of fraudulent conduct and fraudulent concealment constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, misrepresentations, and the knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment, suppression or omission of material facts in connection with the sale of merchandise of Defendants in violation of the consumer protection laws referenced above.

1430.   The medical community relied upon Defendant's misrepresentations and omissions in determining what time of therapy to prescribe.

1431.   By reason of the foregoing, Plaintiffs are entitled to recover damages from Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## TWELFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: PUNITIVE DAMAGES

1432.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1433.   At all times material hereto, Defendants knew or should have known that Plavix was inherently more dangerous with respect to the risk of heart attack, stroke, excessive bleeding and blood disorders and/or sudden death.

1434.   At all times material hereto, Defendants attempted to misrepresent and did misrepresent facts concerning the safety of the subject product.

1435.   Defendants' misrepresentations included knowingly withholding material information from the medical community and the public, including Ingesting Plaintiffs and Decedents herein, concerning the safety and efficacy of the subject product.

1436.   At all times material hereto, Defendants knew and recklessly disregarded the fact that Plavix was subject to an increased risk of heart attack, stroke, excessive bleeding and blood disorders and/or sudden death with far greater frequency than safer alternative medications.

1437.   Notwithstanding the foregoing, Defendants continued to aggressively market the subject product without disclosing the aforesaid side effects when there were safer alternative medications.

1438.   Defendants knew of the subject product's defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Ingesting Plaintiffs and Decedents herein, in conscious and/or negligent disregard of the foreseeable harm.

1439.   Defendants' intentional and/or reckless, fraudulent and malicious failure to disclose information deprived the Ingesting Plaintiffs and Decedents and their respective physicians of necessary information to enable them to weigh the true risks of using the subject product against its benefits.

1440.   As a direct and proximate result of Defendants' conscious and deliberate disregard for the rights and safety of consumers such as Ingesting Plaintiffs and Decedents, Ingesting Plaintiffs and Decedents suffered severe injuries as set forth above.

1441.   The aforesaid conduct of Defendants was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers, including Ingesting Plaintiffs and

Decedents herein, thereby entitling Ingesting Plaintiffs and Decedents to punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future.

1442.   Plaintiffs seek actual and punitive damages from the Defendants as alleged herein.


### THIRTEENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: LOSS OF CONSORTIUM

1443.   Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1444.   Spouse Plaintiffs were at all times relevant herein, the spouse of their respective Ingesting Plaintiffs and as such, lived and cohabited with Ingesting Plaintiff.

1445.   Administrators who are also the spouse of the Decedent, were at all times relevant herein, the spouse of their respective Decedents, and as such, lived and cohabited with Decedent.

1446.   By reason of the foregoing, Spouse Plaintiffs and Administrators have incurred significant expenses for medical care and will continue to be economically and emotionally harmed in the future.

1447.   By reason of the foregoing, Administrators and Spouse Plaintiffs have been deprived of the consortium, companionship, love, attention, and affection of their spouse, without any negligence by the Plaintiffs and as such, the Administrators and Spouse Plaintiffs have been caused great mental anguish.

1448.   By reason of the acts of the Defendants herein, Administrators and Spouse Plaintiffs incurred expenses and have suffered other economic losses, without any negligence by Plaintiffs.

1449.   By reason of the foregoing, Plaintiffs are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## FOURTEENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS: WRONGFUL DEATH

1450.  Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive as if fully set forth herein.

1451.  As a result of the acts and or omissions of Defendants as set forth herein, Decedents suffered serious emotional and bodily injuries resulting in death.

1452.  The wrongful deaths of Decedents were occasioned by reason of the aforementioned acts and or omissions of Defendants as set forth herein.

1453.  In addition, prior to death, Decedents experienced terror, fear of impending death, illness, physical and emotional pain and suffering as a result of the injuries suffered due to Defendants acts and or omissions as set forth herein.

1454.  Decedents left surviving Administrators who have suffered pecuniary injury and other injury as a result of Decedents death.

1455.  Decedents left surviving Administrators who have suffered loss of society, social, and familial obligations, and services and duties and other injuries as a result of Decedents' death.

1456.  Administrators are entitled to recover damages as Decedent would have if they were living as a result of the acts and or omissions of Defendants.

1457.  By reason of the foregoing, Defendants are therefore liable to Administrators for the Decedents' surviving cause of action for terror, fear of impending death, illness, physical and emotional pain and suffering caused by the illness and injuries Decedents' suffered.

1458.  By reason of the foregoing, Plaintiffs are entitled to recover damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants on each of the above-referenced claims and Causes of Action and as follows:

1.      Awarding compensatory damages to Plaintiffs for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by Ingesting Plaintiffs and Decedents, health care costs, medical monitoring, together with interest and costs as provided by law;

2.      Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to Plaintiffs in an amount sufficient to punish Defendants and deter future similar conduct;

3.      Awarding Plaintiffs reasonable attorneys' fees;

4.      Awarding Plaintiffs the costs of these proceedings; and

5.      Such other and further relief as this Court deems just and proper.


DATED:      New York, New York
            October 31, 2014


                              NAPOLI BERN RIPKA SHKOLNIK, LLP
                              *Attorneys for Plaintiffs*


                              _____
                              Shayna E. Sacks
                              350 Fifth Avenue, Suite 7413
                              New York, New York 10118
                              Telephone: (212) 267-3700
                              Facsimile: (212) 587-0031

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues.

_____

Shayna E. Sacks